IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER; THE BECKER TRUST DATED MARCH 25, 1991, | No. 2:10-cv-02799 LKK KJN PS |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., et al., | ORDER |
| Defendants. | |

On October 27, 2010 defendants Wells Fargo Bank, N.A., and Wachovia Mortgage Corporation filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), with a hearing date set for December 9, 2010. (Dkt. No. 11.) On November 4, 2010, plaintiff Dennly R. Becker, who is proceeding without counsel, filed a motion for leave to file a First Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d).[1] (Dkt. No. 13.) Plaintiff alleges that since the filing of

---

[1] Federal Rule of Civil Procedure 15(d) provides as follows:

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the

1

the original complaint on September 15, 2010, that there have been additional acts by defendants which give rise to additional claims. (Dkt. No. 13 at 3.) As a general rule, leave to file a supplemental pleading should be freely given, in the absence of any apparent dilatory motive or bad faith on the part of the movant. San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491 (E.D. Cal. 2006).

However, it appears that plaintiff is also seeking to amend his complaint to add additional causes of action. Federal Rule of Civil Procedure 15(a)(1)(B) states that a party may amend a pleading once as a matter of course within 21 days after service of a Rule 12(b) motion. Plaintiff's supplemental pleading was filed within that timeframe and the court finds that leave to amend should be given in this case.

The filing of an amended pleading, however, impacts defendants' motion to dismiss.[2] In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first supplemental complaint is DENIED. (Dkt. No. 13.) Plaintiff shall instead file a document entitled First Amended Complaint which will be the operative complaint in this action.[3] Plaintiff must file and serve his First Amended Complaint on or before December 10, 2010.

2. The hearing on defendants' motion to dismiss is hereby vacated. That motion is DENIED as moot, without prejudice. (Dkt. No. 11.) Defendants retain the right to

---

original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

[2] Even where a defendants' motion to dismiss is well taken, the court often, in an abundance of caution, grants a plaintiff one opportunity to amend his pleading.

[3] Plaintiff is also cautioned that pursuant to Local Rule 220, every pleading to which an amendment is permitted by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading, and that no pleading shall be deemed amended until this Rule has been complied with. Local Rule 220; Fed. R. Civ. P. 15.

1  timely file a subsequent motion to dismiss, if so desired.

2  **IT IS SO ORDERED.**

3  DATED: November 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE