IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER; THE BECKER TRUST DATED MARCH 25, 1991,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., INC.; WACHOVIA MORTGAGE CORPORATION; DOES 1-20,<br><br>Defendants.<br>_____/ | No. 2:10-cv-02799 LKK KJN PS<br><br><br><br><br><br><br><br>ORDER |

Currently before the court is plaintiff Dennly Becker's "Ex Parte Application For Order Continuing Hearings On Defendants' Motion To Dismiss Complaint And Motion To Strike Portions Of Complaint And On Plaintiff's Ex Parte Application Re Preliminary Injunction Order And For Approval of Lis Pendens" ("Plaintiff's Request").[1] (Pltf.'s Request, Dkt. No. 38.)

On January 13, 2011, defendants Wells Fargo Bank, N.A., and Wachovia

---

[1] Plaintiff's Ex Parte Application Re Preliminary Injunction Order And For Approval Of Lis Pendens (Dkt. No. 24) is also set to be heard on February 17, 2011, along with the defendants' motions to dismiss and strike. (Minute Order, Dkt. No. 37.)

1

...

1  Mortgage Corporation filed a motion to dismiss and a motion to strike plaintiff's First Amended
2  Complaint ("Defendants' Motions"). (Defendants' Motions, Dkt. Nos. 26-27.) The motions are
3  currently set to be heard on February 17, 2011. (Id.)[2] In a nutshell, Plaintiff, who is pro se and
4  proceeding without counsel, seeks to continue that hearing from February 17, 2011, to March 31,
5  2011, so that he has more time to prepare oppositions to Defendants' Motions.

6        Plaintiff filed his Request on January 28, 2011, six days before his February 3,
7  2011 deadline to file oppositions to the Defendants' Motions.[3] Plaintiff's Request purports to
8  seek a time extension under Eastern District Local Rule 144 (Pltf.'s Request at 1), but because
9  plaintiff asks for the February 17, 2011 hearing to be rescheduled entirely, the undersigned
10 construes Plaintiff's Request as seeking a continuance under Local Rule 230(f).[4]

11        A review of the court's docket confirms that the Defendants' Motions were filed
12 and served upon plaintiff in accordance with the Eastern District Local Rule 230(b), and that
13 plaintiff received proper notice of the February 17, 2011 hearing date. Defendants filed and
14 served the motions on January 13, 2011, and set them to be heard on February 17, 2011.
15 (Defendants' Motions, Dkt. Nos. 26 at 39 and 27 at 13 (appending proofs of service).) Thus,
16 plaintiff had more than the requisite 28 days' notice of the February 17, 2011 hearing—and had
17 notice of the commensurate need to begin preparing his oppositions. Local Rule 230(b).[5]

---

19  [2] Defendants also filed a request for judicial notice concurrently with their motions to dismiss and strike. (Dkt. No. 28.)

21  [3] February 3, 2011, is fourteen days before the hearing date of February 17, 2011. See Local Rule 230(b) (an "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.")

23  [4] Eastern District Local Rule 230(f) requires that continuances be requested at least seven days before the scheduled hearing date. Because Plaintiff's request was made 18 days before the hearing date of February 17, 2011, the request is timely.

25  [5] Plaintiff explains that his late start in preparing oppositions to defendants' pending motions is partially due to his focus on other briefing in this case, namely, his work responding to defendants' opposition to plaintiff's 1/03/11 filing entitled "Ex Parte Motion For: 1) Order To

2

1    Plaintiff explains that defendants' two motions include "more than 118 citations,"
2 and that "to file a meaningful opposition to the defendants' motions . . . the plaintiff believes he
3 must find, review, and understand the citations." (Pltf.'s Request, Dkt. No. 38 at 2.) Plaintiff
4 notes that he has become "painfully aware" that he will not have enough time to prepare a timely
5 opposition if the February 17, 2011 hearing date is kept on calendar. (Pltf.'s Request at 2.) To
6 give himself time to "absorb" the citations in defendants' motions, plaintiff requests that the
7 hearing on defendants' motions to dismiss and strike currently set for February 17, 2011, be
8 continued to March 31, 2011, giving plaintiff "about 50 days . . . to find, read, and understand the
9 1030 pages cited by defendants, do his own research, and write his opposition to defendant's
10 motions." (Pltf.'s Request, Dkt. No. 38 at 2-3.)

