IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER; THE BECKER TRUST DATED MARCH 25, 1991, | No. 2:10-cv-02799 LKK KJN PS |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., INC.; WACHOVIA MORTGAGE CORPORATION; DOES 1-20, | |
| Defendants. / | ORDER |

This order addresses plaintiff Dennly Becker's "Ex Parte Motion For: 1) Order To Show Cause Why Defendants Should Not Be Held In Contempt And Sanctioned, 2) Order For Rescission of NOS ("notice of sale"), 3) Order For Written Instructions Stopping Foreclosure, and 4) Court Approval Of Lis Pendens" (plaintiff's "Motion"). (Dkt. No. 24.)[1] Defendants

---

[1] This matter was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21). Judge Karlton also referred the Motion to the undersigned in an order dated January 21, 2011, because while plaintiff noticed the motion before the district judge, "[i]n light of defendants' opposition, the court finds that plaintiff's motion need not be immediately resolved." (Dkt. No. 34.) Therefore, while styled as an "Ex Parte Motion," the undersigned construed plaintiff's Motion as a typical motion not seeking extraordinary relief, and the Motion was heard on the regular law and motion calendar. The undersigned did not analyze plaintiff's Motion by

Wells Fargo Bank, N.A., and Wachovia Mortgage Corporation ("defendants") opposed the motion (Defendants' Opposition, ("Oppo."), Dkt. No. 31). Plaintiff[2] replied by filing a "response" in support of his motion. (Plaintiff's Reply ("Reply"), Dkt. No. 35.) Plaintiff also filed a request for judicial notice ("RJN") supporting his Motion. (Dkt. No. 36.)[3]

The court heard oral arguments on the Motion on March 3, 2011. Plaintiff, who is proceeding without counsel, appeared on his own behalf. Attorney Gene Wu appeared on behalf of defendants. During that hearing, the undersigned also heard oral arguments on several other motions[4] pending in this case.

The undersigned has considered the briefs, oral arguments, and the record in this case and, for the reasons that follow, orders that plaintiff's Motion is denied. For the reasons stated below, the undersigned denies plaintiff's request that defendants be sanctioned and held in contempt for violating the court's December 13th Order. The undersigned also denies plaintiff's requests for an Order of "Rescission of NOS" and an Order for "Written Instructions Stopping

---

applying the additional burdens required to justify ex parte relief (i.e., a showing of irreparable harm, etc.).

[2] The court treats Becker and the Becker Trust as a singular plaintiff because, as discussed in the court's order dated December 13, 2010 (Dkt. No. 21), Becker is the sole beneficiary of the Becker Trust.

[3] Plaintiff's RJN asks the undersigned to take judicial notice of a decision in Yulaeva v. Greenpoint Mortgage Funding, No. 09-1504, 24-25, 2009 WL 2880393, at *19-23 (E.D. Cal. Sept. 3, 2009). The court may take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. E.g., Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988). The undersigned will therefore take judicial notice of the Yulaeva decision plaintiff attached to his RJN; however the undersigned does not rely upon the contents of that decision in addressing plaintiff's Motion, as the excerpted portion of the decision does not appear to bear on the issues of sanctions, contempt, lis pendens, or any other pending issue.

[4] Also pending before the court are defendants' jointly-filed Motion to Dismiss plaintiff's pleading pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 26), defendants' jointly-filed Motion to Strike plaintiff's pleading (Dkt. No. 27), and defendants' jointly-filed Request for Judicial Notice (Dkt. No. 28). Defendants' motions target plaintiff's First Amended Complaint. (FAC, Dkt. No. 19.) Plaintiff opposed these motions. (Dkt. Nos. 41-42.) Plaintiff also filed his own Request for Judicial Notice. (Dkt. No. 43.) These pending motions are addressed in a separate order.

Foreclosure," as plaintiff has conceded that these two requests were rendered moot by defendants' opposition (Dk. No. 31) and the declarations attached thereto. Further, plaintiff has indicated that he is willing to wait until the complaint surpasses the pleading stage before seeking to record any lis pendens. Therefore plaintiff's request that the undersigned approve his nine lis pendens is denied, without prejudice to later refiling.

I. BACKGROUND

Plaintiff has alleged various claims against defendants in connection with plaintiff's mortgage loans, potential modification of those loans, representations made during the modification application process, and defendants' steps to foreclose upon three of plaintiff's properties. (FAC, Dkt. No. 19.)

The relevant procedural history is as follows. On November 29, 2010, plaintiff filed his verified FAC. (Dkt. No. 19.) On November 12, 2010, plaintiff filed a motion for a preliminary injunction. (Dkt. No. 14.) Plaintiff sought to enjoin foreclosure sales of three properties, which plaintiff represented were scheduled to occur on December 23, 2010. The three properties were located at 865 Shelborne Drive, Tracy, CA ("Shelborne property"), 2416 Third Street, Lincoln, CA ("Third Street property"), and 1896 Larkflower Way, Lincoln, CA ("Larkflower property").

On December 13, 2010, Senior Judge Lawrence K. Karlton granted plaintiff's motion for a preliminary injunction (the "December 13th Order"). (December 13th Order, Dkt. No. 21.) The December 13th Order enjoined the foreclosure sales of the three properties described in plaintiff's motion for a preliminary injunction. (Id.) On January 3, 2011, plaintiff filed the pending Motion. (Motion, Dkt. No. 24.)[5] On January 21, 2011, Judge Karlton referred

---

[5] Defendants' attorneys have been sanctioned for failure to timely comply with the court's orders. The court's December 13th Order required defendants' counsel to show cause why sanctions should not be imposed for failure to file a timely opposition to plaintiff's motion for a preliminary injunction. (December 13th Order, Dkt. No. 21.) On January 10, 2011, Judge Karlton issued an Order (the "January 10th Order") sanctioning defendants' counsel for failure to

plaintiff's pending Motion (Dkt. No. 24) to the undersigned. (Dkt. No. 34)

Plaintiff's pending Motion was prompted by Cal-Western Reconveyance Corporation's recording of a notice of trustee sale ("Notice of Sale" or "NOS") for the Third Street property—one of the three properties embraced by the December 13th Order—on December 29, 2010. (Motion at 1.) Plaintiff declares that the trustee's sale was scheduled for January 19, 2011. (Plaintiff's Declaration, Dkt. No. 24 at 2.) According to plaintiff, the December 13th Order enjoined foreclosure sale of plaintiff's Shelborne, Larkflower, and Third Street properties and in violation of that order, defendants' trustee recorded a NOS for the Third Street property 16 days after that order was issued. (Motion at 4, 12.) Plaintiff's Motion therefore requests "(1) [an] order to show cause why defendants should not be held in contempt and sanctioned, (2) [an] order for rescission of [the notice of trustee sale on the Third Street property], (3) order for written instructions stopping foreclosure, and (4) court approval[6] of lis pendens."

Defendants do not dispute that Cal-Western Reconveyance Corporation ("Cal-Western") improperly recorded a NOS upon the Third Street property, but contend that because no trustee's sale has actually "taken place," the December 13th Order was never violated. (Oppo. at 2.) Defendants explain that immediately after issuance of the Preliminary Injunction, they notified LPS Default Solutions, Inc. ("LPS"), the agent for the trustee Cal-Western, to cease all foreclosure activity as to plaintiff's properties. (Id.; Declaration of Michael Barnas, Vice-

---

respond to the December 13, 2011 show cause order and timely oppose plaintiff's motion for a preliminary injunction. (Dkt. No. 25.) The January 10th Order also included another show cause order regarding defendants' failure to file an opposition to plaintiff's motion for preliminary injunction. (Id. at 3.) On January 21, 2011, Judge Karlton issued another order (the "January 21st Order") sanctioning defendants' counsel for failure to timely respond to the December 13th Order. (Dkt. No. 33.) Sanctions against defendants' attorneys are not at issue in this order and are included for background only.

[6] Plaintiff requests the court's approval of lis pendens "to help ensure the defendants do not inadvertently proceed with a Trustee Sale of plaintiff's properties. . . ." (Motion at 4.)

4

1  President of Loan Documentation for Wachovia, ¶ 3 and Exh. A thereto.)  The written
2  instructions to LPS stated: "Preliminary Injunction was granted.  Please place file on hold.  (Id.)
3  Defendants explain that LPS acknowledged the written instructions to place all foreclosure
4  activity on hold.  (Id.)  According to defendants, LPS normally communicates this sort of "hold"
5  information to counsel for Cal-Western via "intercom message," but in this instance, the typical
6  communication from LPS to Cal-Western did not occur.  (Id.)  Defendants argue that this was the
7  result of mere oversight on the part of LPS, and note that defendants themselves did not play a
8  role in the communication breakdown.  (Id. at 2-3.)  Ultimately, LPS's failure to make its typical
9  communication to Cal-Western resulted in the posting and recording of the Third Street NOS.
10 (Id.)

11         Defendants acknowledge that the recordation of the Third Street NOS was
12 improper and done by mistake.  (Id.)  Defendants also argue, however, that sanctions and
13 contempt are inappropriate because since learning of the NOS, they have "taken every measure to
14 ensure that no foreclosure will take place."  (Id.)  Specifically, defendants "took immediate action
15 by contacting Cal-Western and request[ing] written reassurance that all foreclosure activity
16 would be terminated."  (Id. at 3.)  Further, Cal-Western "caused to be recorded a Notice of
17 Withdrawal of Notice of Trustee's Sale."  (Id. at 3; Declaration of Pamela Campbell, Assistant
18 Vice President for Cal-Western, ¶ 6 and Exh. B thereto).)

19         Defendants argue that plaintiff's request for an "Order of Rescission" and an order
20 for "Written Instructions Stopping Foreclosure" are unnecessary given the declarations filed with
21 defendants' opposition.  Those declarations confirm that the Third Street NOS has been
22 withdrawn and the foreclosure process halted.  (Id. at 4.)  As to plaintiff's request for approval of
23 lis pendens, defendants argue that the court should not give its approval because plaintiff's
24 claims are insufficiently pleaded.  (Oppo. at 4-5.)

25         In his Reply, plaintiff does not dispute defendants' representations that the Third
26 Street NOS was withdrawn and that the foreclosure process was ultimately halted in accordance

with the December 13th Order. (Reply at 2-3.) Indeed, because the NOS was withdrawn, plaintiff agrees with defendants that his Motion's second and third requests (for an "Order of Rescission" of the NOS and for "Written Instructions Stopping the Foreclosure") are no longer necessary. (Id. at 3.) Plaintiff's primary contention on Reply is that defendants should be sanctioned for not taking a more active role in assuring its agents' compliance with the court's December 13th Order. (Reply at 3.) Plaintiff argues that defendants' "inadequate email" is "what caused Cal-Western to proceed with the foreclosure process in violation of the court order." (Id.)

III. DISCUSSION

A. Plaintiff's Request that Defendants be Sanctioned[7] and Held in Contempt

This particular dispute centers on numerous communications between plaintiff and defendant and plaintiff's allegations of fraudulent representations by defendants throughout those communications. Given this context, and the recent violation of the December 13th Order with respect to the Third Street NOS, plaintiff clearly distrusts defendants and is understandably frustrated at their violation of the court's order. However, such distrust and frustration does not necessarily translate into sufficient grounds for sanctions or contempt.

Courts "may" impose sanctions for "failure of . . .a party to comply with . . . any order of the Court . . . ." Fed. R. Civ. P. 11(c); E.D. Cal. L.R. 110. "'A court has the inherent power to sanction a party or its lawyers if it acts in "willful disobedience of a court order." Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing cases); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). "Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which

---

[7] As noted above, defendants' attorneys have already been sanctioned for the failure to follow the court's orders. (Dkt. Nos. 25, 33.) Because Judge Karlton has already addressed this element of plaintiff's request, the undersigned will not sanction defendants' attorneys further. This order addresses plaintiff's request that the defendants themselves be sanctioned and held in contempt.

6

applies to signed writings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power." Fink, 239 F.3d at 991-93. The undersigned construes plaintiff's pending request for sanctions as a request that the court exercise its inherent power.

The Supreme Court in Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980), delivered the definitive summary of the bases on which a federal court may levy sanctions under its inherent power. The Court reiterated the federal courts' inherent power to levy sanctions, including attorneys' fees, for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Id. at 766 (internal quotation marks and citations omitted); accord Fink, 239 F.3d at 991-93. "A specific finding of bad faith ... must 'precede any sanction under the court's inherent powers.'" Fink, 239 F.3d at 991-93 (quoting Roadway Express, 447 U.S. at 767). The district court may not sanction mere "inadvertent" conduct, "oversight," or "ordinary negligence." Fink, 239 F.3d at 991-93 (citing Zambrano v. City of Tustin, 885 F.2d 1473 (9th Cir. 1989).)

Plaintiff argues that defendants should be sanctioned and held in civil contempt because defendants made only a "passive" attempt to comply with the court's order. (Dkt. No. 35 at 2-3.) As described above, defendants argue that the Third Street NOS was recorded through no fault of theirs: it was defendants' agents, LPS and Cal-Western, that failed to properly communicate regarding defendants' instructions to halt foreclosure pursuant to court order. (Oppo. at 2-3.) Defendants also point to their efforts to promptly correct their agents' mistake: "[u]pon being informed of the posting of the NOS, Wachovia took immediate action by contacting Cal-Western and requested written reassurance that all foreclosure activity would be terminated." (Dkt. No. 31 at 3.) Also according to defendants, corporate counsel for Cal-Western provided written reassurance to defendants that the NOS was withdrawn, and defendants forwarded that written reassurance to plaintiff. (Id.)

Given these particular facts, the undersigned denies plaintiff's request that

7

defendants be sanctioned for violating a court order. While the court's December 13th Order was violated when the Third Street NOS was posted and recorded, whether to order sanctions for such violation is within the discretion of the court.

Defendants' opposition and declarations filed therewith indicate that the violation of the December 13th Order was the result of an inadvertent oversight rather than bad faith. While plaintiff is correct that defendants left compliance with the court's order largely (and perhaps passively) in the hands of their agents, this does not necessarily indicate willful disobedience or bad faith, especially given the fact that the violation of the court's order was unintentional and quickly corrected. See Fink, 239 F.3d at 991-93. Accordingly, the undersigned declines to impose sanctions upon defendants.

As to plaintiff's request that defendants be held in contempt for violation of a court order, that request is also denied. Having considered the briefs, oral arguments, and the record, the undersigned concludes that defendants took all "reasonable steps" within their power to comply with the order and ultimately "substantially complied" with it such that civil contempt is unwarranted. See In re Dual-Deck Video Cassette Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993) (holding that the defendant failed to prove by clear and convincing evidence that under a good faith, reasonable interpretation of the order, the plaintiff did not "substantially comply" with the order proscribing the use of discovery in prior action.) In Dual-Deck, the court clarified that "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." Id. (internal quotation marks and citations omitted).

While the December 13th Order was violated when the Third Street NOS was posted and recorded, based on declarations filed with Defendants' opposition the undersigned cannot conclude that defendants' efforts to comply with the court's order were unreasonable. Indeed, defendants' declarations indicate that defendants made "every reasonable effort" to comply with the court order and took steps to promptly correct the oversight that led to the

8

violation in the first place. (Oppo. at 3; Reply at 1.) While defendants could presumably have taken a more active role to ensure compliance with the December 13th Order—and are strongly cautioned to do so in the future—nothing suggests that they willfully violated that order or acted in bad faith. Accordingly, the undersigned declines to hold defendants in contempt.

Finally, while plaintiff suggests defendants' violation of the December 13th Order damaged his reputation and caused him emotional distress, plaintiff has not convincingly demonstrated either of these assertions,[8] and moreover, the pending Motion is not the proper vehicle for making such claims. If plaintiff believes he has actual claims for emotional distress or defamation arising from defendants' violation of the court order, plaintiff should file a motion for leave to amend his complaint to add such claims.[9]

> B. Plaintiff's Request for an Order for Rescission of the Third Street NOS and Order for Written Instructions Stopping Foreclosure Sale

Plaintiff's Motion seeks an "Order for Rescission" of the Third Street NOS, and for "Written Instructions Stopping Foreclosure Sale." (Motion at 2-3.) However, as described above, a Notice of Withdrawal of Notice of Trustee's Sale was recorded on January 14, 2011. (Oppo. at 4, Campbell Decl. ¶ 6, Exh. B; Barnas Decl. ¶ 5.) Plaintiff himself has confirmed that the Notice of Withdrawal was recorded. (Reply at 1, 3.)

The requested "Rescission" and "Written Instructions" are no longer necessary. Indeed, according to plaintiff, because the NOS has been withdrawn these two issues "require no

---

[8] For instance, plaintiff argues that the "defendants' actions have also damaged my reputation. Instead of celebrating the New Year holiday with family and friends as planned, I had to cancel all plans so I could respond to the defendants' outrageous actions." (Dkt. No. 24 at 5-6.)

[9] The undersigned cautions plaintiff that while a separate order gives him leave to amend certain claims within his pleading, plaintiff *does not* currently have leave to add claims for emotional distress or defamation arising from defendants' violation of a court order. If plaintiff wishes to pursue either such claim, plaintiff must comply with the Federal Rules of Civil Procedure and Eastern District Local Rules regarding requesting leave of court to amend a pleading. (E.g., Fed. R. Civ. P. 15; E.D. Cal. L.R. 220.)

9

further discussion." (Reply at 1.) Because plaintiff agrees with defendant that "further order of the court regarding foreclosure sales is unnecessary," (Reply at 3), plaintiff's requests for "Rescission of the 3rd Street NOS" and "Written Instructions Stopping Foreclosure Sale" are denied as moot.

    C.  Plaintiff's Request for Approval of Lis Pendens

    For actions involving a "real property claim," California Code of Civil Procedure Sections 405.4 and 405.21 require that an attorney or judge "approve a notice of pendency of action" as a prerequisite to recording any lis pendens. Because plaintiff is proceeding without counsel, he properly seeks the undersigned's approval of his proposed lis pendens.

    Defendants argue that, at most, plaintiff is entitled to judicial approval of three lis pendens for the properties at the center of his pleading (the Third Street, Larkflower, and Shelborne properties) rather than the nine properties at the periphery of the FAC. (Oppo. at 4-6.) The parties' pleadings also raise contentions regarding the sufficiency of plaintiff's real property claims as pleaded.

    However, the appropriate inquiry with respect to "approval" of a lis pendens does not necessarily involve an examination of whether the claim would withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Upon a request to "approve" lis pendens," the only tasks before the court are to "confirm that an action containing a real property claim...is pending, and to approve a lis pendens proper in form if such a claim is pending." Cal. Code Civ. Proc. § 405.22, Code Comment 2. Moreover, the only law and motion vehicle that permits defendants to challenge the propriety of lis pendens is a "motion to expunge," which can only be filed after lis pendens are recorded. (Cal. Code Civ. Proc. §§ 405.30-32.) The California Code of Civil Procedure does not appear to contain a mechanism for defendants to "oppose" a pro se plaintiff's request for approval of lis pendens; in other words, there is no mechanism that permits defendants to seek to "expunge" a lis pendens on the front end.

1    Regardless, the undersigned need not resolve these disputes at this time. During the hearing on the Motion, plaintiff expressed a willingness to permit the case to progress through the pleading stage and become "at issue" before seeking to record any lis pendens. Because a separate order gives plaintiff leave to amend several of his claims, plaintiff's complaint is not yet "at issue." Accordingly, based on plaintiff's statements during the hearing, plaintiff's request for approval of lis pendens is denied without prejudice at this time. Plaintiff is free to refile a request for approval of lis pendens after his complaint surpasses the pleading stage. Notwithstanding the foregoing, plaintiff may refile his request before that time if he perceives a need to do so.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's "Ex Parte Motion For: 1) Order To Show Cause Why Defendants Should Not Be Held In Contempt And Sanctioned, 2) Order For Rescission of NOS, 3) Order For Written Instructions Stopping Foreclosure, and 4) Court Approval Of Lis Pendens" (Dkt. No. 24) is denied.

2. Based on plaintiff's statements at the March 3, 2011 hearing, plaintiff's request for approval of lis pendens is denied without prejudice to refiling.

**IT IS SO ORDERED.**

DATED: March 16, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE