UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, THE
BECKER TRUST DATED
MARCH 25, 1991,

        Plaintiffs,

   v.

WELLS FARGO BANK, N.A.,
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,

        Defendants.
_____/

NO. CIV. S-10-2799 LKK/KJN

O R D E R

Plaintiff, who is proceeding pro se, has filed this suit concerning several mortgages on different properties. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L.R. 302(c)(21).

On March 21, 2011, the Magistrate Judge filed an order and findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff filed timely objections to the findings and

1

recommendations. He also disputed aspects of the Magistrate Judge's order. In the interests of justice, this court construed his "objections" to the order as a motion for reconsideration of the order.

Having carefully reviewed the entire file, the court adopts the findings and recommendations in full. The court also grants in part and denies in part plaintiff's motion for reconsideration.

**A.   Motion for Reconsideration**

Plaintiff's motion for reconsideration of the Magistrate Judge's order is denied for the reasons stated in the order, except as discussed herein. The Magistrate Judge granted plaintiff leave to file a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2600 et seq. However, he limited this leave to be premised only upon facts that Becker has already pled. Plaintiff seeks reconsideration of this limitation. The court finds that plaintiff shall be permitted to allege new facts in support of this claim. Thus, plaintiff's motion for reconsideration is granted only insofar as the Magistrate Judge's order limited the facts Becker could allege in his RESPA claim.

**B.   Findings and Recommendations**

The court finds that the findings and recommendations are supported by the record and by the Magistrate Judge's analysis. Nonetheless, the determines that it is appropriate to address an issue raised in plaintiff's objections and to clarify a standard.

**1.   Preemption Under HOLA**

Plaintiff seeks leave to amend several of his claims to

2

include allegations that defendants are not the holders of his notes. Ostensibly, plaintiff intends to argue, under various legal theories, that defendants have no right to foreclose upon him because they do not own his loans, but that rather other, unidentified entities own the loans. The court finds that the Magistrate Judge's denial of this request was appropriate because any claims premised upon such allegations are preempted by the Home Owner's Loan Act ("HOLA").

HOLA expressly preempts claims based on the "processing, origination, servicing, *sale or purchase of*, or investment or participation in, mortgages." 12 C.F.R. § 560.2 (b)(10) (emphasis added). A state law that applies generally must be preempted by HOLA if, as applied, it falls under § 560.2(b). Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008); see also DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1124-26 (N.D. Cal. 2010) (detailed discussion and analysis of preemption under HOLA). Here, plaintiff seeks to add allegations that his mortgages were somehow transferred to or acquired by unknown entities. HOLA, however, expressly preempts claims based upon the sale or purchase of mortgages. 12 C.F.R. § 560.2(b)(10); see also Jarbo v. BAC Home Loan Servicing, No. 10-12632, 2010 WL 5173825, at *5 (E.D. Mich. Dec. 15, 2010) (concluding that claims resting upon alleged flaws in the "sale, transfer, acquisition, and/or investment in Plaintiff's mortgages" are specifically preempted by Section 560.2(b)(10)). Consequently, claims premised on allegations that an entity foreclosed upon a loan that was assigned to another party

or for which that entity possessed no ownership interest at the time of foreclosure are preempted.[1] Thus, the court adopts the findings and recommendations insofar as they deny plaintiff leave to amend to include these allegations because such amendment would be futile.

### 2. Lender's Duty of Care

In his order, the Magistrate Judge dismissed plaintiff's negligence claims, but granted him leave to file amended claims premised upon "a duty that may have been triggered based upon defendants' . . . actions or representations during the loan modification application process." Findings and Recommendations at 38. While the Magistrate Judge made no error in his description of the standard by which a lender may owe a borrower a duty of care, the court nonetheless finds it appropriate to provide additional discussion concerning this test.

California courts have stated that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). Applying this rule, the court in Nymark granted summary judgment to defendant on a claim that the defendant lender

---

[1] The court notes that in a related, yet distinct contention as to whether a party need demonstrate actual possession of the underlying note to foreclose, courts in this district have "unanimously concluded that in a non-judicial foreclosure," actual possession is not required. See, e.g., Champlaie v. BAC Home Loans Servicing, 706 F. Supp. 2d 1029, 1045, 1048-49 (E.D. Cal. 2009).

4

had acted negligently in appraising the borrower's collateral to determine if it is adequate security for a loan refinancing the borrower's mortgage, as the court concluded as a matter of law that no duty of care existed with respect to the appraisal. Id. at 1096. See also Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980) (a lender has no duty to ensure that borrower will use borrowed money wisely).

The court understands Nymark to be limited in two ways. First, a lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender. The Nymark court noted that the "complaint does not allege, nor does anything in the summary judgment papers indicate, that the appraisal was intended to induce plaintiff to enter into the loan transaction or to assure him that his collateral was sound."[2] Id. at 1096-97. Nymark thereby implied that had such an intent been present, the lender may have had a duty to

---

[2] The court notes that in Nymark, the loan was being taken to refinance a mortgage. In this scenario, a borrower may have less need to know the value of the property. The home has already been bought, and if the lender attempts to enforce the security through a non-judicial foreclosure, the lender may not seek a deficiency judgment against the borrower. Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1236 (1995) (citing Roseleaf Corp. v. Chierighino, 59 Cal. 2d 35, 43-44 (1963)). Even in this situation, however, the borrower has an interest in the value of the home, at least because the lender may seek a deficiency judgment after a judicial foreclosure. Id.
    In the context of a purchase money loan, the borrower has a much clearer interest in the appraisal, and the instant court doubts that Nymark could be extended to such a case. In this case, however, there is no dispute regarding the accuracy of the appraisal. The court instead discusses Nymark for its general holdings.

5

exercise due care in preparing the appraisal. See also Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.").

Second, even when a lender's acts are confined to their traditional scope, Nymark announced only a "general" rule. Rather than conclude that no duty existed per se, the Nymark court determined whether a duty existed on the facts of that case by applying the six-factor test established by the California Supreme Court in Biakanja v. Irving 49 Cal. 2d 647 (1958). Nymark, 231 Cal. App. 3d at 1098; see also Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1197 (9th Cir. 2001). This test balances six non-exhaustive factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Roe, 273 F.3d at 1197 (quoting Biakanja, 49 Cal. 2d at 650) (modification in Roe). Although Biakanja stated that this test determines "whether in a specific case the defendant will be held liable to a third person not in privity" with the defendant, 49 Cal. 2d. at 650, Nymark held that this test also determines "whether a financial institution owes a duty of care to a borrower-client," 231 Cal. App. 3d at 1098. Applying these factors

6

to the specific facts in that case, the <u>Nymark</u> court assumed that plaintiff suffered injury, but held that the remaining factors all indicated against finding a duty of care. <u>Id.</u> at 1098-1100.

In <u>Roe</u>, the Ninth Circuit noted that the California Supreme Court "arguably limited" <u>Biakanja</u> in <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, (1992), which held a court must consider three additional factors before imposing a duty of care. <u>Roe</u>, 273 F.3d at 1198. <u>Roe</u> summarized these factors as "(1) liability may in particular cases be out of proportion to fault; (2) parties should be encouraged to rely on their own ability to protect themselves through their own prudence, diligence and contracting power; and (3) the potential adverse impact on the class of defendants upon whom the duty is imposed." <u>Id.</u> (citing <u>Bily</u>, 3 Cal. 4th at 399-405). <u>Bily</u> was decided before <u>Nymark</u>, but not discussed therein.

**C. Conclusion**

For the reasons discussed in the findings and recommendations and the reasons discussed herein, the court ORDERS as follows:

(1) The Magistrate Judge's March 22, 2011 Findings and Recommendations (Doc. No. 49) are ADOPTED IN FULL.

(2) Plaintiff's request for reconsideration is GRANTED IN PART and DENIED IN PART. Specifically, plaintiff is granted leave to add new facts in support of his RESPA claim. The request for reconsideration is OTHERWISE DENIED.

(3) Plaintiff shall file an amended pleading entitled "Second Amended Complaint" within thirty (30) days of

7

being served with this order.

IT IS SO ORDERED.

DATED: August 1, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT