IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER; THE BECKER
TRUST DATED MARCH 25, 1991,

     Plaintiffs,                        No. 2:10-cv-02799 LKK KJN PS

     v.

WELLS FARGO BANK, N.A., INC.; et al.

     Defendants.                    <u>ORDER</u>
_____/

     Dennly Becker ("Becker") and the Becker Trust Dated March 25, 1991 ("Becker Trust") (collectively, "plaintiff"[1]), proceeding without counsel in this action[2], filed an Ex Parte Motion For Leave To File Amended Complaint on August 29, 2011.  (Dkt. No. 61)

     Plaintiff's ex parte motion (Dkt. No. 61) is denied without prejudice.  The ex parte motion does not comply with the court's Local Rules.  Local Rule 144(e) provides: "Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a

---

[1]  The undersigned treats Becker and the Becker Trust as a singular plaintiff because, as discussed in the court's order dated December 13, 2010 (Dkt. No. 21), Becker is the sole beneficiary of the Becker Trust.

[2]  This matter was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).

1

satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Plaintiff's ex parte motion does not contain an explanation, let alone a "satisfactory explanation," for plaintiff's failure to obtain a stipulation from defendant regarding a need to resolve plaintiff's motion on anything other than the standard notice period stated in the Local Rules governing typical law and motion matters. Local Rule 230(b). The undersigned cannot ascertain from plaintiff's motion whether plaintiff even attempted to obtain a stipulation from defendant.

No trial dates or related deadlines have yet been set in this matter. Accordingly, there is no time constraint which would dictate having plaintiff's motion heard on shortened time. Moreover, the court's electronic docket reflects that plaintiff has since filed a Motion To Amend Complaint (Dkt. No. 62), which is substantially similar to plaintiff's ex parte motion but is set to be heard in accordance with the notice period stated in the Local Rules governing typical law and motion matters. Local Rule 230(b).

For all these reasons, plaintiff's ex parte motion (Dkt. No. 61) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: September 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2