Christopher A. Carr (#44444)
  ccarr@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
Tel: (626) 535-1900; Fax: (626) 577-7764

Attorneys for Defendants
Wells Fargo Bank, N.A. and
Wachovia Mortgage Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| DENNLY R. BECKER; THE BECKER TRUST DATED MARCH 25, 1991,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., INC.; WACHOVIA MORTGAGE CORPORATION; DOES 1-20,<br><br>Defendants. | Case No. 2:10-cv-02799-LKK-KJN PS<br><br>**(PROPOSED)** **ORDER REGARDING SECOND AMENDED COMPLAINT** |

Upon reading and filing the stipulation filed by the parties concerning the filing of a Second Amended Complaint, and good cause appearing,

IT IS ORDERED:

1. The document entitled Second Amended Complaint filed by plaintiff on August 29, 2011 (Docket #60) is stricken from the file.

2. Plaintiff is given leave to and including September 12, 2011 to file a new Second Amended Complaint;

    a.    *The Second Amended Complaint must comply with Judge Karlton's Order of August 1, 2011 (Dkt. No. 58) and the Findings and Recommendations (Dkt. No. 49) adopted in full therein. Any nonconforming portion(s) of the Second*

*Amended Complaint may be subject to a Motion to Strike and/or may be stricken sua sponte. If plaintiff files a Second Amended Complaint that does not substantially comply with the applicable Order (Dkt. No. 58) and Findings and Recommendations (Dkt. No. 49) adopted in full therein, plaintiff may be subject to sanctions, including the potential dismissal of his case, for failure to comply with order(s) of the court[1].*

3. Defendants have to and including October 3, 2011 to file a pleading responding to any Second Amended Complaint.

DATED: September 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the following document(s):

**(PROPOSED) ORDER REGARDING SECOND AMENDED COMPLAINT**

on all interested parties in said case as follows:

Mr. Dennly Becker
5462 Betty Circle
Livermore, CA 94550

☒ **BY OVERNIGHT MAIL SERVICE**: I am readily familiar with the firm's practice of collection and processing correspondence by overnight mail. Under that same practice it would be deposited with Overnight Express on that same day with charges made to our account with that firm at Pasadena, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on September 6, 2011.

| Christine Daniel | /s/ Christine Daniel |
|---|---|
| (Print or Type Name) | (Signature of Declarant) |