UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, THE
BECKER TRUST DATED
MARCH 25, 1991,

                                NO. CIV. S-10-2799 LKK/KJN

    Plaintiffs,

    v.

                               O R D E R

WELLS FARGO BANK, N.A.,
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,

    Defendants.
_____/

**I.  INTRODUCTION**

On November 12, 2010, plaintiff Dennly R. Becker filed a motion for a preliminary injunction. Defendants failed to file a timely response to the motion. Accordingly, on December 14, 2010, the court issued an Order To Show Cause why defendants' counsel should not be fined $150. Defendants' counsel never responded to the Order To Show Cause, and on January 11, 2011, the court sanctioned defendants' counsel $150.

Also on January 11, 2011, the court issued a further Order To

1

1  Show Cause why defendants' counsel should not be fined $1,000 or
2  suffer a judgment for plaintiff, as a sanction for failing to
3  respond to the December 14, 2010 Order To Show Cause. Defendants'
4  counsel timely responded, and on January 21, 2011, the court
5  sanctioned defendants' counsel in the reduced amount of $350.
6      On August 25, 2011, plaintiff filed a motion for
7  reconsideration of a prior order of this court. Defendants failed
8  to file a timely response. Accordingly, on October 4, 2011, the
9  court issued an Order To Show Cause why defendants' counsel should
10 not be fined $1,000 or suffer a judgment for plaintiff.
11 Defendants' counsel timely responded with a sworn declaration.

12 **II.  DISCUSSION**

13     Defendants' counsel argues against sanctions on the grounds
14 that (i) the pro se plaintiff's filings confused him, citing court
15 docket entries from January 13, 2011 to September 12, 2011; (ii) by
16 September 12, 2011, the reconsideration motion had become moot;
17 (iii) the reconsideration motion should be taken off calendar
18 because of a subsequent motion filed by plaintiff; and
19 (iv) sanctions would be unfair because defendants' counsel has
20 "tried to work in good faith with Mr. Becker to get the pleadings
21 straightened out."
22     None of these arguments explains counsel's failure to file a
23 timely response to the reconsideration motion. Counsel asserts
24 that "[t]he confusion here" was caused by plaintiff's filings.
25 Counsel is correct that plaintiff's multiple and sometimes
26 overlapping filings have generated confusion. But he does not

1  claim that this confusion caused him to believe that the
2  reconsideration motion had been removed from the court's calendar
3  (or even that he, in his confusion, mistakenly removed it from his
4  own office scheduling calendar). With the motion still pending on
5  the court's calendar, it is unreasonable for counsel to argue that
6  he could simply do nothing.
7      Counsel's belief that the motion had become moot does not
8  explain why he failed to file a timely response stating that the
9  motion should be denied as moot. Counsel's belief that the motion
10 should be taken off the calendar fails to explain why he did not
11 file a timely response setting forth this belief, or a timely
12 request that the motion be taken off calendar. Finally, counsel's
13 "good faith efforts" to straighten out the pleadings explains
14 nothing in regard to his own failure to file a timely response to
15 the reconsideration motion.
16     Counsel has failed, once again, to meet his obligations under
17 the local rules. In light of counsel's repeated failures, the
18 court has given due consideration to the sanction of a judgment for
19 plaintiff. However, accepting counsel's sworn declaration at face
20 value, it appears that counsel believed that no response to the
21 motion was necessary, no matter how grossly mistaken he was. The
22 court has therefore determined to impose only a fine. There being
23 no mitigating circumstances, nor any real basis for counsel's
24 mistaken belief however, the court will not reduce the size of the
25 fine.
26 ////

Accordingly, counsel for defendants is **SANCTIONED** in the amount of one thousand dollars ($1,000). This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client, or in any way made the responsibility of the client, as attorneys' fees or costs.

IT IS SO ORDERED.

DATED: October 6, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4