1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DENNLY R. BECKER; THE BECKER
    TRUST DATED MARCH 25, 1991,

11
                Plaintiffs,                No. 2:10-cv-02799 LKK KJN PS
12
            v.
13
    WELLS FARGO BANK, N.A., INC.; et al.
14
                Defendants.                ORDER
15
    _____/
16

17          Plaintiffs Dennly Becker ("Becker") and the Becker Trust Dated March 25, 1991

18  ("Becker Trust") (collectively, the "plaintiff"[1]) is proceeding without counsel in this action.[2]

19  There are two different motions currently pending before the undersigned, as well as a stipulation

20  between Wells Fargo Bank, N.A., Inc. ("defendant") and plaintiff.  This order addresses both of

21  the pending motions and the pending stipulation.

22  ////

23

24          [1]  The undersigned treats Becker and the Becker Trust as a singular plaintiff because, as
    discussed in the court's order dated December 13, 2010 (Dkt. No. 21), Becker is the sole
    beneficiary of the Becker Trust.
25
            [2]  This matter was referred to the undersigned pursuant to Eastern District Local Rule
26  302(c)(21).

                                        1

I.    BACKGROUND

The first pending motion is plaintiff's Motion to Amend his pleading and request to file a Third Amended Complaint.  (Dkt. No. 70.)  Plaintiff's Motion to Amend is set to be heard on November 17, 2011.  (Id. at 1.)

The second pending motion is defendant's Motion to Dismiss plaintiff's Second Amended Complaint.  (Dkt. No. 71.)  Defendant's Motion to Dismiss is set to be heard on November 10, 2011.  (Id. at 1.)

The pending joint stipulation asks the court to continue the hearing date for defendant's Motion to Dismiss so that it can be heard on November 17, 2011, at the same time as plaintiff's Motion to Amend is to be heard.  (Dkt. No. 75.)

II.    DISCUSSION

Defendant filed its pending Motion to Dismiss targeting plaintiff's Second Amended Complaint, and although the status of that Second Amended pleading has not yet been resolved, plaintiff filed a Motion to Amend his pleading and a request to file a Third Amended Complaint.  The parties' pending stipulation is motivated by confusion regarding how to efficiently approach the fluctuating status of plaintiff's pleadings.  Indeed, District Judge Karlton recently issued an order noting that "plaintiff's multiple and sometimes overlapping filings have generated confusion" in this case.  (Dkt. No. 76 at 2.)

To lessen the above-described confusion, and given the parties' willingness to have both pending motions (Dkt. Nos. 70-71) heard on the same date, the undersigned hereby vacates the hearing date for defendant's Motion to Dismiss (Dkt. No. 71).  The undersigned will not analyze any portion of defendant's Motion to Dismiss until plaintiff's Motion to Amend is fully resolved, and accordingly, plaintiff need not presently file any opposition to defendant's Motion to Dismiss.  Defendant's Motion to Dismiss (Dkt. No. 71) will effectively be held in abeyance pending the resolution of plaintiff's Motion to Amend (Dkt. No. 70).  Following the resolution of plaintiff's Motion to Amend, and depending on how that Motion is resolved, if

2

1  defendant wishes to proceed with its Motion to Dismiss (Dkt. No. 71) defendant may re-notice

2  that Motion and set a new hearing date.

3          The undersigned will hear plaintiff's Motion to Amend (Dkt. No. 70), as currently

4  set, on November 17, 2011.  Upon entry of this order, plaintiff's Motion to Amend (Dkt. No. 70)

5  will be the only motion currently pending before the undersigned, and the undersigned will not

6  hear arguments regarding defendant's Motion to Dismiss (Dkt. No. 71) on either November 10,

7  2011, or November 17, 2011.  In light of the foregoing, the parties' stipulation (Dkt. No. 75) is

8  denied as moot.

9          The undersigned notes that, in separate briefing before District Judge Karlton in

10  this case, defendant has suggested that the undersigned "[a]dvance the hearing date on plaintiff's

11  motion to file a Third Amended Complaint . . . and grant the motion."  (Dkt. No. 73 at 2

12  (emphasis added).)  Defendant has also suggested that defendant be allowed up to "and including

13  November 14 to file a pleading responding to the Third Amended Complaint."  (Id. (emphasis

14  added).)  These statements suggest that defendant may not intend to oppose plaintiff's pending

15  Motion to Amend his pleading (Dkt. No. 70) and would prefer to proceed directly to responding

16  to the substance of the proposed amended pleading itself.  However, to date defendant has not

17  filed any statement of non-opposition confirming this position, and similarly, the parties have not

18  filed a stipulation containing defendant's written consent[3] to plaintiff's filing of a third amended

19  pleading.  Accordingly, at this time the undersigned will not assume that defendant has taken any

20  particular position with respect to plaintiff's Motion to Amend.

21          Accordingly, IT IS HEREBY ORDERED THAT:

22          1.      The hearing date currently set for defendant's Motion to Dismiss (Dkt. No.

23  71) is vacated.  The undersigned will not hear argument on defendant's Motion to Dismiss (Dkt.

24  No. 71) on either November 10, 2011, or November 17, 2011.  Defendant's Motion to Dismiss

25

26          [3]  Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

will effectively be held in abeyance pending the resolution of plaintiff's Motion to Amend (Dkt. No. 70).  Following the resolution of plaintiff's Motion to Amend, and depending on how that Motion is resolved, if defendant wishes to proceed with its Motion to Dismiss (Dkt. No. 71) defendant may re-notice that Motion and set a new hearing date.

2.      The undersigned will hear plaintiff's Motion to Amend (Dkt. No. 70), as currently set, on November 17, 2011.  Defendant's Opposition brief and plaintiff's Reply brief in connection with plaintiff's Motion to Amend (Dkt. No. 70) shall be filed in accordance with the timing required by Local Rule 230(b)-(d).  If defendant does not oppose plaintiff's Motion to Amend, defendant shall timely file a statement of non-opposition in accordance with Local Rule 230(c).  Any party's failure to timely comply with Local Rule 230 may subject that party to sanctions.

3.      The parties' stipulation (Dkt. No. 75) is denied as moot.

IT IS SO ORDERED.

DATED:  October 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE