UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, THE
BECKER TRUST DATED
MARCH 25, 1991,

                          NO. CIV. S-10-2799 LKK/KJN

       Plaintiffs,

   v.

                       O R D E R

WELLS FARGO BANK, N.A.,
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,

       Defendants.

_____/

    Plaintiff's motion for reconsideration came on for hearing on October 24, 2011.  Plaintiff has sued Wells Fargo Bank, N.A., a national banking association, and Wachovia Mortgage Corporation, which is, or was, regulated as a national banking association.  See Watters v. Wachovia Bank, N.A., 550 U.S. 1, 6 (2007) (describing the regulatory status of Wachovia Mortgage Corporation as a wholly owned subsidiary of the former Wachovia Bank, N.A.).  Despite the apparent status of both defendants as national banking associations, the parties have analyzed the preemption issues under

1

1   the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461, <u>et seq.</u>,

2   which applies only to federal savings associations.[1] <u>See</u> 12 C.F.R.

3   § 560.2(a) (pursuant to HOLA, "*federal savings associations* may

4   extend credit as authorized under federal law ... without regard

5   to state laws purporting to regulate or otherwise affect their

6   credit activities") (emphasis added).

7        The complaint does not allege any wrongful conduct on the part

8   of "World Savings" bank, the only federal savings association

9   mentioned in the complaint.[2]

10       Accordingly,

11       1.   The parties shall provide further briefing on the proper

12  preemption standard applicable in this case.

13       2.   Notwithstanding any briefing schedule contained in the

14  Minute Order arising from this hearing,

15            a.   Defendants' brief is due no later than November 9,

16  2011; and

17  _____

18       [1] The court is aware that the banking laws were amended in
     July 2010, and apparently eliminated or reduced the difference in
19   preemption standards applicable to the two types of banks.  <u>See</u>
     "Dodd-Frank Wall Street Reform and Consumer Protection Act," Pub.
20   L. No. 111-203, 124 Stat. 1376 (2010).  However, the amending law
     appears not be retroactive in effect. <u>See</u> <u>Copeland-Turner v. Wells</u>
21   <u>Fargo Bank, N.A.</u>, ___ F. Supp.2d ___, 2011 WL 2650853 (D. Or. July
     6, 2011) (discussing the Act at length).   Accordingly, the
22   amendments do not affect this case.

23       [2] World Savings Bank is the alleged originator of the loans.
     Defendant mentions "Wachovia Mortgage, FSB," a federal savings
24   bank, in the Notice of Removal.  However, there appear to be no
     allegations leveled against this entity in the complaint.  The
25   court also notes that there is no allegation that this entity is
     related to defendant Wachovia Mortgage Corporation, which as noted
26   above, appears to be or to have been a wholly owned national
     banking association subsidiary.

2

1          b.   Plaintiff's brief, if any, is due no later than

2    November 23, 2011.

3          IT IS SO ORDERED.

4          DATED:  October 26, 2011.

5

6

7                              _____
                               LAWRENCE K. KARLTON
8                              SENIOR JUDGE
                               UNITED STATES DISTRICT COURT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26