```
                    UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


DENNLY R. BECKER, THE
BECKER TRUST DATED
MARCH 25, 1991,
                                      NO. CIV. S-10-2799 LKK/KJN
          Plaintiffs,

     v.
                                              O R D E R
WELLS FARGO BANK, N.A.,
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,


          Defendants.
                                  /
```

Plaintiff's motion for reconsideration came on for hearing on October 24, 2011. Plaintiff has sued Wells Fargo Bank, N.A., a national banking association, and Wachovia Mortgage Corporation, which is, or was, regulated as a national banking association. See Watters v. Wachovia Bank, N.A., 550 U.S. 1, 6 (2007) (describing the regulatory status of Wachovia Mortgage Corporation as a wholly owned subsidiary of the former Wachovia Bank, N.A.). Despite the apparent status of both defendants as national banking associations, the parties have analyzed the preemption issues under

1

the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., which applies only to federal savings associations.[1] See 12 C.F.R. § 560.2(a) (pursuant to HOLA, "*federal savings associations* may extend credit as authorized under federal law ... without regard to state laws purporting to regulate or otherwise affect their credit activities") (emphasis added).

The complaint does not allege any wrongful conduct on the part of "World Savings" bank, the only federal savings association mentioned in the complaint.[2]

Accordingly,

1. The parties shall provide further briefing on the proper preemption standard applicable in this case.

2. Notwithstanding any briefing schedule contained in the Minute Order arising from this hearing,

    a. Defendants' brief is due no later than November 9, 2011; and

---

[1] The court is aware that the banking laws were amended in July 2010, and apparently eliminated or reduced the difference in preemption standards applicable to the two types of banks. See "Dodd-Frank Wall Street Reform and Consumer Protection Act," Pub. L. No. 111-203, 124 Stat. 1376 (2010). However, the amending law appears not be retroactive in effect. See Copeland-Turner v. Wells Fargo Bank, N.A., ___ F. Supp.2d ___, 2011 WL 2650853 (D. Or. July 6, 2011) (discussing the Act at length). Accordingly, the amendments do not affect this case.

[2] World Savings Bank is the alleged originator of the loans. Defendant mentions "Wachovia Mortgage, FSB," a federal savings bank, in the Notice of Removal. However, there appear to be no allegations leveled against this entity in the complaint. The court also notes that there is no allegation that this entity is related to defendant Wachovia Mortgage Corporation, which as noted above, appears to be or to have been a wholly owned national banking association subsidiary.

1        b.   Plaintiff's brief, if any, is due no later than
2   November 23, 2011.
3       IT IS SO ORDERED.
4       DATED: October 26, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3