IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER; THE BECKER TRUST DATED MARCH 25, 1991,

       Plaintiffs,

v.

WELLS FARGO BANK, N.A., INC.; et al.

       Defendants.

No. 2:10-cv-02799 LKK KJN PS

<u>ORDER</u>

Plaintiffs Dennly Becker ("Becker") and the Becker Trust Dated March 25, 1991, ("Becker Trust") (collectively, the "plaintiff"[1]) are proceeding without counsel in this action.[2] Wells Fargo Bank, N.A., and Wachovia Mortgage Corporation are the named defendants in this case (collectively, "defendants").

Plaintiff's Motion for Reconsideration (Dkt. No. 59) is currently pending before District Judge Karlton. At a recent hearing regarding that motion, Judge Karlton gave the parties additional time to further brief the issue of preemption. (Dkt. No. 81.) After the hearing, Judge

---

[1] The undersigned treats Becker and the Becker Trust as a singular plaintiff because, as discussed in the court's order dated December 13, 2010 (Dkt. No. 21), Becker is the sole beneficiary of the Becker Trust.

[2] This matter was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21).

1

1  Karlton issued an order clarifying that defendants' additional briefing shall be filed by
2  November 9, 2011, and that plaintiff's additional reply briefing shall be filed by November 23,
3  2011. (Dkt. No. 82.)

4  Plaintiff's Motion to Amend his pleading and request to file a Third Amended
5  Complaint is currently pending before the undersigned. (Dkt. No. 70.) Plaintiff's Motion to
6  Amend is set to be heard on November 17, 2011. (Id. at 1.) Plaintiff's proposed amendments
7  include state law claims. In particular, the Motion to Amend seeks leave to add new claims and
8  allegations, including "facts and claims" for "Improper Foreclosure Process, Negligent Infliction
9  of Emotional Stress," a "part B of the RICO claim," "Defamation," "Negligent Infliction of
10 Emotional Distress," a "RESPA claim," "false promise and promissory estoppel," "breach of
11 contracts," "intentional infliction of emotional distress," a "California Unfair Competition Law"
12 claim, a claim for violation of "Cal. Civ. Code § 2923.6 and 12 C.F.R. § 560.101," an "Elder
13 Abuse" claim, and a claim based on "uncertainty with respect to the power of sale clause in the
14 deeds of trust." (Dkt. No. 70 at 1-4.)

15 The resolution of plaintiff's Motion for Reconsideration will address issues of
16 federal preemption and will directly impact plaintiff's pending Motion to Amend: the Motion to
17 Amend seeks to add various state law claims to this case. Given that the parties will submit
18 additional briefing addressing preemption through November 23, 2011 (Dkt. No. 82), it would be
19 premature to conduct a hearing on plaintiff's Motion to Amend on November 17, 2011.

20 Accordingly, the November 17, 2011 hearing date currently set for plaintiff's
21 Motion to Amend (Dkt. No. 70) is hereby vacated. After plaintiff's Motion for Reconsideration
22 is fully resolved, and depending on the outcome of that Motion, plaintiff may either re-notice his
23 Motion to Amend (Dkt. No. 70) for a new hearing date or file a different motion to amend his
24 pleading.

25 For the foregoing reasons, IT IS HEREBY ORDERED THAT:
26 1. The hearing regarding plaintiff's Motion to Amend (Dkt. No. 70),

currently set for November 17, 2011, is hereby vacated pending the complete resolution of plaintiff's Motion for Reconsideration (Dkt. No. 59).

2. Following the complete resolution of plaintiff's Motion for Reconsideration (Dkt. No. 59), and depending on how that motion is resolved, if plaintiff wishes to proceed with his Motion to Amend (Dkt. No. 70), plaintiff may re-notice that Motion and set a new hearing date or file a different motion to amend.

IT IS SO ORDERED.

DATED: October 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE