UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, THE
BECKER TRUST DATED
MARCH 25, 1991,

                                                      NO. CIV. S-10-2799 LKK/KJN

       Plaintiffs,

  v.

                                                      O R D E R

WELLS FARGO BANK, N.A.,
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,

       Defendants.
_____/

    Plaintiff moves for reconsideration of the court's August 1, 2008 order. For the reasons set forth below, the motion will be denied.

**I.   BACKGROUND**

    Plaintiff Dennly R. Becker obtained several mortgages from "World Savings," starting around 1983. He alleges that the mortgages are now owned by Wells Fargo Bank, N.A. and serviced by Wachovia Mortgage Corp. Plaintiff filed an action against defendants in state court, which the defendants removed here on the

1

1  basis of diversity jurisdiction.  In his First Amended Complaint,
2  plaintiff added federal claims.  Defendants moved to dismiss,
3  asserting federal preemption, among other grounds.
4  　　　On March 22, 2011, the Magistrate Judge issued an order
5  granting defendants' motion to dismiss several claims, but did so
6  without prejudice.[1]  Plaintiff filed a request for reconsideration
7  of the Magistrate's order.  The Magistrate Judge also filed
8  Findings and Recommendations that recommended that several other
9  claims be dismissed with prejudice.
10 　　　On August 1, 2008 this court issued an order that adopted the
11 Magistrate's Findings and Recommendations in full.  This court
12 expressly found that plaintiff could not amend his complaint "to
13 add allegations that his mortgages were somehow transferred to or
14 acquired by unknown entities," because such claims would be
15 preempted by the Home Owners' Lending Act ("HOLA"), 12 U.S.C. §§
16 1461, et seq., and regulations.  However, this court also granted
17 plaintiff's reconsideration motion in part, but only to the extent
18 that plaintiff would be permitted to add facts to an amended
19 complaint in support of his claim under the Real Estate Settlement
20 Procedures Act ("RESPA").
21 　　　Plaintiff has now filed this motion for reconsideration of the
22 court's reconsideration order, asserting that the court committed
23 "clear error" in the court's analysis of HOLA preemption.

---

[1] Defendants declined to consent to proceed before the Magistrate Judge.  Since plaintiff is proceeding pro per, however, the Magistrate Judge was authorized to proceed by E.D. Cal. R. 302(c)(21).

1 **II.    RECONSIDERATION STANDARD**

2          Before reconsideration may be granted there must be a change
3 in the controlling law, facts, or other circumstances, the need to
4 correct a clear error, or the need to prevent manifest injustice.
5 U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  As with
6 motions to alter or amend a judgment made pursuant to Fed.R.Civ.P.
7 59(a), motions to reconsider are not vehicles permitting the
8 unsuccessful party to "rehash" arguments previously presented.  Nor
9 is a motion to reconsider justified on the basis of new evidence
10 which could have been discovered prior to the court's ruling.
11 Finally, "after thoughts" or "shifting of ground" do not constitute
12 an appropriate basis for reconsideration.

13 **III. ANALYSIS**

14         Plaintiff argues that he reaches a "different conclusion" than
15 the court does on the meaning of Silvas v. E*Trade Marketing, 514
16 F.3d 1001 (9th Cir. 2008) and 12 C.F.R. § 560.2(b)(10).  However,
17 nothing in plaintiff's motion establishes error in the court's
18 reading of Section 560.2(b)(10) to preempt claims based upon the
19 "'sale, transfer, acquisition, and/or investment in Plaintiff's
20 mortgages.'"      As    discussed     in    the    court's    order,
21 Section 560.2(b)(10) expressly preempts claims that are based upon
22 the "sale or purchase of ... mortgages."[2]

---

[2] The court requested further briefing from the parties on whether HOLA preemption applied in this case. Dkt. No. 82. Both parties' briefing papers advise the court that HOLA preemption does apply, and the court detects no clear error in its determination to apply the HOLA standard.

3

Moreover, Section 560.2 preemption is known as "field preemption," which has been described as "'the pinnacle of federal preemption.'" Aquayo v. U.S. Bank, 653 F.3d 912, 921 (9th Cir. 2011). Although there are exceptions to the pervasive preemption regime set forth in Section 560.2, they are "interpreted narrowly," and "[a]ny doubt should be resolved in favor of preemption." Id.

## IV. CONCLUSION

For the reasons set forth above, and in the court's August 1, 2011 order:

1. Plaintiff's motion for reconsideration (Dkt. No. 59), is **DENIED**;
2. This matter is returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED: March 29, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4