1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENLY R. BECKER; THE BECKER
     TRUST DATED MARCH 25, 1991,

11
                 Plaintiffs,              No. 2:10-cv-02799 LKK KJN PS
12
            v.
13
     WELLS FARGO BANK, NA, INC.;
14   WACHOVIA MORTGAGE
     CORPORATION; DOES 1-20,
15
                 Defendants.              ORDER
16   _____/

17          United States Senior District Judge Lawrence K. Karlton recently resolved a

18   motion for reconsideration filed by plaintiff.  (Order, Mar. 29, 2012, Dkt. No. 87.)  Because the

19   undersigned anticipated that resolution of plaintiff's motion for reconsideration would directly

20   impact plaintiff's pending motion to amend his pleading and file a third amended complaint (see

21   Dkt. No. 70), the undersigned vacated the hearing on plaintiff's motion to amend pending

22   resolution of the motion for reconsideration (see Order, Oct. 28, 2011, at 2, Dkt. No. 83).[1]  In

23   vacating that hearing date, the court advised plaintiff as follows: "Following the complete

24   resolution of plaintiff's Motion for Reconsideration (Dkt. No. 59), and depending on how that

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

1   motion is resolved, if plaintiff wishes to proceed with his Motion to Amend (Dkt. No. 70),

2   plaintiff may re-notice that Motion and set a new hearing date or file a different motion to

3   amend." (Id. at 3.)[2]

4      Plaintiff has not yet re-noticed his motion to amend the Second Amended

5   Complaint or filed a new or revised motion to amend.  Given plaintiff's pro se status and the

6   relatively confusing logistics surrounding the various pending and recently resolved motions, the

7   undersigned sets a status conference to address the progression of this case.  The court also

8   permits, in the alternative, that plaintiff may re-notice his motion to amend or file a new or

9   revised motion to amend.  If plaintiff re-notices his motion to amend or files a new motion to

10  amend prior to the date set for the status conference, the court may vacate the status conference.

11     Accordingly, IT IS HEREBY ORDERED that:

12     1. A status conference in this case shall be held on May 24, 2012, at 10:00

13  a.m.

14     2. The parties need not file status reports in advance of the status conference.

15     3. If plaintiff re-notices his motion to amend his pleading or files a new

16  motion to amend prior to the May 24, 2012 status conference, the court may vacate the status

17  conference.

18     IT IS SO ORDERED.

19  DATED:  April 24, 2012

21  _Kendall J. Newman_

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

---

25   [2]  Additionally, the undersigned had held defendants' motion to dismiss plaintiff's Second
26  Amended Complaint (Dkt. No. 71) in abeyance pending resolution of plaintiff's motion to amend
    the Second Amended Complaint (see Order, Oct. 17, 2011, at 3-4, Dkt. No. 80).