IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER; THE BECKER
TRUST DATED MARCH 25, 1991,

        Plaintiffs,                    No. 2:10-cv-02799 LKK KJN PS

    v.

WELLS FARGO BANK, NA, INC.;
WACHOVIA MORTGAGE
CORPORATION; DOES 1-20,

        Defendants.               ORDER
_____/

On April 25, 2012, the court entered an order setting a status conference in this case, which stated, in part, that "[i]f plaintiff re-notices his motion to amend his pleading or files a new motion to amend prior to the May 24, 2012 status conference, the court may vacate the status conference." (Order, Apr. 25, 2012, at 2, Dkt. No. 88.)[1] On May 1, 2012, plaintiff filed a motion for leave to amend his Second Amended Complaint, as well as a motion to direct the entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) regarding two of plaintiff's claims that were dismissed with prejudice (see Dkt. Nos. 89-91). In light of plaintiff's filing of a motion for leave to amend, the court vacates the May 24, 2012 status conference.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1          However, the court also denies plaintiff's motion for leave to amend without
2   prejudice.  Plaintiff's motion for leave to amend attaches a proposed Third Amended Complaint
3   that contains 140 pages of factual allegations (Dkt. No. 89, Doc. Nos. 89-1, 89-2).[2]  Although
4   plaintiff is attempting to allege 18 claims for relief, including multiple claims of fraud, the
5   undersigned concludes *sua sponte* that plaintiff's proposed Third Amended Complaint violates
6   Federal Rule of Civil Procedure 8(a)(2) in that it does not present a "short and plain statement"
7   of plaintiff's claims showing plaintiff's entitlement to relief.  The proposed Third Amended
8   Complaint contains anything but "a short and plain statement" of plaintiff's claims.  The court
9   will not, and defendants should not be forced to, pore through plaintiff's overly lengthy pleading
10  in an attempt assess the merits of that pleading or, as far as defendants are concerned, respond to
11  that pleading.  See, e.g., Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th
12  Cir. 2011) (addressing dismissals of overly lengthy complaints and stating that "[o]ur district
13  courts are busy enough without having to penetrate a tome approaching the magnitude of War
14  and Peace to discern a plaintiff's claims and allegations").

15         Because of the overly lengthy nature of plaintiff's proposed Third Amended
16  Complaint, the court denies plaintiff's motion for leave to amend without prejudice.  Plaintiff
17  shall re-file his motion for leave to amend within the time permitted by this order and attach a
18  proposed Third Amended Complaint that meets the requirements of Rule 8(a) and the orders
19  previously entered in this case.  The court does not place any specific page limit on plaintiff's
20  forthcoming proposed Third Amended Complaint, especially considering that plaintiff must
21  plead his fraud claims with particularity.  See Fed. R. Civ. P. 9(b); see also Cafasso, 637 F.3d
22  at 1059 ("While the proper length and level of clarity for a pleading cannot be defined with any
23  great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or
24  a complaint that was highly repetitious, or confused, or consisted of incomprehensible

---

[2] Plaintiff also filed a 57-page declaration in support of his motion for leave to amend (Dkt. No. 90).

rambling.") (citations and quotation marks omitted). However, the undersigned finds it very hard to believe that plaintiff cannot set forth his proposed claims in a space of 50 pages if plaintiff focuses on efficiently presenting only the necessary factual allegations that support the elements of his proposed claims.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The status conference presently set for May 24, 2012, is VACATED.

2. Plaintiff's motion for leave to amend (Dkt. No. 91) is denied without prejudice, and plaintiff may re-file a motion for leave to amend within 45 days of the date of this order.

3. Plaintiff's motion to direct the entry of a final judgment (Dkt. No. 91) will remain on the court's June 28, 2012 calendar.

IT IS SO ORDERED.

DATED: May 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE