IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, et al.,

      Plaintiffs,                      No. 2:10-cv-02799 LKK KJN PS

      v.

WELLS FARGO BANK, NA, INC. et al.,

      Defendants.             ORDER
_____/

      Presently before the court is plaintiff's[1] motion filed pursuant to Federal Rule of Civil Procedure 54(b), which seeks the entry of judgment as to two of plaintiff's now-dismissed claims so that plaintiff may file an interlocutory appeal as to those claims.[2] The court heard this matter on its June 28, 2012 civil law and motion calendar. Plaintiff, who is proceeding without counsel, appeared and represented himself. Attorney David M. Newman appeared on behalf of defendants. The undersigned has fully considered the parties' briefs, oral arguments, and appropriate portions of the record and, for the reasons that follow, denies plaintiff's motion.

---

[1] Although there are technically two plaintiffs in this case, an individual plaintiff and a trust controlled by him, the court uses the singular "plaintiff" in this order.

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I. BACKGROUND

Generally, this case involves plaintiff's loans and attempted loan modifications relating to several of plaintiff's pieces of real property, and plaintiff's default on some of those loans. Plaintiff sued the banks or other entities that made, acquired, serviced, or refused to modify the loans, and which ultimately attempted to foreclose on some of the properties. Plaintiff's 113-page First Amended Complaint alleged the following claims for relief against defendants: (1) fraud; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; (3) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) false advertising, Cal. Bus. & Prof. Code §§ 17500 et seq.; (5) violation of California Civil Code § 2943; (6) wrongful foreclosure proceedings; (7) quiet title; (8) unfair debt collection practices under state and federal law; (9) Racketeer Influenced and Corrupt Organizations ("RICO") violations, 18 U.S.C. §§ 1961 et seq.; and (10) negligent misrepresentation and negligence. (See First Am. Compl. ¶¶ 181-at pp. 56-103, Dkt. No. 19.)

On August 1, 2011, the court adopted findings and recommendations filed by the undersigned and dismissed some of plaintiff's claims with leave to amend and others with prejudice. (See Order, Aug. 1, 2011, Dkt. No. 58.) Relevant here, the court dismissed plaintiff's wrongful foreclosure and quiet title claims with prejudice on the grounds that those claims were preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461 et seq. (See Order and Findings and Recommendations, Mar. 22, 2011, at 27-32, Dkt. No. 49, adopted by Order, Aug. 1, 2011, at 2, 7.) The court also construed plaintiff's objections to the undersigned's findings and recommendations as a motion for reconsideration, and denied that motion in all respects relevant to the presently pending motion. (See Order, Aug. 1, 2011, at 2.) In its August 12, 2011 order, the court further explained the relevant HOLA preemption analysis. (Id. at 2-4.)

Remaining unsatisfied with the court's ruling, plaintiff sought reconsideration of the court's order addressing plaintiff's first motion for reconsideration, arguing that the court committed "clear error" in its analysis of HOLA preemption (Dkt. No. 59). After considering

supplemental briefing, the court denied plaintiff's motion for reconsideration of the denial of plaintiff's first motion for reconsideration. (Order, Mar. 29, 2012, Dkt. No. 87.)

        Meanwhile, plaintiff filed a Second Amended Complaint and later filed a motion for leave to filed a Third Amended Complaint (Dkt. No. 89) before the court could resolve defendants' motion to dismiss the Second Amended Complaint. The undersigned denied plaintiff's motion for leave to amend without prejudice based on the deficiencies in the proposed Third Amended Complaint. The undersigned granted plaintiff leave to file another motion for leave to amend no later than June 28, 2012, and has held the motion to dismiss the Second Amended Complaint in abeyance pending resolution of plaintiff's motion for leave to amend. (Order, May 14, 2012, Dkt. No. 92; see also Order, Oct. 17, 2011, Dkt. No. 80.)[3] On June 19, 2012, plaintiff filed another motion for leave to file a Third Amended Complaint and a revised, proposed Third Amended Complaint (Dkt. Nos. 97-98). Although plaintiff's motion for leave to amend will not be heard until August 9, 2012, plaintiff's proposed Third Amended Complaint includes claims for "Preempted/Unlawful Foreclosure" and "Improper Foreclosure Process" that challenge defendants' right to foreclose on plaintiff's properties. (See Proposed Third Am. Compl. ¶¶ 73-89, Dkt. No. 98.)

        Meanwhile, plaintiff filed the pending motion for entry of judgment pursuant to Rule 54(b). Plaintiff wants to file an interlocutory appeal of the dismissal of plaintiff's wrongful foreclosure and quiet title claims as preempted by HOLA. It also appears that plaintiff wants to appeal the court's denial of plaintiff's request for judicial notice.

////

////

---

[3] Notably, plaintiff's first proposed Third Amended Complaint—which had ballooned to 140 pages and from ten claims to eighteen claims—included claims entitled "Preempted/Unlawful Foreclosure" and "Improper Foreclosure Process" that again challenge defendants' right to foreclose on three of plaintiff's properties. (See Proposed Third Am. Compl. ¶¶ 374-94, Dkt. No. 89, Doc. No. 89-2.)

3

## II.     LEGAL STANDARDS

Generally, parties may only appeal from, and appellate courts only have jurisdiction over, "final decisions of the district courts." See 28 U.S.C. § 1291. However, Federal Rule of Civil Procedure 54(b) provides, in relevant part, that when an action presents multiple claims for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," and may only do so "if the court expressly determines that there is no just reason for delay."[4] The Ninth Circuit Court of Appeals has warned that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The United States Supreme Court has provided a two-step framework for evaluating Rule 54(b) motions. First, a district court must "determine that it is dealing with a 'final judgment,'" in that the court has rendered a "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).

Second, if the court finds that it is dealing with a "final judgment," the court must then "determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8. In regards to "judicial administrative interests," a district court should assure itself that application of Rule 54(b) "effectively preserves the historic federal policy against piecemeal appeals," and the court may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims

---

[4] Accord Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009); see also Lindsay v. Beneficial Reinsurance Co. (In re Lindsay), 59 F.3d 942, 951 (9th Cir. 1995) ("The court making a Rule 54(b) determination should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order.") (citation and quotation marks omitted).

1  already determined was such that no appellate court would have to decide the same issues more
2  than once even if there were subsequent appeals." Id. (citation and quotation marks omitted).
3  Indeed, the Ninth Circuit Court of Appeals has directed that the district court's findings "should
4  include a determination whether, upon any review of the judgment entered under the rule, the
5  appellate court will be required to address legal or factual issues that are similar to those
6  contained in the claims still pending before the trial court. " Morrison-Knudsen Co., 655 F.2d
7  at 965. "A similarity of legal or factual issues will weigh heavily against entry of judgment under
8  the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a
9  harsh and unjust result, documented by further and specific findings." Id.; see also Wood v.
10 GCC Bend, LLC, 422 F.3d 873, 883 (9th Cir. 2005) (reversing the district court's Rule 54(b)
11 certification where the case was routine, the facts implicated by all claims and issues overlapped,
12 and successive appeals were essentially inevitable).

13 III.    DISCUSSION

14       Plaintiff requests the entry of judgment as to his wrongful foreclosure and quiet
15 title claims so that he may file an interlocutory appeal as to those claims and a related request for
16 judicial notice. The court denies plaintiff's motion because there is just reason for delay.

17       In regards to the first step of the required analysis, the court is dealing with a
18 "final judgment" for the purposes of Rule 54(b). The court dismissed plaintiff's wrongful
19 foreclosure and quiet title claims with prejudice, and denied plaintiff's related motions for
20 reconsideration. The question, then, is whether there is any just reason for delay.

21       In regards to the second step of the required analysis, the undersigned concludes
22 that there are just reasons for delay. First, as a general matter, plaintiff's interlocutory appeal of
23 two of his potential thirteen claims, based on nothing more than plaintiff's preference to file an
24 appeal now, violates the long-standing federal policy against piecemeal appeals. Plaintiff's
25 appeal will multiply the number of proceedings for the Ninth Circuit Court of Appeals and
26 overcrowd that court's already overcrowded docket. Additionally, it is all but certain that

plaintiff will file an appeal at the conclusion after entry of a final judgment in this case if he is at all unsuccessful in this litigation given plaintiff's persistence in filing motions for reconsideration of this court's orders.  Although plaintiff is surely entitled to seek reconsideration of this court's orders, his practice of doing so strongly suggests that plaintiff will appeal any adverse decision.  Furthermore, nothing suggests that Wells Fargo would not appeal a judgment adverse to it, in which case plaintiff could file a cross-appeal if desirable.  The policies against piecemeal appeals and the near inevitability of successive appeals in this case favor denial of plaintiff's motion.

Second, plaintiff has identified no "pressing need" militating in favor of obtaining an early and separate judgment as to his wrongful foreclosure and quiet title claims.  Instead, it readily appears that plaintiff simply still disagrees with the undersigned's and the district judge's multiple analyses of the HOLA preemption issue relative to his wrongful foreclosure and quiet title claims.  At most, plaintiff believes that a ruling by the Court of Appeals might impact many foreclosures cases proceeding in the district courts.  But that could be said of any number of cases percolating through the courts, and plaintiff's argument in this regard misses the mark.

Third, despite plaintiff's statement that his wrongful foreclosure and quiet title claims are severable, the claims under review are not truly separable from the other remaining claims that will be adjudicated.  There is substantial factual overlap between plaintiff's wrongful foreclosure and quiet title claims and the remaining claims, many of which challenge defendants' right to foreclose on plaintiff's properties.  The Court of Appeals would have to sift through plaintiff's complaints to understand plaintiff's claims, only to re-review the same morass of facts in any subsequent appeal.  Additionally, plaintiff has already forecasted in his proposed Third Amended Complaint that he intends to pursue some manner of wrongful foreclosure claim if permitted to amend, proposing to add claims entitled "Preempted/ Unlawful Foreclosure" and "Improper Foreclosure Process."  Therefore, if permitted to appeal at this time, it appears that plaintiff will be challenging defendants' right to foreclose, and the foreclosure process, on parallel tracks in this court and in the Court of Appeals.  The similarity of factual issues, and

potentially similar legal issues, "weighs heavily" against plaintiff's motion.

Finally, in terms of the equities involved, plaintiff relies on the court's balancing of the equities attendant to the issuance of a preliminary injunction in this case and the parties' relative "worth," asserting that "defendant's worth is more than 1.25 million times greater that [*sic*] plaintiff's worth." (Pl.'s Memo. of P. & A. In Supp. of Rule 54(b) Mot. at 8-9.)  As Wells Fargo correctly contends, the parties' relative worth is entirely irrelevant to the resolution of the pending motion.  And the court's balancing of equities in determining whether to enter a preliminary injunction to prevent the impending foreclosure and sale of plaintiff's property (see Order, Dec. 14, 2010, at 11, Dkt. No. 21) is an entirely different analysis from that addressed to the question of whether plaintiff should be granted leave to file an interlocutory appeal that will create parallel litigation in two courts and could easily be heard at a later time.  Plaintiff's arguments regarding the equities involved is not compelling.

At bottom, there are ample reasons to require that plaintiff appeal the court's dismissal of his wrongful foreclosure and quiet title claims in the normal course.  As a result, the court denies plaintiff's Rule 54(b) motion.

IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to direct the entry of judgment as to his wrongful foreclosure and quiet title claims pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 91) is denied.

IT IS SO ORDERED.

DATED: June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE