1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNLY R. BECKER, et al.,

11          Plaintiffs,                No. 2:10-cv-02799 LKK KJN PS

12      v.

13   WELLS FARGO BANK, NA, INC. et al.,

14          Defendants.               ORDER
     _____/

15

16          Presently before the court is plaintiff's[1] "Motion for an Order to Show Cause Why

17   Defendants Should Not Be Held in Contempt, Sanctioned, and Compelled to Rescind [Notices of

18   Default]" (Dkt. No. 93).[2]  Although by title plaintiff's motion seeks an order to show cause, the

19   parties have briefed the motion on the merits of the requested sanctions (Dkt. No. 94).  The court

20   heard this matter on its June 28, 2012 civil law and motion calendar.  Plaintiff, who is proceeding

21   without counsel, appeared and represented himself.  Attorney David M. Newman appeared on

22   behalf of defendants.

23   _____

24          [1] Although there are technically two plaintiffs in this case, an individual plaintiff and a trust
     controlled by him, the court uses the singular "plaintiff" in this order.

25
            [2] This case proceeds before the undersigned pursuant to Eastern District of California Local
26   Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                    1

1       The undersigned has fully considered the parties' briefs, oral arguments, and

2   appropriate portions of the record and, for the reasons that follow, grants plaintiff's motion in

3   part.  Plaintiff's motion is premised on defendants' admitted, wrongful issuance of a Notice of

4   Trustee's Sale in regards to one of plaintiff's properties.  Defendants' issuance of the Notice of

5   Trustee's Sale violates a preliminary injunction issued in this case, and defendants previously

6   violated the preliminary injunction by noticing a trustee's sale of one of plaintiff's other

7   properties covered by the injunction.  The court did not sanction defendants for their previous

8   violation of the preliminary injunction, but their counsel were strongly warned to instruct their

9   client to take more care not to violate the preliminary injunction.  Nevertheless, defendant Wells

10  Fargo Bank, N.A. ("Wells Fargo") and its agents violated the preliminary injunction again.  As a

11  result, the undersigned sanctions Wells Fargo in an amount of $1,000 pursuant to the court's

12  inherent power.  However, the court summarily denies plaintiff's request for a sanction in the

13  form of rescission of the notices of default underlying this case.  Because the undersigned

14  sanctions Wells Fargo pursuant to the inherent power of the court, the court need not reach the

15  question of indirect civil or criminal contempt sanctions raised by the motion.[3]

16  I.      BACKGROUND

17          Briefly stated, this case involves plaintiff's default on loans pertaining to several

18  of nine pieces of real property upon which, at least as to some of the properties, sit apartment

19  complexes.  On December 13, 2010, United States Senior District Judge Lawrence K. Karlton

20  issued a preliminary injunction that enjoined the foreclosure sales of "the Shelborne property, the

21  ////

22  ////

23  _____

24      [3]  The undersigned does not intend to alarm defendants by using the phrase "criminal
    contempt" here when the issue of criminal contempt was not addressed in the briefs.  However, the
25  form of contempt sanctions plaintiff seeks for repeated violations of the preliminary injunction is
    more appropriately characterized as being criminal in nature.  See, e.g., Int'l Union, United Mine
    Workers of Am. v. Bagwell, 512 U.S. 821, 829 (1994) (describing the differences between civil and
26  criminal contempt fines).

2

1   Third Street property, and the Larkflower property."[4]   (Order, Dec. 13, 2010, at 16, Dkt. No. 21.)

2   Plaintiff posted a $500 bond in connection with the issuance of the preliminary injunction.  (Id.;

3   see also Notice of Posting of Bond, Dkt. No. 23.)

4            In connection with the preliminary injunction proceedings, Judge Karlton

5   sanctioned defendants' counsel personally in the amount of $150 for their failure to file a timely

6   opposition to plaintiff's motion for a preliminary injunction.[5]  (Order, Jan. 11, 2011, at 2; see also

7   Order, Dec. 13, 2010, at 16.)  Judge Karlton further sanctioned defendants' counsel $350 for

8   their failure to respond to the court's order to show cause addressed to defendants' failure to brief

9   the motion for a preliminary injunction.  (Order, Jan. 21, 2011, at 2, Dkt. No. 33; see also Order,

10  Jan. 11, 2011, at 3.)

11           Notably, in the midst of all of the sanctions proceedings, plaintiff alleged that

12  defendants recorded and posted a Notice of Trustee's Sale for the Third Street property on or

13  about December 28, 2010.  (Pl.'s Mot. for Order to Show Cause at 1-3, Dkt. No. 24.)  Defendants

14  conceded that the wrongful posting and recording of the notice of trustee's sale occurred, but

15  argued that no sale had taken place and that such posting was, in essence, a mistake made by its

16  third-party foreclosure processing agent and not made in bad faith.  (See Defs.' Opp'n to Pl.'s

17  Mot. for OSC at 3, Dkt. No. 31.)  The undersigned ultimately resolved plaintiff's motion for an

18  order to show cause and denied plaintiff's request for sanctions, whether based on the court's

19  "inherent power" or civil contempt authority.  (See Order, Mar. 18, 2011, at 6-9, Dkt. No. 48.)

20  Specifically, the undersigned exercised discretion and denied plaintiff's request for sanctions

21  authorized by the inherent power of the court on the ground that defendants' violation of the

22  _____

23      [4]   These three properties are located at 865 Shelborne Drive, Tracy, CA ("Shelborne
     property"), 2416 Third Street, Lincoln, CA ("Third Street property"), and 1896 Larkflower Way,
24   Lincoln, CA ("Larkflower property").

25      [5]   As noted at the hearings, the undersigned describes the previous sanctions of defendants'
     counsel to put the present dispute in context.  To be clear, however, defendants' conduct, apart from
26   their counsel's conduct, is sanctionable.

1   preliminary injunction was not necessarily done in bad faith.  (See id. at 7-8.)  The undersigned

2   also denied plaintiff's request for civil contempt sanctions because defendants appeared to have

3   taken all "reasonable steps" within their power to comply with the preliminary injunction and

4   "substantially complied" with the injunction.  (See id. at 8.)  But the undersigned "strongly

5   cautioned" defendants and their counsel to take a more active role to ensure compliance with the

6   preliminary injunction order.  (Id. at 9.)[6]

7            Later in the case, Judge Karlton ordered defendants' counsel to show cause why

8   they failed to brief or otherwise oppose a motion for reconsideration filed by plaintiff.  (Order to

9   Show Cause, Oct. 4, 2011, at 1-2, Dkt.No. 72.)  Judge Karlton threatened defendants' counsel

10  with a "fine of $1,000 and/or an order of judgment for plaintiff."  (Id. at 2.)  Judge Karlton

11  ultimately sanctioned defendants' counsel personally in the amount of $1,000.  (Order, Oct. 7,

12  2011, at 4, Dkt. No. 76.)

13           On May 17, 2012, plaintiff filed the pending motion for an order to show cause,

14  alleging that defendants violated the preliminary injunction for the second time.  Plaintiff alleges

15  that on or about April 16, 2012, defendants' agent, Cal-Western Reconveyance recorded a Notice

16  of Trustee's Sale as to the Shelborne property in the San Joaquin County Recorder's Office, with

17  a sale date of May 10, 2012.  (Pl.'s Memo. of P. & A. at 1; see also Becker Decl., Ex. 1.)

18  Plaintiff further alleges that defendants' agent also posted the notice at the property and sent the

19  notice to plaintiff's apartment tenants.  (Pl.'s Memo. of P. & A. at 1.)  Plaintiff seeks the

20  following relief: (1) significant monetary sanctions; and (2) an order compelling defendants to

21  withdraw the notices of default as to the Shelborne property, the Larkflower property, and the

22  Third Street property.  (Id. at 5.)

23

24       [6]  Plaintiff's reply brief represents that after the first, wrongful recording of a Notice of
     Trustee's Sale, plaintiff served defendants' foreclosure agent, Cal-Western Reconveyance, with the
25   "Court's order."  (Reply. Br. at 2.)  But there is no proof of service in the record, and it is unclear
     whether plaintiff intended to represent that he served the preliminary injunction order or the court's
26   order resolving the first violation of the injunction on Cal-Western Reconveyance.

1    Defendants filed an opposition to plaintiff's motion in which defendants concede

2   that Wells Fargo mistakenly recorded the Notice of Trustee's Sale regarding the Shelborne

3   property.  (Defs.' Opp'n at 1.)  Defendants state, and plaintiff essentially agrees, that defendants

4   withdrew the Notice of Trustee's Sale on or about April 23, 2012, after plaintiff contacted

5   defendants' counsel and prior to any foreclosure sale.  (See Defs.' Opp'n at 2; Carr Decl. ¶¶ 4-9;

6   see also Becker Decl., Ex. 2 (Notice of Withdrawal of Notice of Trustee's Sale, dated Apr. 27,

7   2012, and recorded on May 2, 2012).)

8   II.    DISCUSSION

9    Plaintiff asserts two potential bases for the imposition of sanctions here:

10  (1) sanctions premised on the inherent power of the court; and (2) contempt sanctions for the

11  repeated violations of the court's preliminary injunction.  Again, the undersigned sanctions

12  defendants pursuant to the inherent power of the court and, as a result, does not address the

13  question of contempt.

14    Before turning to substantive standards, the undersigned briefly addresses

15  plaintiff's request for a sanction in the form of rescission of the notices of *default* resulting from

16  plaintiff's failure to make loan payments.  Regardless of the basis for sanctions, plaintiff's

17  request for such relief—at least on the present record—is a dramatic overreach.  Plaintiff

18  provides no legal authority or reasonable factual basis supporting such relief.  Moreover, all

19  parties appear to agree that plaintiff has defaulted, and stopped making payments, on one or more

20  loans underlying this case.  Accordingly, plaintiff's request for rescission of the notices of default

21  is summarily denied.

22    A federal court has inherent power to impose sanctions for non-compliance with

23  the court's orders, but this power "must be exercised with restraint and discretion."  Chambers v.

24  NASCO, Inc., 501 U.S. 32, 44 (1991); see also Local Rule 110 ("Failure of counsel or of a party

25  to comply with these Rules or with any order of the Court may be grounds for imposition by the

26  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

1  Court."). Courts are "vested, by their very creation, with power to impose silence, respect, and

2  decorum, in their presence, and submission to their lawful mandates." Id. at 43 (citation

3  omitted). Thus, "[a] court has the inherent power to sanction a party or its lawyers if it acts in

4  'willful disobedience of a court order . . . or when the losing party has acted in bad faith,

5  vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial

6  processes.'" Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (modifications in

7  original) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980))."

8          Mere recklessness, by itself, does not justify the imposition of sanctions pursuant

9  to the court's inherent power. Gomez, 255 F.3d at 1134; Fink v. Gomez, 239 F.3d 989, 993-94

10 (9th Cir. 2001). Instead, such sanctions must be "preceded by a finding of bad faith, or conduct

11 tantamount to bad faith." Gomez, 255 F.3d at 1134 (citing Fink, 239 F.3d at 993); accord B.K.B.

12 v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002). In regards to conduct that is

13 tantamount to bad faith, sanctions imposed pursuant to the court's inherent powers "are available

14 for a variety of types of willful actions, including recklessness when combined with an additional

15 factor such as frivolousness, harassment, or an improper purpose." Fink, 239 F.3d at 994; see

16 also B.K.B., 276 F.3d at 1108 (affirming sanctions imposed pursuant to the district court's

17 inherent power, finding that counsel's "reckless and knowing conduct" was tantamount to bad

18 faith).

19         Defendants' admitted conduct in recording a Notice of Trustee's Sale in blatant

20 violation of the court-ordered preliminary injunction—for the second time—does not constitute

21 actual bad faith. As defendants argue, there is no evidence in the record of actual bad faith, as

22 opposed to knowing incompetence. Although defendants improperly recorded the Notice of

23 Trustee's Sale, their counsel took steps to promptly withdraw the notice after being contacted by

24 plaintiff. Moreover, plaintiff concedes the absence of actual bad faith, but argues that defendants

25 and their agents acted "wantonly." (Reply Br. at 2.)

26 ////

Notwithstanding defendants' counsel's efforts to effectuate the withdrawal of the Notice of Trustee's Sale, defendants engaged in conduct that was, at a minimum, reckless. Defendants had notice, and defendants' agents should have been given notice, of the entry of the December 14, 2010 preliminary injunction order that plainly and simply prohibited the very conduct at issue. Although defendants' counsel imposed a "litigation hold" to prevent a foreclosure of the Shelborne property, defendants' agents nonetheless removed that hold, recorded the Notice of Trustee's Sale, and notified all of plaintiff's tenants of a foreclosure sale to take place approximately 20 days later. Importantly, defendants acknowledge that after defendants' agents wrongly removed the litigation hold, "Wells Fargo personnel failed to acknowledge its own litigation hold" and authorized its agents to proceed with the foreclosure proceedings. (Carr Decl. ¶ 7.) Were this the first such occurrence, it might be more difficult to find conduct in excess of recklessness, i.e., conduct tantamount to bad faith. However, this is the second time in 16 months that defendants and their agents undisputedly violated the court's very simple preliminary injunction order. The court declined to impose sanctions for the first such violation, but in doing so specifically admonished defendants and their counsel to take a more active role in ensuring compliance with the preliminary injunction order. Defendants did not sufficiently heed that warning.

The undersigned concludes that the record supports a finding of recklessness plus an additional factor such as "frivolousness, harassment, or an improper purpose." Defendants' conduct was frivolous and served an improper purpose in that defendants had absolutely no basis to record and post the Notice of Trustee's Sale, and to then mail that notice to plaintiff's tenants. Such conduct also arguably constitutes harassment, as defendants essentially advised plaintiff's tenants of an impending eviction with no basis for doing so.

Beyond frivolousness, harassment, and an improper purpose, defendants and their agents acted recklessly while on notice that the actions taken were wrong and in violation of a clear prohibitive preliminary injunction. Such knowing recklessness can support an award of

7

1    "inherent power" sanctions.  For example, in <u>B.K.B. v. Maui Police Department</u>, the Ninth

2    Circuit Court of Appeals affirmed the award of $10,000 in sanctions, finding that defense

3    counsel's "reckless *and* knowing conduct . . . was tantamount to bad faith and therefore

4    sanctionable under the court's inherent power."  276 F.3d at 1108.  In that sexual harassment

5    case, defendant's counsel elicited extensive trial testimony from a witness about the plaintiff's

6    sexual history with that witness in violation of Federal Rule of Evidence 412, despite assuring

7    the court at a sidebar, and in the face of an objection, that the testimony would not address the

8    plaintiff's sexual acts with the witness.  <u>See</u> <u>id.</u> at 1096-98, 1108.  The Court of Appeals held that

9    such "reckless and knowing" conduct supported sanctions imposed pursuant to the court's

10   inherent power.  <u>Id.</u> at 1108 (stating that "[i]f left unsanctioned, defense counsel's behavior in

11   this case would undermine the very purpose and force of Rule 412's strictures.").

12          Similarly, here, defendants recklessly violated the preliminary injunction for the

13   second time, despite ample knowledge that their actions would violate the injunction.  Again,

14   Wells Fargo approved the notice of foreclosure sale when its agent asked for clearance to record

15   a Notice of Trustee's Sale, ignoring the "litigation hold" purportedly in place.  If left

16   unsanctioned, defendants would be free to simply notice a trustee's sale at will and in violation of

17   the preliminary injunction, and face no punishment so long as they acted quickly to withdraw the

18   notice.  Such a result is untenable and would lead to further waste of plaintiff's and this court's

19   time and resources, and would further needlessly and wrongfully alarm plaintiff's tenants about

20   possible eviction from their homes.  Therefore, the undesigned sanctions defendants pursuant to

21   the court's inherent power and in an amount of $1,000.[7]  Hopefully, such a sanction will secure

22   defendants' attention and future compliance with the preliminary injunction, and prevent future

23   conduct tantamount to bad faith.

24   ////

25

26          [7] This sanction is not to be construed as being imposed on defendants' counsel personally.

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for an order to show cause and sanctions (Dkt. No. 93) is granted in part and denied in part.

2.     The court imposes monetary sanctions in an amount of $1,000 on defendants pursuant to the inherent power of the court, payable to the court within 45 days of the date of this order.

3.     Plaintiff's request for rescission of the notices of default at issue in this case is denied.

IT IS SO ORDERED.

DATED:  June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE