1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DENNLY R. BECKER, et al.,

11          Plaintiffs,              No. 2:10-cv-02799 LKK KJN PS

12      v.

13  WELLS FARGO BANK, NA, INC.,
    et al.,
14
            Defendants.            FINDINGS AND RECOMMENDATIONS
15  _____/

16          Presently before the court is plaintiff's[1] motion for leave to file his most recently

17  lodged proposed Third Amended Complaint (Dkt. No. 97-98).[2]  The court heard this matter on its

18  August 9, 2012 civil law and motion calendar.  Plaintiff, who is proceeding without counsel,

19  appeared and represented himself.  Attorney David M. Newman appeared via telephone on behalf

20  of defendants.

21  ////

22  _____

23     [1] Although there are technically two plaintiffs in this case, an individual plaintiff and a trust
    controlled by him, the court uses the singular "plaintiff" in these proposed findings and
    recommendations.
24
       [2] This case proceeds before the undersigned pursuant to Eastern District of California Local
25  Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On February 27, 2012, plaintiff filed another case in this
    court, Becker v. Wells Fargo Bank, N.A., No. 2:12-cv-00501 KJM CKD PS (E.D. Cal.).  No notice
26  of related case has been filed in the case pending before the undersigned.

                                    1

1    The undersigned has fully considered the parties' briefs, oral arguments, and

2    appropriate portions of the record and, for the reasons that follow, recommends that plaintiff's

3    motion for leave to amend be granted in part, and that plaintiff's proposed Third Amended

4    Complaint be deemed filed as narrowed herein.

5    I.    BACKGROUND

6    This tortured, foreclosure-related case has been pending in this court since

7    October 2010, and the pleadings are still not yet closed.  Although plaintiff and defendants share

8    the blame for the delays in this case moving forward, all parties represented at the hearing that

9    they would like to see this case move forward.

10   Defendants removed this case to federal court on October 15, 2010, and filed a

11   motion to dismiss the complaint shortly thereafter.  In response, plaintiff filed a motion for leave

12   to amend his complaint.  The court denied plaintiff's motion because plaintiff was already

13   entitled to amend his complaint as a matter of course pursuant to Federal Rule of Civil Procedure

14   15(a)(1)(B); the court permitted plaintiff to file his First Amended Complaint.  (See Order,

15   Nov. 12, 2010, at 2, Dkt. No. 15.)

16   Plaintiff filed a timely First Amended Complaint, and defendants filed a motion to

17   dismiss in January 2011.  Although there was substantial delay in resolving the motion caused by

18   the filing of ancillary motions, proceedings related to the issuance of a preliminary injunction,

19   and the ordering of supplemental briefing in regards to defendants' motion to dismiss, on

20   August 1, 2012, the district judge presiding over this case, United States Senior District Judge

21   Lawrence K. Karlton, adopted the undersigned's findings and recommendations and partially

22   granted defendants' motion to dismiss the First Amended Complaint.  (Order & Findings &

23   Recommendations, Mar. 22, 2011, Dkt. No. 49, adopted by Order, Aug. 1, 2011, Dkt. No. 58.)

24   Judge Karlton also construed plaintiff's objections to the findings and recommendations as a

25   motion for reconsideration, and granted that motion in a very limited respect.  (Order, Aug. 1,

26   2011, at 2.)

1    At bottom, following resolution of the findings and recommendations and

2    plaintiff's motion for reconsideration, plaintiff was granted leave to file a Second Amended

3    Complaint that included claims of:

4    (1) fraud;

5    (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

6    Code §§ 17200 et seq.;

7    (3) unfair debt collection under federal law and California law;

8    (4) civil violation of the Racketeer Influenced and Corrupt Organizations

9    ("RICO") Act, 18 U.S.C. § 1962;

10    (5) negligence and negligent misrepresentation insofar as those claims arose "from

11    defendants' alleged representations during the loan modification application

12    process";

13    (6) "breach of contract insofar as such claim may arise from defendants' alleged

14    foreclosure activities during the forbearance period stated within the Forbearance

15    Agreement, and/or insofar as such claim may arise from an oral contract for a loan

16    modification resulting from representations made to plaintiff during the loan

17    modification process"; and

18    (7) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605 et

19    seq.

20    (Order & Findings & Recommendations, Mar. 22, 2011, at 26, 44, adopted by Order, Aug. 1,

21    2011, at 7.)  Plaintiff was granted leave to "remedy [these] deficient claims in accordance with

22    the terms of [the] order."  (Order & Findings & Recommendations, Mar. 22, 2011, at 2.)  In

23    regards to plaintiff's motion for reconsideration, plaintiff was "granted leave to add new facts in

24    support of his [Real Estate Settlement Procedures Act] claim."  (Order, Aug. 1, 2012, at 7.)  The

25    court dismissed with prejudice plaintiff's claims for: violation of the Consumers Legal Remedies

26    Act ("CLRA"), false advertising, violation of California Civil Code § 2943, wrongful

3

1   foreclosure, quiet title, negligence and negligent misrepresentation insofar as plaintiff's

2   negligence and negligent misrepresentation claims arose "implicitly or explicitly from the

3   Forbearance Agreement." (Order & Findings & Recommendations, Mar. 22, 2011, at 44,

4   adopted by Order, Aug. 1, 2011, at 7.)[3]

5          Plaintiff filed a Second Amended Complaint (Dkt. No. 60), which materially

6   failed to comply with the court's orders regarding the scope of leave to amend.  Plaintiff alleged

7   22 claims for relief and re-pled claims that had already been dismissed with prejudice.  However,

8   the court subsequently struck the 138-page Second Amended Complaint pursuant to the parties'

9   stipulation.  (Order, Sept. 8, 2011, Dkt. No. 67.)  In approving the parties' stipulation and

10  permitting the filing of a revised Second Amended Complaint, the court cautioned plaintiff as

11  follows:

12          *The Second Amended Complaint must comply with Judge Karlton's Order*
            *of August 1, 2011 (Dkt. No. 58) and the Findings and Recommendations*
13          *(Dkt. No. 49) adopted in full therein.  Any nonconforming portion(s) of the*
            *Second Amended Complaint may be subject to a Motion to Strike and/or*
14          *may be stricken sua sponte.  If plaintiff files a Second Amended Complaint*
            *that does not substantially comply with the applicable Order (Dkt. No. 58)*
15          *and Findings and Recommendations (Dkt. No. 49) adopted in full therein,*
            *plaintiff may be subject to sanctions, including the potential dismissal of*
16          *his case, for failure to comply with order(s) of the court.*

17  (Id. at 1-2 (emphasis in original).)  The court also cited numerous legal authorities relevant to the

18  question of sanctions, including dismissal, for failing to follow the court's order.  (Id. at 2 n.1.)

19          Plaintiff filed his revised Second Amended Complaint on September 12, 2011,

20  which alleged eight claims for relief and appears to have largely conformed to the scope of the

21  leave granted by the court (Dkt. No. 68).  However, on September 30, 2011, before defendants

22  could respond to the Second Amended Complaint, plaintiff filed a motion for leave to amend and

23  a proposed Third Amended Complaint (Dkt. No. 70).

24

25          [3] Judge Karlton later denied plaintiff's motion for reconsideration of Judge Karlton's order
     partially granting and partially denying plaintiff's first motion for reconsideration.  (Order, Mar. 29,
26   2012, Dkt. No. 87.)

1    On October 3, 2011, defendants filed a motion to dismiss plaintiff's *Second*

2    *Amended Complaint* (Dkt. No. 71).  As a result of the competing motions for leave to file a

3    Third Amended Complaint and to dismiss the Second Amended Complaint, and the possibility

4    that plaintiff's motion for leave to amend might ultimately moot the motion to dismiss in whole

5    or part, the court ordered that plaintiff's motion for leave to amend would be heard first and that

6    the motion to dismiss the Second Amended Complaint would be held in abeyance, subject to

7    being re-noticed if necessary.  (Order, Oct. 17, 2011, at 3-4, Dkt. No. 80.)

8    The hearing on plaintiff's motion for leave to amend and file a Third Amended

9    Complaint was subsequently vacated due to plaintiff's then-pending second motion for

10   reconsideration, which could have also affected the scope of any further leave to amend.  (See

11   Order, Oct. 28, 2011, at 2-3, Dkt. No. 83.)  The court ordered that: "Following the complete

12   resolution of plaintiff's Motion for Reconsideration (Dkt. No. 59), and depending on how that

13   motion is resolved, if plaintiff wishes to proceed with his Motion to Amend (Dkt. No. 70),

14   plaintiff may re-notice that Motion and set a new hearing date or file a different motion to

15   amend."  (Order, Oct. 28, 2011, at 3.)

16   After Judge Karlton denied plaintiff's motion for reconsideration (Order, Mar. 29,

17   2012), and the court reminded plaintiff that he had not yet re-noticed his motion for leave to

18   amend (Order, Apr. 25, 2012, Dkt. No. 88), plaintiff filed another motion for leave to amend that

19   attached plaintiff's revised proposed Third Amended Complaint (Dkt. No. 89), which constituted

20   plaintiff's second version of the proposed Third Amended Complaint.  The court denied

21   plaintiff's motion for leave to amend without prejudice on the grounds that the prolix, 140-page

22   proposed Third Amended Complaint violated Federal Rule of Civil Procedure 8(a).  (See Order,

23   May 15, 2012, at 2-3, Dkt. No. 92.)  The court provided plaintiff with 45 days to file a motion for

24   leave to amend and advised, but did not require, plaintiff to shorten his Third Amended

25   Complaint to under 50 pages.  (Id. at 3.)

26   ////

On June 19, 2012, plaintiff filed the motion for leave to amend that is pending before the court.  Plaintiff's further revised proposed Third Amended Complaint (Dkt. No. 98)—i.e., plaintiff's third version of the proposed Third Amended Complaint—is 50 pages long and alleges the following 13 claims: (1) fraud; (2) "promissory estopple [*sic*]"; (3) violation of RESPA, 12 U.S.C. §§ 2605 et seq.; (4) violations of 12 C.F.R. § 560.101 and California Civil Code § 2923.6; (5) "preempted/ unlawful foreclosure"; (6) "improper foreclosure process"; (7) defamation; (8) negligence and negligent misrepresentation; (9) violation of RICO; (10) Intentional Infliction of Emotional Distress; (11) "elder abuse"; (12) violation of the federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq.; and (13) violation of California's UCL.  (See Proposed Third Am. Compl. at 1.)

II.      LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings before trial and, in relevant part, provides:

> **(a) Amendments Before Trial.**
>
>> **(1)** *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
>>
>>> **(A)** 21 days after serving it, or
>>>
>>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>>
>> **(2)** *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Rule 15(a)(2), which applies here, provides that leave to amend should be freely given "when justice so requires," and the Ninth Circuit Court of Appeals has stated that "requests for leave should be granted with 'extreme liberality.'"  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).  However, the Court of Appeals has also cautioned that

1   "liberality in granting leave to amend is subject to several limitations," which include "undue

2   prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v.

3   Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks

4   omitted); accord AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir.

5   2006).[4]  It has also advised that a "district court's discretion to deny leave to amend is

6   particularly broad where plaintiff has previously amended the complaint." Cafasso, 637 F.3d at

7   1058 (citations and quotation marks omitted).

8   III.   DISCUSSION

9           The undersigned recommends that plaintiff's motion for leave to amend be

10  granted in part and denied in part.  The undersigned addresses the claims raised in the third

11  version of the proposed Third Amended Complaint below.

12          However, before addressing plaintiff's most recent proposed amendment, the

13  undersigned notes that in opposing plaintiff's motion, defendants devoted a substantial portion of

14  their brief to their request that plaintiff's case be involuntarily dismissed pursuant to Federal Rule

15  of Civil Procedure 41(b) on the basis of plaintiff's failure to follow the court's orders by filing a

16  Second Amended Complaint that did not comply with the leave given to plaintiff.  (Def.'s Opp'n

17  at 5-8.)  The undersigned recommends that defendants' request that the court involuntarily

18  dismiss this case be denied.  First, defendants did not file a noticed motion to dismiss on such

19  grounds and, therefore, defendants' request is not properly before the court.  Second, although

20  there is an arguable basis for such a motion, dismissal is at present simply too harsh a sanction.

21  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that "dismissal is a harsh

22  penalty and, therefore, it should only be imposed in extreme circumstances").  Moreover, the

23  public policy in favor of hearing cases on the merits presently favors denying defendants'

24

25          [4]  In terms of evaluating undue delay, courts inquire as to "whether the moving party knew
    or should have known the facts and theories raised by the amendment in the original pleading."
26  AmerisourceBergen Corp., 465 F.3d at 953 (citation and quotation marks omitted).

1  request.[5]

2         Turning to the proposed amendment, the undersigned addresses plaintiff's

3  proposed claims in turn.  First, the undersigned recommends that plaintiff be granted leave to

4  amend in regards to his claims of fraud and "promissory estopple [*sic*]."  Plaintiff was granted

5  leave to amend his fraud claims premised on representations regarding the modification of

6  plaintiff's loans when his First Amended Complaint was dismissed, and plaintiff's revised

7  allegations of fraud are consistent with the leave granted.  (See Prop. Third Am. Compl. ¶¶ 27-

8  46.)  Defendants do not argue otherwise in their opposition brief.  Additionally, plaintiff's

9  "promissory estoppel" claim, which alleges that plaintiff withdrew funds from his retirement

10  account in reliance on defendants' agent's representations that such withdrawal would lead to a

11  loan modification, is in effect a claim of "promissory fraud."[6]  (See id. ¶¶ 48-57.)  Although

12  plaintiff was not specifically granted leave to allege a claim of promissory fraud, plaintiff simply

13  separated his existing allegations of promissory fraud from his other allegations of fraud for the

14  sake of clarity.  Plaintiff was granted leave to amend what was in essence a promissory fraud

15  claim, and he now alleges promissory fraud as a separate claim.  (Compare Order & Findings &

16  Recommendations, Mar. 22, 2011, at 19-20, with Prop. Third Am. Compl. ¶¶ 27-46.)

17  Accordingly, the undersigned recommends that plaintiff be granted leave to amend with respect

18  to his fraud and promissory fraud claims, which are identified as his first and second claims for

19  relief.

20  

21      [5]  The undersigned notes that defendants' counsel did not argue in favor of involuntary
22  dismissal at the hearing.  Instead, after the court announced a tentative ruling at the outset of the
hearing, defendants' counsel stated that he found the proposed disposition of plaintiff's motion for
leave to amend to be satisfactory.

23  

24      [6]  The California Supreme Court has described a claim for "promissory fraud" as "a
subspecies of the action for fraud and deceit."  Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909
25  P.2d 981, 985 (1996); see also Cal. Civ. Code § 1710(4) (defining deceit as, in part, "[a] promise,
made without any intention of performing it").  Thus, "[a]n action for promissory fraud may lie
26  where a defendant fraudulently induces the plaintiff to enter into a contract."  Lazar,12 Cal. 4th at
638, 909 P.2d at 985.

Second, the undersigned recommends that plaintiff's motion for leave to amend be granted with respect to plaintiff's RESPA claim, his proposed third claim for relief. Plaintiff was granted leave to amend his RESPA claim on the basis of existing and new facts. (Order, Aug. 1, 2012, at 7.) Plaintiff amended his RESPA claim and alleged additional facts. (See Prop. Third Am. Compl. ¶¶ 58-64.) Accordingly, the undersigned recommends that the court grant plaintiff's motion for leave to amend his RESPA claim.

Third, the undersigned recommends that plaintiff's motion for leave to amend be denied insofar as plaintiff seeks to add claims for alleged violations of 12 C.F.R. § 560.101 and California Civil Code § 2923.6.[7] At bottom, plaintiff was not granted leave to allege such claims when the court dismissed plaintiff's First Amended Complaint. Additionally, plaintiff has not argued any persuasive basis for leave to add these claims in his moving papers. Similarly, the facts alleged in support of this new claim appear to have been available to plaintiff when he filed

---

[7] Relevant to plaintiff's purported claim, 12 C.F.R. §§ 560.101(a)-(b)(1)(i) require savings associations to adopt and maintain written policies establishing limits and standards for extensions of credit secured by real estate liens, which must be consistent with "safe and sound banking practices." In regards to California Civil Code § 2923.6, that code section provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a polling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:

> (1) The loan is in payment default, or payment default is reasonably foreseeable.

> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

1   his First Amended Complaint, and plaintiff has not explained why he delayed until now to add

2   such a claim.  Moreover, in terms of the futility of the proposed amendment, California Civil

3   Code § 2923.6 does not create a private right of action.  See, e.g., Rodriguez v. JP Morgan Chase

4   & Co., 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011) (dismissing a plaintiff's claim premised on

5   California Civil Code § 2923.6 because "Section 2923.6 does not require loan servicers to

6   modify loans, and it does not create a private right of action for borrowers"); see also Yulaeva v.

7   Greenpoint Mortgage Funding, Inc., No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at *11

8   n.13 (E.D. Cal. Sept. 3, 2009) (unpublished) (noting that California Civil Code § 2923.6 only

9   imposes a duty on members of a loan pool to one another, not to borrowers).  Accordingly, the

10  undersigned recommends that plaintiff be denied leave to add his proposed fourth claim for relief

11  premised on alleged violations of 12 C.F.R. § 560.101 and California Civil Code § 2923.6.

12          Fourth, the undersigned recommends that plaintiff be denied leave to add his

13  proposed fifth and sixth claims for "preempted/unlawful foreclosure" and "improper foreclosure

14  process," respectively.  Plaintiff's claims for wrongful foreclosure and quiet title were dismissed

15  with prejudice, and the court denied plaintiff's motions for reconsideration in this regard.  Yet

16  plaintiff persists in pursuing these claims by attempting to end-run the court's orders.  Although

17  plaintiff purports to premise these claims, in part, on newly acquired handwriting analyses that

18  allegedly evidence "robosigning" of foreclosure-related documents, plaintiff's claims for

19  "preempted/unlawful foreclosure" and "improper foreclosure process" are in reality re-packaged

20  claims for wrongful foreclosure designed to avoid the court's prior orders dismissing that claim

21  with prejudice.  Indeed, plaintiff's wrongful foreclosure claim alleged in the First Amended

22  Complaint included allegations concerning "robosigning."  (See First Am. Compl. ¶ 298.)

23  Accordingly, the court should not grant plaintiff leave to add these two claims.

24          Fifth, the undersigned recommends that plaintiff be granted leave to add his newly

25  alleged defamation claim, identified as the seventh claim for relief.  Plaintiff alleges that he was

26  defamed by defendants when, in violation of the court's preliminary injunction in this case (Dkt.

No. 21), defendants posted a notice of trustee's sale at two of plaintiff's properties and published notices of sale in newspapers.  (See Prop. Third Am. Compl. ¶¶ 90-100.)  Plaintiff's defamation claim is premised on events in this case that transpired after commencement of the action and are essentially part of the same set of operative facts as plaintiff's other claims, and plaintiff did not delay in raising this claim.

Sixth, the undersigned recommends that plaintiff be permitted to amend his negligence and negligent misrepresentation claims in part.  The court previously granted plaintiff leave to amend his claims of negligence and negligent misrepresentation insofar as those claims arose "from defendants' alleged representations during the loan modification application process."  In his most recent proposed Third Amended Complaint, plaintiff premises his combined negligence and negligent misrepresentation claim on four broad categories of conduct: (a) defendants' conduct in connection with the loan modification process (Third Am. Compl. ¶¶ 104-107); (b) defendants' attempted foreclosure of plaintiff's property, which plaintiff labels "Preempted Foreclosure" (id. ¶¶ 108-110); (c) defendants' negligent acts of noticing a trustee's sale of two of plaintiff's properties in violation of the court's preliminary injunction (id. ¶¶ 111-13); and (d) defendants' alleged use of use "robosigning," which plaintiff's labels as "Improper Foreclosure Process" (id. ¶¶ 114-118).

In short, plaintiff should be granted leave to amend to state a claim for negligence and negligent misrepresentation insofar as that claim is premised on conduct relating to the loan modification process and the trustee sales noticed in violation of the court's preliminary injunction.  Plaintiff was expressly granted leave to amend this claim insofar as the loan modification process was concerned, and the injunction-related allegations arose mid-litigation. However, the rest of plaintiff's claim consists of plaintiff's "preempted foreclosure" and "improper foreclosure process" claims for which leave should not be granted.  Accordingly, plaintiff's negligence and negligent misrepresentation claim should be narrowed and should exclude plaintiff's allegations pertaining to "Preempted Foreclosure" and "Improper Foreclosure

11

1    Process."

2          Seventh, the undersigned recommends that plaintiff's motion for leave to amend

3    be partially granted insofar as his RICO claim is concerned.  The court previously granted

4    plaintiff leave to amend his RICO claim "based upon his allegations of fraudulent statements

5    made in connection with the loan modification process."  (Order & Findings &

6    Recommendations, Mar. 22, 2011, at 36.)  To the extent that plaintiff has attempted to amend his

7    pleading in that regard, plaintiff's RICO claim in his proposed Third Amended Complaint should

8    be retained.  (Third Am. Compl. ¶¶ 124-27.)  However, plaintiff's most recent RICO claim

9    includes plaintiff's claims based on "robosigning" (id. ¶¶ 128-37).  Plaintiff's claim should not

10   be permitted to proceed insofar as it relies on "robosigning" allegations because it exceeds the

11   leave previously granted and is yet another attempted end-run around the court's dismissal of

12   plaintiff's wrongful foreclosure claim.

13         Eighth, the undersigned recommends that plaintiff's motion for leave to amend be

14   partially granted in regards to plaintiff's new claim of intentional infliction of emotional distress

15   ("IIED").  Plaintiff's IIED claim includes two aspects: (1) allegations pertaining to the loan

16   modification process (Prop. Third Am. Compl. ¶¶ 140-43); and (2) allegations pertaining to

17   defendants' posting of notices of trustee's sales in violation of the court's preliminary injunction

18   (id. ¶¶ 144-48).  As to the loan modification-related allegations, the undersigned recommends

19   that plaintiff's motion be denied because plaintiff knew or should have known of those facts

20   when he filed his First Amended Complaint but chose not to pursue an IIED claim at that time.

21   Plaintiff has not explained his delay in raising such a claim.  However, plaintiff should be

22   granted leave to amend to add allegations of IIED in relation to defendants' violation of the

23   preliminary injunction, for the same reasons stated above in regards to plaintiff's defamation

24   claim.

25         Ninth, the undersigned recommends that plaintiff's motion be denied in regards to

26   plaintiff's "elder abuse" claim (see Prop. Third Am. Compl. ¶¶ 149-58).  Plaintiff was not

1   granted leave to add such a claim, and plaintiff's moving papers do not substantiate why he

2   should be permitted to add such a claim nearly two years into this litigation.  Moreover,

3   plaintiff's elder abuse claim is premised on factual allegations known to plaintiff when he filed

4   his First Amended Complaint, and plaintiff has not explained his delay in pursuing such a claim.

5          Tenth, plaintiff's proposed Third Amended Complaint includes a new, lengthy,

6   multi-headed claim that defendants violated the federal Truth In Lending Act, 15 U.S.C. §§ 1601

7   et seq., which dramatically seeks to expand the scope of this lawsuit.  (See Prop. Third Am.

8   Compl. ¶¶ 159-93.)  The undersigned recommends that plaintiff's motion for leave to add this

9   TILA claim be denied for three reasons.  As an initial matter, plaintiff was not granted leave to

10  add a TILA claim when the court resolved defendants' motion to dismiss the First Amended

11  Complaint.

12         More importantly, plaintiff unreasonably delayed in raising his TILA claim.  In

13  attempting to mitigate his delay, plaintiff alleges that he is entitled to equitable tolling because he

14  only found out about the availability of such a TILA claim in mid-January 2012, after having a

15  discussion with his neighbor about his neighbor's lawsuit.  (See Prop. Third Am. Compl. ¶ 191.)

16  Plaintiff essentially decided to add a TILA claim after reviewing his own loan documents

17  alongside his neighbor's class action lawsuit.  (Id.)  At the hearing, plaintiff argued, rather

18  unbelievably, that "no reasonable person" could have known of the viability of such a TILA

19  claim without first reading his neighbor's class action complaint.  In reality, it readily appears

20  that plaintiff just happened to learn about additional claims to allege against defendants after

21  talking to a neighbor.  Plaintiff failed to raise this claim in his First Amended Complaint and

22  other proposed amended complaints, and plaintiff's explanation of his delay in bringing such a

23  claim demonstrates a lack of diligence up to this point in the proceedings.  Accordingly, the

24  undersigned recommends that plaintiff be denied leave to add his TILA claim at this point in the

25  litigation.

26  ////

1          Furthermore, the undersigned recommends that plaintiff be denied leave to add his

2    TILA claim on the additional ground that such an amendment would be futile.  Plaintiff seeks

3    damages in connection with his TILA claim, and that claim is predicated on the alleged failure to

4    provide certain required disclosures in loan documents.  (See Prop. Third Am. Compl. ¶¶ 161,

5    193.)  Because plaintiff only seeks civil damages, a one-year limitation period applies to

6    plaintiff's TILA claim and began to run on the date of the consummated loan transactions.[8]  See

7    15 U.S.C. § 1640(e); King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986) (holding that

8    the limitations period stated in 15 U.S.C. § 1640(e) "runs from the date of consummation of the

9    transaction").  It is undisputed that the loan transactions at issue were consummated earlier than

10   September 15, 2009, one year prior to the date plaintiff originally filed his lawsuit in state court.

11   (See Notice of Removal, Ex. A; see also First Am. Compl. ¶ 23 (alleging that by March 2008,

12   plaintiff owned 18 properties, 16 of which were investment properties).)  Critically, the Ninth

13   Circuit Court of Appeals has held that it applies equitable tolling "in situations where, *despite all*

14   *due diligence*, the party invoking equitable tolling is unable to obtain vital information bearing on

15   the existence of the claim."  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045

16   (9th Cir. 2011) (emphasis added).  Plaintiff has not shown that he was unable to learn of "vital

17   information" bearing on his TILA claim "despite all due diligence."  Instead, plaintiff has shown

18   little diligence in regards to his TILA claim, raising such a claim only after a chance conversation

19   with a neighbor in January 2012.  Accordingly, plaintiff's TILA claim, which relies on equitable

20   tolling, is futile.

21         Finally, plaintiff seeks to amend his unfair competition claim, and premises that

22   claim on all of the claims for relief addressed above.  (See Prop. Third Am. Compl. ¶¶ 194-206.)

23   In dismissing plaintiff's UCL claim stated in the First Amended Complaint, the court addressed

24

---

25     [8]  Nothing in the most recently proposed Third Amended Complaint suggests that plaintiff
     seeks a rescission remedy, to which an absolute, three-year statue of repose would apply.  See
26   McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012).

plaintiff's claim insofar as it was premised on plaintiff's allegations of fraud in the loan

modification process.  (See Order & Findings & Recommendations, Mar. 22, 2011, at 22-24 &

n.6.)  However, the court did not resolve whether any of plaintiff's other claims could support the

UCL claim, except that it explained that those claims that were dismissed with prejudice could

not form the basis of the UCL claim.  (Id. at 24 n.6.)  Consistent with the court's prior ruling, the

undersigned recommends that plaintiff's claim premised on California's UCL be permitted to

proceed to the extent he is granted leave to amend his other claims.

IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for leave to amend (Dkt. No. 97) be granted in part and

denied in part, and that, specifically, plaintiff be granted leave to pursue the following, narrowed

claims alleged in the proposed Third Amended Complaint (Dkt. No. 98):

a.    Plaintiff's first claim for relief, alleging fraud;

b.    Plaintiff's second claim for relief, alleging promissory fraud, albeit

labeled as a claim for "promissory estopple [sic]";

c.    Plaintiff third claim for relief, alleging violations of the Real Estate

Settlement Procedures Act, 12 U.S.C. §§ 2605 et seq.;

d.    Plaintiff's seventh claim for relief, alleging defamation;

e.    Plaintiff's eighth claim for relief, alleging negligence and negligent

misrepresentation claims only insofar as that combined claim concerns: (i) defendants' alleged

representations during the loan modification application process, and (ii) defendants' negligent

acts of noticing a trustee's sale of two of plaintiff's properties in violation of the court's

preliminary injunction;

f.    Plaintiff's ninth claim for relief, alleging violations of the

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, based upon allegations

of fraudulent statements made in connection with the loan modification process;

g.      Plaintiff's tenth claim for relief, alleging intentional infliction of emotional distress only insofar as it relates to defendants' violation of the preliminary injunction in this case; and

h.      Plaintiff's thirteenth claim for relief, alleging violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., be permitted to proceed to the extent that plaintiff is granted leave to amend his other claims

2.      Plaintiff's motion for leave to amend be denied in all other respects.

3.      Plaintiff's proposed Third Amended Complaint found at docket entry 98 be deemed the operative complaint, as narrowed above.

4.      Defendants be ordered to file an answer or other response to plaintiff's Third Amended Complaint within 14 days of the resolution of these proposed findings and recommendations.[9]

5.      Defendants' request for the involuntary dismissal of plaintiff's case be denied.

6.      Defendants' motion to dismiss the Second Amended Complaint (Dkt. No. 71) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

---

[9]  At the hearing, defendants' counsel suggested that defendants would file an answer to move this case along.  While the undersigned has stated a desire to move this case forward, of course defendants are not precluded from filing a motion to dismiss the Third Amended Complaint consistent with the Federal Rules of Civil Procedure.

16

Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  August 21, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE