IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER, et al.,

      Plaintiffs,                          No. 2:10-cv-02799 LKK KJN PS

      v.

WELLS FARGO BANK, NA, INC. et al.,

      Defendants.                   <u>ORDER</u>

/

Presently before the court is plaintiff's[1] motion ("Motion") filed pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), seeking certification that plaintiff may file an interlocutory appeal as to orders dismissing two of plaintiff's claims.[2] (Motion, Dkt. No. 104.) Defendants filed a written opposition ("Opposition"). (Opp'n, Dkt. No. 117.) The court took this matter under submission on the briefs and without oral argument. The undersigned has fully considered the parties' briefs, oral arguments, and appropriate portions of the record and, for the reasons that follow, denies the Motion.

---

[1] Although there are technically two plaintiffs in this case, an individual plaintiff and a trust controlled by him, the court uses the singular "plaintiff" in this order. Plaintiff proceeds without counsel in this action.

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I. BACKGROUND

Plaintiff's pending Motion comes on the heels of his previous motion pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54 Motion"). Plaintiff's Rule 54 Motion sought the entry of final judgment as to two of plaintiff's now-dismissed claims so that plaintiff could file an interlocutory appeal as to those claims, essentially the same relief that the pending Motion seeks. (Rule 54 Motion, Dkt. No. 91.) The undersigned denied the Rule 54 Motion through a written Order issued on July 2, 2012. (Order, Dkt. No. 102.) Three days later, on July 5, 2012, plaintiff filed the pending Motion seeking certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 104.)

Generally, this case involves plaintiff's loans and attempted loan modifications relating to several of plaintiff's pieces of real property, and plaintiff's default on some of those loans. Plaintiff sued the banks or other entities that made, acquired, serviced, or refused to modify the loans, and which ultimately attempted to foreclose on some of the properties. Plaintiff's 113-page First Amended Complaint alleged the following claims for relief against defendants: (1) fraud; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; (3) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) false advertising, Cal. Bus. & Prof. Code §§ 17500 et seq.; (5) violation of California Civil Code § 2943; (6) wrongful foreclosure proceedings; (7) quiet title; (8) unfair debt collection practices under state and federal law; (9) Racketeer Influenced and Corrupt Organizations ("RICO") violations, 18 U.S.C. §§ 1961 et seq.; and (10) negligent misrepresentation and negligence. (See First Am. Compl. ¶¶ 181-at pp. 56-103, Dkt. No. 19.)

On August 1, 2011, the court adopted findings and recommendations filed by the undersigned and dismissed some of plaintiff's claims with leave to amend and others with prejudice. (See Order, Aug. 1, 2011, Dkt. No. 58.) Relevant here, the court dismissed plaintiff's wrongful foreclosure and quiet title claims with prejudice on the grounds that those claims were preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461 et seq. (See Order and

2

Findings and Recommendations, Mar. 22, 2011, at 27-32, Dkt. No. 49, adopted by Order, Aug. 1, 2011, at 2, 7.)  The court also construed plaintiff's objections to the undersigned's findings and recommendations as a motion for reconsideration, and denied that motion in all respects relevant to the presently pending motion.  (See Order, Aug. 1, 2011, at 2.)  In its August 12, 2011 order, the court further explained the relevant HOLA preemption analysis.  (Id. at 2-4.)

Remaining unsatisfied with the court's ruling, plaintiff sought reconsideration of the order addressing plaintiff's first motion for reconsideration, arguing that the court committed "clear error" in its analysis of HOLA preemption (Dkt. No. 59).  After considering supplemental briefing, the court denied plaintiff's motion for reconsideration of the denial of plaintiff's first motion for reconsideration.  (Order, Mar. 29, 2012, Dkt. No. 87.)

Meanwhile, plaintiff filed a Second Amended Complaint and later filed a motion for leave to file a Third Amended Complaint (Dkt. No. 89) before the court could resolve defendants' motion to dismiss the Second Amended Complaint.  The undersigned denied plaintiff's motion for leave to amend without prejudice based on the deficiencies in the proposed Third Amended Complaint.  The undersigned granted plaintiff leave to file another motion for leave to amend no later than June 28, 2012, and held the motion to dismiss the Second Amended Complaint in abeyance pending resolution of plaintiff's motion for leave to amend.  (Order, May 14, 2012, Dkt. No. 92; see also Order, Oct. 17, 2011, Dkt. No. 80.)[3]  On June 19, 2012, plaintiff filed another motion for leave to file a Third Amended Complaint and a revised, proposed Third Amended Complaint (Dkt. Nos. 97-98).  Plaintiff's proposed Third Amended Complaint includes claims for "Preempted/Unlawful Foreclosure" and "Improper Foreclosure Process" that challenge defendants' right to foreclose on plaintiff's properties.  (See Proposed

---

[3] Notably, plaintiff's first proposed Third Amended Complaint—which had ballooned to 140 pages and from ten claims to eighteen claims—included claims entitled "Preempted/Unlawful Foreclosure" and "Improper Foreclosure Process" that again challenge defendants' right to foreclose on three of plaintiff's properties.  (See Proposed Third Am. Compl. ¶¶ 374-94, Dkt. No. 89, Doc. No. 89-2.)

3

Third Am. Compl. ¶¶ 73-89, Dkt. No. 98.)

The undersigned issued Findings and Recommendations recommending that plaintiff's motion for leave to amend (Dkt. No. 97) be granted in part and denied in part, and that plaintiff be granted leave to pursue some of his amended claims but not others. (Order, Aug. 22, 2012, Dkt. No. 115 at 15-17.) Plaintiff's "wrongful foreclosure" and "quiet title" claims are not among those the undersigned recommended that plaintiff be given leave to pursue. (Id.) The Findings and Recommendations were adopted by the District Judge on September 19, 2012 (Dkt. No. 123).

II.     LEGAL STANDARDS

Generally, parties may only appeal from, and appellate courts only have jurisdiction over, "final decisions of the district courts." See 28 U.S.C. § 1291. However, a non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011) (citing 28 U.S.C. § 1292(b)).[4] Section 1292(b) certification is a "narrow exception to the final judgment rule." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). The certification "serves the dual purpose of ensuring that [appellate] review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." U.S. v. W.R. Grace, 526 F.3d 499, 522 (9th Cir. 2008) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463

---

[4] "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis in original).

(1978)).

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese, 643 F.3d at 688. "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Id. However, a party's "strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion." Couch, 611 F.3d at 633 (citing cases). Where the party seeking certification has "not provided a single case that conflicts with the district court's construction or application of" the statute at issue, this weighs in favor of denying the motion. Id.

The Ninth Circuit Court of Appeals has held that an interlocutory appeal may "materially advance" the ultimate termination of litigation where reversal could eliminate parties from the case and might eliminate an entire class of claims against the remaining defendants. Reese, 643 F.3d at 688. However, an interlocutory appeal under Section 1292(b) does not "materially advance" the ultimate termination of litigation if it "might well have the effect of delaying the resolution" of the litigation. Shurance v. Planning Control Intern., Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (denying motion in part because the appeal probably could not be resolved until after the currently-scheduled trial date).

III.   DISCUSSION

In his pending motion, plaintiff argues that three previously-entered court orders should be certified for interlocutory appeal pursuant to Section 1292(b). According to plaintiff, the three orders at issue are: (1) an Order and Findings and Recommendations issued March 22, 2011 (Dkt. No. 49), which recommended the dismissal with prejudice of plaintiff's "wrongful foreclosure" and "quiet title" claims; (2) an Order issued August 1, 2011, which fully adopted the

Findings and Recommendations of March 22, 2011 (Dkt. No. 58); and (3) an Order issued March 29, 2012, which denied plaintiff's Motion for Reconsideration of the Order issued August 1, 2011 (Dkt. No. 87). Relevant here, these three orders collectively effectuate the dismissal, with prejudice, of plaintiff's "wrongful foreclosure" and "quiet title" claims on grounds that they are preempted by HOLA.

In its order issued August 1, 2011, the court stated,

> HOLA expressly preempts claims based on the "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2 (b)(10) (emphasis added). A state law that applies generally must be preempted by HOLA if, as applied, it falls under § 560.2(b). Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008); see also DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1124-26 (N.D. Cal. 2010) (detailed discussion and analysis of preemption under HOLA). Here, plaintiff seeks to add allegations that his mortgages were somehow transferred to or acquired by unknown entities. HOLA, however, expressly preempts claims based upon the sale or purchase of mortgages. 12 C.F.R. § 560.2(b)(10); see also Jarbo v. BAC Home Loan Servicing, No. 10-12632, 2010 WL 5173825, at *5 (E.D. Mich. Dec. 15, 2010) (concluding that claims resting upon alleged flaws in the "sale, transfer, acquisition, and/or investment in Plaintiff's mortgages" are specifically preempted by Section 560.2(b)(10)). Consequently, claims premised on allegations that an entity foreclosed upon a loan that was assigned to another party or for which that entity possessed no ownership interest at the time of foreclosure are preempted. [Footnote omitted.] Thus, the court adopts the findings and recommendations insofar as they deny plaintiff leave to amend to include these allegations because such amendment would be futile.

(Order, Aug. 1, 2011, Dkt. No. 58 at 2-3.) The order also included the following footnote: "The court notes that in a related, yet distinct contention as to whether a party need demonstrate actual possession of the underlying note to foreclose, courts in this district have 'unanimously concluded that in a non-judicial foreclosure,' actual possession is not required. See, e.g., Champlaie v. BAC Home Loans Servicing, 706 F. Supp. 2d 1029, 1045, 1048-49 (E.D. Cal. 2009)." (Order, Aug. 1, 2011, Dkt. No. 58 at 3 n.1.)

////

1  In his pending motion, plaintiff argues that his "wrongful foreclosure" and "quiet
2  title" claims are based upon his theory that the defendants are "not holders, holders in due course,
3  or parties in interest" for plaintiff's alleged real estate holdings. (Motion at 1.) Plaintiff clarifies
4  that while his claims were dismissed on grounds that HOLA preempts state laws imposing
5  requirements regarding "[p]rocessing, origination, servicing, sale or purchase of, or investment or
6  participation in, mortgages," plaintiff contends that "mortgages are not notes and claims based on
7  not ownership and assignment are not preempted by HOLA." (Id.) This is the contention upon
8  which plaintiff intends to base his immediate appeal.

    A. Whether There Is A Controlling Question Of Law As To Which There Is A Substantial Ground For Difference Of Opinion

11  The issue, as plaintiff has framed it, is whether HOLA preemption analysis
12  meaningfully differs when applied to claims about "notes" versus claims about "mortgages."
13  (Motion at 1-3.) Plaintiff explains that the court dismissed his claims in part pursuant to 12
14  C.F.R. § 560.2(b)(10), which preempts state laws purporting to impose requirements regarding
15  "processing, origination, servicing, sale or purchase of, or investment or participation in
16  *mortgages*." (Id. at 2 (citing 12 C.F.R. § 560.2(b)(10) (emphasis added by plaintiff)). Plaintiff
17  argues that the word "mortgage" in the above-quoted regulation means "mortgage as commonly
18  used and as defined by Cal. Civ. Code § 2920(a)[5]" and does "not mean the note that is evidence
19  of the obligation." (Id. at 3.) Plaintiff argues that because the word "notes" does not appear
20  above along with "mortgages," plaintiff's "claims based on allegation[s] that defendants are not
21  holders of his notes or are not parties in interest" are therefore not subject to HOLA preemption.
22  (Id.) In a nutshell, plaintiff "contends that notes are not mortgages" and thus that HOLA
23  preemption does not apply to claims related to "notes." (Id.) Plaintiff argues that this is a

---

[5] "A mortgage is a contract by which specific property, including an estate for years in real property, is hypothecated for the performance of an act, without the necessity of a change of possession." Cal. Civ. Code § 2920(a).

7

1  "controlling question of law."  (Id.)

2  Defendants counter that plaintiff's "notes are not mortgages" argument is

3  plaintiff's "pet" legal theory and does not amount to a "controlling question of law."  (Opposition

4  at 3.)

5  The undersigned finds that plaintiff has not presented a controlling question of

6  law involving a substantial ground for difference of opinion regarding "notes" and HOLA

7  preemption.  First, plaintiff has not cited a single case supporting his interpretation of 12 C.F.R. §

8  560.2(b)(10).  See Couch, 611 F.3d at 633 (where the party seeking certification has "not

9  provided a single case that conflicts with the district court's construction or application of" the

10 statute at issue, this weighs in favor of denying the motion.)  Second, district courts within this

11 circuit have rejected plaintiff's argument that instruments and "notes" are not "mortgages" and

12 are therefore outside the scope of 12 C.F.R. § 560.2(b)(10).  See, e.g. Thomas v. Deutsche Bank

13 Nat. Trust, No. C 12–00472 CRB, 2012 WL 1600434, at *2-3 (N.D. Cal. May 7, 2012)

14 (unpublished) (noting that "courts have previously determined that HOLA preempts claims based

15 on the proposition that a lender wrongfully securitized a loan and that it may not foreclose

16 because it does not 'hold the note'," and holding that "HOLA preempts all of Plaintiff's state law

17 claims that are based upon the underlying alleged securitization of the loan, and the issues

18 stemming from it"); Unlu v. Wells Fargo Bank N.A., No. 10-5422, 2011 WL 6141036, at *7

19 (N.D. Cal. Dec. 9, 2011) (unpublished) (denying leave to amend to challenge securitization of

20 mortgage because such would "seem to fall squarely within § 560.2(b)(10)'s specific preemption

21 of state claims that deal with 'investment' in mortgages"); Hague v. Wells Fargo Bank, N.A., No.

22 11–2366, 2011 WL 6055759, at *5 (N.D. Cal. Dec. 6, 2011) (unpublished) ("claims arising from

23 the transfer of negotiable instruments fall into the "sale or purchase" provision of section 560.2,

24 making claims of misconduct arising from the transfer of such instruments in a foreclosure

25 proceeding preempted by HOLA"); Ahmed v. Wells Fargo Bank & Co., No. 11-436, 2011 WL

26 1751415, at *4 (N.D. Cal. May 9, 2011) (unpublished) (finding challenge to foreclosure arising

out of securitization preempted by HOLA); Winding v. Cal–Western Reconveyance Corp., 2011 WL 221321, *11-12 (E.D. Cal. Jan. 24, 2011) (unpublished) (holding that "[S]ection 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given that they address 'sale or purchase of . . . or participation in, mortgages.'").

While the existence of these and other similar authorities does not necessarily preclude the presence of a "controlling question of law" involving a "substantial ground for difference of opinion," see Reese, 643 F.3d at 687-88, plaintiff has neither addressed these authorities nor compellingly supported his argument with other authorities.  The mere suggestion that, in plaintiff's own view, HOLA preemption reaches only "mortgages" and not "notes" does not sufficiently present a "compelling" question or reveal a "substantial ground" for difference of opinion.  See Couch, 611 F.3d at 633.  Further, plaintiff filed his pending Motion just three days after the denial of a Rule 54 Motion that sought substantially the same relief plaintiff now seeks.  There is no question that plaintiff has a "strong disagreement" with the court's ruling, but he has not demonstrated a "substantial ground" for difference of opinion.  See id.

        B.        Whether An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation

Plaintiff argues that discovery in this case "will require significant time and expense," including crafting a discovery plan, drafting interrogatories and document requests, reviewing and producing documents, traveling to defendants' offices to perform and record depositions, and engaging in discovery motion practice. (Motion at 4.)  Plaintiff argues that claims for "wrongful foreclosure" and "quiet title" will require "production of different documents, construction and review of different interrogatories, and depositions from different agents."  (Id.)  Plaintiff argues that expanding discovery to include these claims in addition to his other claims will "cost less and take less time."  (Id.)  Plaintiff also argues that his "wrongful foreclosure" and "quiet title" claims are "totally severable" from his other claims.  (Id.)

9

Defendants respond that "nothing could be more uneconomical than to have a dual-tracking lower court action racing toward a final disposition . . . with an interlocutory appeal pending for 14 to 20 months." (Opp'n at 4.)

Plaintiff has not shown that an immediate appeal would materially advance the ultimate termination of this litigation. Plaintiff's proposed interlocutory appeal would not eliminate parties from the case and would not eliminate an entire class of claims against the remaining defendants. See Reese, 643 F.3d at 688. Further, plaintiff's "wrongful foreclosure" and "quiet title" claims are not "totally severable" from his other claims for the reasons described in the Order denying plaintiff's Rule 54(b) Motion. (Order, July 7, 2012, Dkt. No. 102 at 6-7.) There is substantial factual overlap between these claims and the remaining claims, many of which challenge defendants' right to foreclose on plaintiff's properties. Therefore, the discovery plaintiff describes will likely occur anyway. Further, plaintiff has not convincingly explained his argument that *adding* two claims to his action would somehow *decrease* the amount of discovery to be done and thus speed the ultimate termination of this case. Also, as defendants correctly note (Opp'n at 4), plaintiff's immediate appeal would likely delay this case rather than expedite it. See Shurance, 839 F.2d at 1348 (denying certification where interlocutory appeal itself "might well have the effect of delaying the resolution" of the litigation).

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for certification pursuant to 28 U.S.C. § 1292(b) (Dkt. No. 104) is denied.

IT IS SO ORDERED.

DATED: September 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE