1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNLY R. BECKER, et al.,

11           Plaintiffs,                    No. 2:10-cv-02799 LKK KJN PS

12       v.

13   WELLS FARGO BANK, NA, INC. et al.,

14           Defendants.                    ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
15   _____/

16           Presently before the court is plaintiff's[1] "Motion For Preliminary Injunction" (the

17   "Motion").[2]  (Motion, Dkt. Nos. 126, 129 (re-filed motion)).  Plaintiff seeks a temporary

18   restraining order and preliminary injunction that would stop "all financial institutions regulated

19   by HOLA or the NBA from non-judicially foreclosing on any California homeowner's real

20   property."[3]  (Motion at 1.)  The undersigned takes the matter under submission on the briefs

21   _____

22       [1] Although there are technically two plaintiffs in this case, an individual plaintiff and a trust
     controlled by him, the court uses the singular "plaintiff" in this order.  Plaintiff proceeds without
23   counsel in this action.

24       [2] This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).
25

26       [3] "HOLA" is the Home Owners Loan Act, 12 U.S.C. §§ 1461 et seq.   The "NBA" is the
     National Bank Act, 12 U.S.C. §§ 21 et seq.

                                            1

without oral argument pursuant to Local Rule 230(g).  The undersigned has fully considered the moving papers and appropriate portions of the record and, for the reasons that follow, denies the Motion.

I.      BACKGROUND

Generally, this case involves plaintiff's loans and attempted loan modifications relating to several of plaintiff's pieces of real property, and plaintiff's default on some of those loans.  Plaintiff sued the banks or other entities that made, acquired, serviced, or refused to modify the loans, and which ultimately attempted to foreclose on some of the properties. Plaintiff's 113-page First Amended Complaint alleged the following claims for relief against defendants: (1) fraud; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; (3) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) false advertising, Cal. Bus. & Prof. Code §§ 17500 et seq.; (5) violation of California Civil Code § 2943; (6) wrongful foreclosure proceedings; (7) quiet title; (8) unfair debt collection practices under state and federal law; (9) Racketeer Influenced and Corrupt Organizations ("RICO") violations, 18 U.S.C. §§ 1961 et seq.; and (10) negligent misrepresentation and negligence.  (See First Am. Compl. ¶¶ 181-at pp. 56-103, Dkt. No. 19.)

On August 1, 2011, the district judge adopted findings and recommendations filed by the undersigned and dismissed some of plaintiff's claims with leave to amend and others with prejudice.  (See Order, Aug. 1, 2011, Dkt. No. 58.)  The court dismissed plaintiff's wrongful foreclosure and quiet title claims with prejudice on the grounds that those claims were preempted by the HOLA, 12 U.S.C. §§ 1461 et seq.  (See Order and Findings and Recommendations, Mar. 22, 2011, at 27-32, Dkt. No. 49, adopted by Order, Aug. 1, 2011, at 2, 7.)  The court also construed plaintiff's objections to the undersigned's findings and recommendations as a motion for reconsideration and denied it insofar as it challenged the dismissal of the wrongful foreclosure and quiet title claims.  (See Order, Aug. 1, 2011, at 2.)  In its August 1, 2011 order, the court further explained the relevant HOLA preemption analysis.  (Id. at 2-4.)

1      Remaining unsatisfied with the court's ruling, plaintiff sought reconsideration of

2   the order addressing plaintiff's first motion for reconsideration, arguing that the court committed

3   "clear error" in its analysis of HOLA preemption (Dkt. No. 59).  After considering supplemental

4   briefing, the court denied plaintiff's motion for reconsideration of the denial of plaintiff's first

5   motion for reconsideration.  (Order, Mar. 29, 2012, Dkt. No. 87.)

6      Meanwhile, plaintiff filed a Second Amended Complaint and later filed a motion

7   for leave to file a Third Amended Complaint (Dkt. No. 89) before the court could resolve

8   defendants' motion to dismiss the Second Amended Complaint.  The undersigned denied

9   plaintiff's motion for leave to amend without prejudice based on the deficiencies in the proposed

10  Third Amended Complaint.  The undersigned granted plaintiff leave to file another motion for

11  leave to amend no later than June 28, 2012, and held the motion to dismiss the Second Amended

12  Complaint in abeyance pending resolution of plaintiff's motion for leave to amend.  (Order,

13  May 14, 2012, Dkt. No. 92; see also Order, Oct. 17, 2011, Dkt. No. 80.)[4]  On June 19, 2012,

14  plaintiff filed another motion for leave to file a Third Amended Complaint and a revised,

15  proposed Third Amended Complaint (Dkt. Nos. 97-98).  Plaintiff's proposed Third Amended

16  Complaint includes claims for "Preempted/Unlawful Foreclosure" and "Improper Foreclosure

17  Process" that challenge defendants' right to foreclose on plaintiff's properties.  (See Proposed

18  Third Am. Compl. ¶¶ 73-89, Dkt. No. 98.)

19     The undersigned issued Findings and Recommendations recommending that

20  plaintiff's motion for leave to amend (Dkt. No. 97) be granted in part and denied in part, and that

21  plaintiff be granted leave to pursue some of his amended claims but not others.  (Order, Aug. 22,

22  2012, Dkt. No. 115 at 15-17.)  Plaintiff's "wrongful foreclosure" and "quiet title" claims are not

23

24      [4] Notably, plaintiff's first proposed Third Amended Complaint—which had ballooned to 140
    pages and from ten claims to eighteen claims—included claims entitled "Preempted/Unlawful
25  Foreclosure" and "Improper Foreclosure Process" that again challenge defendants' right to foreclose
    on three of plaintiff's properties.  (See Proposed Third Am. Compl. ¶¶ 374-94, Dkt. No. 89, Doc.
26  No. 89-2.)

1    among those the undersigned recommended that plaintiff be given leave to pursue.  (Id.)

2            The United States District Judge adopted the undersigned's Findings and

3    Recommendations on September 19, 2012.  (Dkt. No. 123.)  On September 29, 2012, defendants

4    moved to dismiss plaintiff's Third Amended Complaint.  (Dkt. No. 125.)  The motion to dismiss

5    is currently set to be heard on November 15, 2012.  (Dkt. Nos. 125, 127-28.)

6            Plaintiff's pending request for a preliminary injunction and temporary restraining

7    order, taken in context and given the foregoing, is perhaps most accurately construed as yet

8    another of plaintiff's protestations of orders issued previously in this action.  (E.g., Motion at 11

9    ("Plaintiff further requests the Court modify its orders denying plaintiff's claims of misconduct

10   surrounding the use of non-judicial foreclosure by the defendants and allow plaintiff to proceed

11   with any and all such claims").)  The undersigned nonetheless construes plaintiff's Motion as

12   plaintiff has framed it — as a request for immediate injunctive relief — and analyzes plaintiff's

13   request on its merits and pursuant to the rules governing the issuance such relief.

14   II.    LEGAL STANDARDS

15           The standard that governs the issuance of a preliminary injunction is

16   "substantially identical" to the standard that governs the issuance of a temporary restraining

17   order.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir.

18   2001); see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320,

19   1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the

20   standard for issuing a preliminary injunction."); accord Cal. Independent Sys. Operator Corp. v.

21   Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

22           "A plaintiff seeking a preliminary injunction must establish that he [or she] is

23   likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence

24   of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction

25   is in the public interest."  Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374

26   (2008); accord Earth Island Institute v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010).  The Ninth

4

1    Circuit Court of Appeals has "also articulated an alternate formulation of the <u>Winter</u> test, under

2    which 'serious questions going to the merits' and a balance of hardships that tips sharply towards

3    the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows

4    that there is a likelihood of irreparable injury and that the injunction is in the public interest."

5    <u>Farris v. Seabrook</u>, 677 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted) (quoting

6    <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).  With respect to

7    the validity of the four-part test prior to <u>Winter</u>, the Ninth Circuit Court of Appeals has clarified

8    that, "[t]o the extent prior cases applying the 'serious questions' test have held that a preliminary

9    injunction may issue where the plaintiff shows only that serious questions going to the merits

10   were raised and the balance of hardships tips sharply in the plaintiff's favor, without satisfying

11   the other two prongs, they are superseded by <u>Winter</u>, which requires the plaintiff to make a

12   showing on all four prongs."  <u>Cottrell</u>, 632 F.3d at 1135 (clarifying four-part test under <u>Winter</u>)

13   (citing <u>Miller v. Gammie</u>, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

14           "An injunction is a matter of equitable discretion" and is "an extraordinary

15   remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such

16   relief."  <u>Winter</u>, 129 S. Ct. at 376, 381; <u>accord</u> <u>Earth Island Institute</u>, 626 F.3d at 469-70.  "A

17   preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter</u>, 129 S. Ct.

18   at 376.

19   III.    DISCUSSION

20           As a preliminary matter, the undersigned notes that the court previously granted

21   plaintiff's earlier request for preliminary injunction and found that plaintiff demonstrated a

22   "likelihood of success on the merits" with respect to claims for fraud and breach of contract with

23   respect to plaintiff's properties at issue herein.  (<u>See generally</u>, Preliminary Injunction, Dkt. No.

24   21 at 11-14.)  Plaintiff's current argument regarding a "likelihood of success on the merits" is

25   one paragraph long and substantially differs from his previously-successful request.  (<u>Compare</u>

26   Dkt. No. 14 at 1-5 (detailing timeline of events regarding impending foreclosure of three specific

1   properties and arguing a "likelihood of success on the merits" with respect to fraud and contract

2   claims) with Motion at 3-4 (arguing a "likelihood of success on the merits" with respect to

3   plaintiff's legal argument that "this Court's orders and other orders of California District Courts"

4   violate homeowners' rights.)  Whether plaintiff is likely to succeed in his efforts to appeal certain

5   court orders is not the issue for the first prong of the Winter analysis; the issue is whether *the*

6   *underlying claims in plaintiff's pleading* are likely to succeed on the merits.  See e.g., Winter,

7   129 S. Ct. at 375 (issue was "likelihood of success on the merits of" a claim in plaintiff's

8   pleading); Pimentel v. Dreyfus, 670 F.3d 1096, 1111 (9th Cir. 2012) (reversing district court's

9   grant of preliminary injunction on grounds that plaintiff had not shown that she "will not succeed

10  on the merits *of her claims*" that were alleged in the pleading) (emphasis added).)

11          The undersigned notes that the court previously found a likelihood of success on

12  the merits of plaintiff's fraud claim.  (Preliminary Injunction, Dkt. No. 21.)  The likelihood of

13  success on the merits of plaintiff's claims for purposes of plaintiff's prior request for an

14  injunction, which narrowly sought relief with respect to three of plaintiff's own properties, does

15  not necessarily translate to a likelihood of success on the merits for purposes of plaintiff's

16  pending request, which broadly seeks relief with respect to all properties in the state of

17  California.  (Compare Motion with Dkt. No. 14.)  Nevertheless, notwithstanding plaintiff's

18  deficient "likelihood of success on the merits" argument (Motion at 3-4), considering that

19  plaintiff was previously able to show a "likelihood of success on the merits" with respect to some

20  of his claims, the undersigned assumes *arguendo* that plaintiff meets the first element of the

21  Winter test and proceeds to the next element.

22          Glaringly absent from the Motion is any showing by plaintiff that he is personally

23  likely to suffer irreparable harm in the absence of preliminary relief.  See Winter, 129 S. Ct. at

24  374; Earth Island Institute, 626 F.3d at 469.  Although plaintiff uses legal buzzwords such as

25  "threat of irreparable injury" and "irreparable harm," those conclusory terms are not tethered to

26  any facts that suggest that plaintiff himself is actually likely to suffer irreparable harm in the

1   absence of emergency or preliminary relief.  (Motion at 5.)

2   Plaintiff urges that because any given non-judicial foreclosure in California might

3   be erroneous, fraudulent, or initiated by an entity with "no beneficial interest" in the property or

4   loan, and because district courts have held that certain state foreclosure statutes are preempted,

5   all non-judicial foreclosures should be stopped and entities should be enjoined from foreclosing.

6   (Motion at 3 ("plaintiff is seeking a preliminary injunction enjoining defendants from foreclosing

7   on any homeowner's property."); 7 "[p]laintiff is seeking a preliminary injunction to enjoin

8   entities regulated by HOLA and the NBA from non-judicially foreclosing on any California

9   homeowners.")  Plaintiff's request is incredibly broad: he seeks to enjoin defendants *and* all

10  entities that are "regulated by HOLA and the NBA" from non-judicially foreclosing upon

11  plaintiff's own properties *and* "any homeowner's property" in California.  (Id. at 3, 7.)  As to the

12  requisite showing of immediate and irreparable harm, plaintiff generally alleges that "[i]f

13  preliminary relief is not granted, defendants may non-judicially foreclose on any of plaintiff's

14  properties at any time by misconduct or by error."  (Id. at 4.)

15  In support of his request, plaintiff rehashes his legal arguments regarding

16  preemption that have already been ruled upon in this action, describes defendants' previous

17  improper attempts to foreclose upon his properties at issue in this action despite an already-

18  issued (and currently-operative) injunction (Dkt. Nos. 48, 103), and broadly urges that a similar

19  injunction be issued as to his other properties not at issue in this case, as well as to the properties

20  of all other homeowners in the state.  (Motion at 4.)  Defendants have previously been sanctioned

21  in this action for violating the court's order enjoining foreclosure sales on the three properties

22  owned by plaintiff and at issue in this action.  (Preliminary Injunction, Dkt. No. 21; Order, Dkt.

23  No. 103 (sanctioning defendants for violating the preliminary injunction a second time).)

24  Aside from the vague potentiality of defendants (and other entities regulated by

25  HOLA and the NBA) possibly erroneously foreclosing upon plaintiff's (and other homeowners')

26  properties "at any time," plaintiff has not articulated an actual "immediate" and irreparable harm

1   that is "likely" to occur.  See Winter, 129 S. Ct. at 374; Earth Island Institute, 626 F.3d at 469.

2   Indeed, the issue is "whether it was likely or merely possible that the alleged harm would take

3   place," and "a showing of a mere possibility of irreparable harm is not sufficient."  Earth Island

4   Institute, 626 F.3d at 474.  A plaintiff seeking a preliminary injunction "must establish that

5   irreparable harm is likely, not just possible."  Cottrell, 632 F.3d at 1131 (citing Winter, 555 U.S.

6   at 20–21).  Here, plaintiff's conjecture that foreclosures *may* improperly occur does not rise to

7   the level of showing an immediate and likely irreparable harm necessary to justify the requested

8   preliminary injunction with respect to plaintiff's properties not at issue in this case, let alone one

9   applicable to *all* homeowners and *all* potentially foreclosing entities.  See Cottrell, 632 F.3d at

10  1131; see also Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931) ("Injunction issues to

11  prevent existing or presently threatened injuries. One will not be granted against something

12  merely feared as liable to occur at some indefinite time in the future.").  The vague potential for

13  erroneous or fraudulent foreclosures that plaintiff describes is insufficient to warrant the relief

14  plaintiff requests, at least without more information elevating that vague potentiality to an actual

15  "likely" and "immediate" harm.  See Winter, 129 S. Ct. at 374; Earth Island Institute, 626 F.3d at

16  469; Cottrell, 632 F.3d at 1131.  Further, defendants' prior violations of the preliminary

17  injunction already operative in this case (Dkt. No. 21) do not demonstrate a current likely and

18  immediate harm to plaintiff's properties.  In any event, plaintiff remains able to seek emergency

19  injunctive relief should he learn that defendants are actually improperly proceeding with

20  foreclosure sales upon specific properties; indeed, he has successfully done so previously in this

21  action. (Dkt. Nos. 21, 121.)  Accordingly, because plaintiff has not shown he is presently likely

22  to suffer irreparable harm in the absence of preliminary relief, the undersigned recommends that

23  plaintiff's Motion be denied.[5]

24

25      [5]   Given plaintiff's failure to show a likelihood of immediate, irreparable harm, the
        undersigned declines to analyze the remaining elements of the Winter test, except to state that
26  plaintiff has not established that any of the other factors from Winter favor the grant of preliminary

Also within his Motion, plaintiff appears to request "leave to amend" his pleading to include claims under the "Fifth Amendment right to due process of law before loss of property." (Motion at 3-4.)  To the extent plaintiff's pending Motion can be construed as a request for leave to amend his pleading, the motion is denied.  If plaintiff truly wishes to request leave to amend his pleading, however, he may file the appropriate noticed motion and not make such a request in passing within his motion for a preliminary injunction.  The undersigned directs plaintiff to Federal Rule of Civil Procedure 15(a)[6] and Eastern District Local Rule 137(c)[7] in this

---

relief that plaintiff requests.  As described above, even assuming *arguendo* that plaintiff can show a likelihood of success on the merits with respect to his underlying claims, plaintiff has not made the necessary showing of the likelihood of immediate harm.  See Cottrell, 632 F.3d at 1135 (plaintiff must make a showing on *all four* prongs of the Winter test) (emphasis added); Farris, 677 F.3d at 864 (clarifying that even under the pre-Winter sliding-scale or "serious questions" analysis, plaintiff must necessarily show "a likelihood of irreparable injury" in order to obtain a preliminary injunction).

[6] Federal Rule of Civil Procedure 15(a) provides, in relevant part:

**(a) Amendments Before Trial.**

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1).

[7] Eastern District Local Rule 137(c) states,

If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, **counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave** and lodge a proposed order as required by these Rules. If the Court grants the motion, counsel shall

1   regard.

2         Plaintiff also requests, in passing, that the court "accept plaintiff's request for

3   RJN" at Docket Number 43.  (Motion at 11.)  The Request for Judicial Notice was not filed in

4   connection with plaintiff's pending Motion and does not clearly relate to the pending Motion.

5   Plaintiff has not explained exactly how the previously-filed Request for Judicial Notice (Dkt. No.

6   43) bears on the pending Motion.  Accordingly, the undersigned denies plaintiff's request to

7   "accept" the previously-filed Request for Judicial Notice.

8   IV.   <u>CONCLUSION</u>

9         Accordingly, IT IS HEREBY ORDERED that

10       1.   The hearing date currently set for plaintiff's pending Motion (Dkt. Nos.

11   126, 129) be vacated.

12         Further, IT IS HEREBY RECOMMENDED that

13       1.   Plaintiff's "Motion For Preliminary Injunction" (Dkt. Nos. 126, 129) be

14   denied.

15       2.   To the extent plaintiff intended his "Motion For Preliminary Injunction" to

16   serve as a motion to amend his pleadings, the motion is procedurally improper and should be

17   denied without prejudice to refiling.

18       3.   To the extent plaintiff requests that the court "accept plaintiff's request for

19   RJN" at Docket Number 43, the request should be denied for the reasons stated above.

20         These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22   days after being served with these findings and recommendations, any party may file written

23   

      file and serve the document in accordance with these Rules

24         and the Federal Rules of Civil and Criminal Procedure.

25   E. Dist. Local Rule 137(c) (emphasis added).  Plaintiff's motion does not include a proposed

26   amended complaint as an exhibit to his motion.

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  October 22, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11