11    Plaintiff also indicates that he had met and conferred with defendants' counsel
12 regarding the continuance he now requests. (Pltf.'s Request at 3.) According to plaintiff,
13 defendants' counsel initially agreed to stipulate to a 14-day continuance, and subsequently agreed
14 to a 28-day continuance. (Id.) However, plaintiff maintained that he required "about 50 days"
15 for a "well reasoned opposition," so no stipulation was ultimately reached. (Id.)

16    The undersigned appreciates that parties representing themselves (also known as
17 "pro se" parties or parties "in propria persona") face difficulties, especially in researching,
18 drafting, and filing oppositions to multiple motions containing numerous legal arguments.

---

Show Cause Why Defendants Should Not Be Held In Contempt And Sanctioned, 2) Order for Rescission of NOS, 3) Order For Written Instructions Stopping Foreclosure, and 4) Court Approval of Lis Pendens." (Pltf.'s Request at 2, referencing Dkt. No. 24.) Plaintiff argues that his "clock to respond to the motions to dismiss and strike should not start until Saturday, January 22, 2011. (Id.) The undersigned directs plaintiff to Local Rule 230(c), which provides that oppositions must be filed and served "not less than fourteen (14) days preceding the noticed (or continued) hearing date" and does not provide for delaying the start to any "clock" governing oppositions. Fourteen days preceding a hearing date of February 17, 2011, is February 3, 2011, plain and simple. Local Rule 230(c); Fed. R. Civ. P. 6(a). Plaintiff also argues that he "would not have had to respond at all if defendants had not violated the court order." (Id.) The undersigned takes no position on this argument and does not attempt to discern whose "fault" it might be that plaintiff faces time pressure with respect to opposing defendants' motions to dismiss and strike.

1  Nonetheless, the Eastern District Local Rules are clear: "Any individual representing himself or
2  herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these
3  Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to
4  individuals appearing in propria persona."  Local Rule 183(a).  Given this Local Rule, the
5  undersigned is not inclined to continue a hearing for 50 days, especially where the motions to be
6  heard were properly noticed in accordance with Local Rule 230(b) as described above.

7  However, the undersigned appreciates the challenges plaintiff faces and plaintiff's
8  attempt to abide by the court's rules and seek a continuance.  Taking plaintiff at his word that
9  defense counsel was willing to stipulate to a 14-day continuance (and even, it seems, a 28-day
10  continuance) (Pltf.'s Request at 3), the undersigned will continue the hearing currently set for
11  February 17, 2011, to March 3, 2011, a continuance of 14 days.

12  In light of the foregoing, IT IS HEREBY ORDERED that:

13  1.  The hearing on defendants' motion to dismiss and motion to strike
14  (Defendants' Motions, Dkt. Nos. 26-27) and defendants' request for judicial notice (Dkt. No. 28)
15  currently set for February 17, 2011, at 10:00 a.m., is hereby vacated.

16  2.  The hearing on defendants' motion to dismiss and motion to strike
17  (Defendants' Motions, Dkt. Nos. 26-27) and request for judicial notice (Dkt. No. 28) is hereby
18  reset for March 3, 2011, at 10:00 a.m., in Courtroom 25.  Plaintiff's oppositions must be <u>filed by</u>
19  February 17, 2011.  Defendants' replies, if any, must be <u>filed by</u> February 24, 2011.

20  3.  The hearing on plaintiff's Ex Parte Application Re Preliminary Injunction
21  Order And For Approval of Lis Pendens (Dkt. No. 24) currently set for February 17, 2011, is
22  hereby vacated.
23  ////
24  ////
25  ////
26  ////

      4. The hearing on plaintiff's Ex Parte Application Re Preliminary Injunction Order And For Approval of Lis Pendens (Dkt. No. 24) is hereby reset for March 3, 2011, at 10:00 a.m., in Courtroom 25. Defendants' oppositions to this motion are already on file. (Dkt. No. 31.)

**IT IS SO ORDERED.**

DATED: February 2, 2011

                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE