1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNLY R. BECKER, et al.,                No.  2:10-cv-02799 TLN KJN PS

12              Plaintiffs,

13        v.                                  <u>ORDER</u>

14   WELLS FARGO BANK, NA, INC., et al.,

15              Defendants.

16

17        Currently pending before the court are two motions to compel filed by plaintiff Dennly R.

18   Becker ("plaintiff").[1]  (Mots. to Compel, ECF Nos. 145-46.)  Plaintiff filed the first motion to

19   compel on June 4, 2013, and he filed the parties' Joint Statement along with the motion.  (ECF

20   No. 145.)  Plaintiff filed the second motion to compel on June 7, 2013.  (ECF No. 146.)  No Joint

21   Statement was filed with that motion.

22        In a nutshell, both motions seek to compel further interrogatory responses from defendant

23   Wells Fargo Bank, NA ("defendant").  The first motion seeks to compel further responses to

24   plaintiff's "first set" of interrogatories numbering 1-3, 6-7, and 10-19.  (ECF No. 145 at 9.)[2]  The

25   _____

26   [1]    This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

27
     [2]    Where this order refers to specific page numbers within a particular filing, the numbers
28   stamped at the top right of the filed document shall be used.

                                            1

1    second motion seeks to compel further responses — without objections — to a "second set" of

2    interrogatories numbering from 20 to 25.  (ECF No. 146, Exh. 1.)

3         On June 27, 2013, defendant filed two opposition briefs targeting the two pending

4    motions, respectively.  (Opp'ns, ECF Nos. 149-50.)  According to defendant's briefing and

5    supporting declarations, the "second set" of interrogatories (and the subject of plaintiff's second

6    motion) represents the parties' continued meet and confer efforts regarding the "first set" of

7    interrogatories.  In other words, according to defendant the "second set" of interrogatories are

8    "not 'new' interrogatories but rather 'refinements' of" plaintiff's original interrogatories

9    numbering 6, 7, 11, 13, 14, and 16.  (Opp'n, ECF No. 149 at 3.)

10        Plaintiff concedes that his "second set" of interrogatories constitute a "reword[ing]" of his

11   first set.  (ECF No. 145 at 4.)  Plaintiff explains that he drafted the "second set" of interrogatories

12   after agreeing to revise his interrogatories during a meet and confer conference with defendant's

13   counsel, and that the "second set" "correspond[s] to some of the interrogatories in set one but

14   require more information."  (Id. at 9.)  Plaintiff further explains that, after conferring with

15   defendant's counsel about disputes pertaining to the first set of interrogatories, plaintiff "said he

16   would review and possibly rewrite and resubmit several interrogatories including numbers 6, 7,

17   11, 13, 14, 16, 17, and 18." [3]  (Id. at 13.)  Plaintiff states that he "reworded and resubmitted a few

18   of" the original interrogatories "in the spirit of cooperation" after the meet and confer

19   teleconference.  (Id.)  According to plaintiff, as to the "second set" of interrogatories,

20   "Interrogatory No. 6 corresponds to Interrogatory No. 20.  Interrogatory Nos. 21, 22, and 23

21   correspond to Interrogatory Nos. 11 and 13."  (Id.)

22        The undersigned appreciates the parties' *initial* attempt to meet and confer to resolve their

23   discovery disputes without judicial intervention.  However, the undersigned is troubled by

24   plaintiff's apparent decision to stop the parties' meet and confer efforts after only one

25   _____

26   [3]  Confusingly, plaintiff also explains that as to the reworded and resubmitted interrogatories,
     "For interrogatory nos. 11 and 13, plaintiff noted that Interrogatories 21-23 in the second set
     correspond to 11 and 13.  They do not replace interrogatories 11 and 13.  Interrogatories 21-23

27   require more information for a valid response.  Interrogatories 11 and 13 are valid as written and
     also require defendants to provide the information requested.  Therefore, it is not premature for

28   plaintiff to seek to compel responses to these interrogatories."  (ECF No. 145 at 7.)

1   teleconference on April 16, 2013.  (Declaration of David Newman ("Newman Decl."), ECF No.

2   149-1 at ¶ 2.)  The undersigned is also troubled by the timing of plaintiff's pending motions,

3   which appear to have been filed in the middle of the meet and confer process.[4]

4          The parties' briefing confirms that the meet and confer process has not yet fully run its

5   course with respect to the disputes about plaintiff's interrogatories.  For instance, during the meet

6   and confer teleconference on April 16, 2013, plaintiff agreed to revise some of his interrogatories

7   and defendant agreed to wait and respond to those revisions rather than to plaintiff's original

8   interrogatories.  (See id.)  A few weeks thereafter, plaintiff served the "second set" of

9   interrogatories.[5]  About two weeks later, on May 13, 2013, plaintiff served a draft motion to

10

11  [4]  Plaintiff's explanation reveals that the short turnaround time between the discovery
    disagreement and his filing the pending motions was motivated by his impatience and distrust of
12  defendant's counsel, but also confirms that the meet and confer process has not yet been
    exhausted:
13

            My concern is that if I had demanded [Mr. Newman] provide
14          responses to the second set of interrogatories by June 3, 2013, or
            waited until June 11, 2013 to receive the responses, the responses
15          would be the same garbage provided for the first set.  I would then
            have to schedule a meet and confer like I did for the first set of
16          interrogatories.  Mr. Newman would probably make a commitment
            to provide supplemental responses like he did for the first set.  Mr.
17          Newman would then probably ignore that commitment like he did
            for the first set.  I would then have to propose a Joint Statement like
18          I did for the first set.  Then Mr. Newman would then probably
            inform me that he was making supplemental responses, like he did
19          for the first set.  That would cause me to postpone filing a motion to
            compel while I waited for the responses like I did for the first set.
20          The supplemental responses would be more garbage, like they were
            for the first set.  However, Mr. Newman would claim that the
21          supplemental responses make a motion to compel moot, like he did
            for the first set.  Mr. Newman will have successfully wasted another
22          month or two of discovery.

23  (ECF No. 146 at 6.)

24
25  [5]  The parties dispute the date the "second set" of interrogatories were served.  Defendant asserts
    that plaintiff served the "second set" of interrogatories on May 6, 2013.  (ECF No. 145 at 14.)
26  Plaintiff asserts that he served the "second set" of interrogatories upon defendant by mail on May
    1, 2013.  (ECF No. 146 at 2.)  This dispute impacts defendant's ability to assert objections
27  pertaining to the "second set" of interrogatories.  For the reasons stated herein, however, at this
    time the undersigned declines to make any determination regarding the timing of plaintiff's
28  service of the "second set" of interrogatories.

                                        3

1   compel upon defendant and sought defendant's input in a Joint Statement regarding the disputes

2   about the "first set" of interrogatories.  (ECF No. 145 at 14.)  Plaintiff filed his first motion to

3   compel and a joint statement on June 4, 2013.  (ECF No. 145.)  Plaintiff filed his second motion

4   to compel responses to the "second set" just three days later on June 7, 2013, and did so without

5   first seeking to meet and confer with defendant's counsel based on plaintiff's belief that

6   defendant had failed to timely respond to the "second set" of interrogatories.  (ECF No. 146 at 2.)

7   Defendant has since provided objections-only responses to plaintiff's "second set" of

8   interrogatories.  (ECF No. 150-1, Exh. A.)

9          The undersigned denies plaintiff's motions without prejudice to refiling.  The undersigned

10  declines to reach the substantive merits of this discovery dispute at this time because the

11  discovery disagreement has not been properly put before the court in compliance with Eastern

12  District Local Rule 251.

13         Local Rule 251(b) provides, in part, that "Counsel for all interested parties shall confer in

14  advance of the filing of the motion or in advance of the hearing of the motion in a good faith

15  effort to resolve the differences that are the subject of the motion."  Meeting and conferring in

16  good faith to resolve the disagreement may require more than just one teleconference with

17  opposing counsel, however.  E.D. Cal. L.R. 251(c) (noting that the rule envisions meet and confer

18  "conference *or conferences*," plural) (emphasis added).  Fulfilling good faith meet and confer

19  obligations requires more than lip service.  Here, the parties' filings reveal that this particular

20  discovery disagreement requires more than *one teleconference* before the parties' good faith meet

21  and confer obligations are properly discharged.

22         The undersigned declines to reach the parties' arguments given this dispute's meet and

23  confer history, and given the parties' needlessly complicated presentation of the dispute to the

24  court.  At present, what is essentially one dispute about plaintiff's "first set" of interrogatories

25  remains confusingly spread across two separate discovery motions.  (ECF Nos. 145-46.)

26  Compounding this unnecessary confusion, there are several "second set" interrogatories that

27  confusingly "correspond to" original interrogatories, such that the "second set" appears best

28  construed as an *unfinished* meet and confer effort regarding the "first set."  Plaintiff himself

characterizes the "second set" of interrogatories as rewordings of certain interrogatories in his "first set" and as intended to "correspond" to certain "first set" interrogatories, indicating that the parties have not yet fully exhausted the meet and confer process with respect to disputes about the "first set."  Here, given that the timing of the "second set" suggests that those interrogatories were at least partially intended to serve as a further meet and confer effort regarding the "first set," it cannot be said that defendant completely failed to respond to new discovery requests thus triggering Local Rule 251(e) and permitting plaintiff to file his second discovery motion without a supporting joint statement.  In this particular case, the "second set" of interrogatories was drafted as part of a meet and confer effort regarding the "first set" and arising from the parties' teleconference of April 16, 2013, and is thus not the proper subject of an entirely separate discovery dispute warranting its own motion.  Further compounding the unnecessary confusion embroiling this disagreement — and making the court's involvement in the substance this dispute premature — is the fact that plaintiff's "second set" *also* purportedly "broadens" the scope of some of the "first set" interrogatories.  (ECF No. 145 at 4, 13.)  The "broader" portions of the "second set" may thus seek new information regarding which the parties have never met and conferred.  Absent extraordinary circumstances, the undersigned declines to waste judicial resources on discovery disagreements that the parties themselves have not yet made a complete and exhaustive effort to resolve.

The parties have not yet satisfactorily met and conferred to pare down their disputed issues with respect to plaintiff's interrogatories, nor have they met and conferred to properly put the disagreement before the court in a clear, organized format that would facilitate a resolution. The court is aware that plaintiff, a pro se litigant, has likely never before conducted discovery.[6]

---

[6]  Plaintiff may misunderstand what the meet and confer process entails with respect to written discovery.  The undersigned does not give plaintiff legal advice, and explains only that through meeting and conferring with opposing counsel through teleconferences and/or written communications, the party propounding the discovery requests typically clarifies, narrows, and refines his requests, among other things.  It is not typically necessary for the propounding party to issue "new" discovery requests with "new" numbers after meeting and conferring, especially when the propounding party merely wishes only to make minor adjustments to previously-propounded requests.  Among other things, propounding "new" requests can cause unnecessary confusion about which requests have already been the subject of previous meet and confer efforts,

1    Nevertheless, plaintiff has inadvertently protracted this disagreement by propounding an entire
2    "second set" of interrogatories intended to "correspond" to and help resolve disputes discussed
3    with opposing counsel regarding certain differently-numbered interrogatories from his first set.
4    Plaintiff has protracted this disagreement by also intending his "second set" to simultaneously
5    resolve disputes about his "first set" *and* simultaneously serve as new, *broader* interrogatories
6    that seek new information the parties have not clearly conferred about. Plaintiff has also
7    protracted this agreement by filing two separate discovery motions about what is primarily the
8    same ongoing discovery disagreement.  Plaintiff's approach to this discovery disagreement leaves
9    it to the undersigned to organize the mess, and this the undersigned declines to do.

10          Accordingly, plaintiff's pending motions (ECF Nos. 145-46) are denied without prejudice
11   to refiling.  The parties are directed to *continue their meet and confer efforts*, taking the time to
12   undertake further good faith efforts to attempt to completely resolve (or pare down) their
13   disagreements.  This means participating in more than one teleconference or letter/email
14   exchange to further such efforts.  This may also mean revising discovery requests, perhaps
15   several times.  This may also mean withdrawing objections and/or providing complete responses
16   despite those objections.  Should the parties find themselves absolutely unable to resolve their
17   disagreements without judicial intervention despite significant efforts to do so, only then may a
18   motion to compel be filed, and only *one Joint Statement re Discovery Disagreement* shall be filed
19   in connection therewith.  The court will not look favorably upon several separate filings and/or
20   several Joint Statements addressing what is essentially the same dispute.

21          As plaintiff and defendant may be aware, the docket is severely overloaded in this district.
22   While discovery disputes are a portion of this court's adjudicatory functions, unnecessary
23   discovery disputes are not.  Both parties are reminded that the court will not look favorably upon
24   discovery motions that waste scarce judicial resources, including discovery motions filed without
25   first exhausting the meet and confer process and without first truly working hard to avoid judicial
26   intervention.  If any party files a premature, needlessly confusing, or otherwise improper

27

28   and, alternatively, which requests require the launch of brand new meet and confer efforts.

discovery motion, that party will be subjected to sanctions.  Likewise, if any party unnecessarily obstructs the completion of legitimate discovery by declining to produce documents or respond to discovery based on improper objections or other similarly improper conduct, that party will be subjected to sanctions.

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motions to compel (ECF Nos. 145-46) are denied without prejudice to refiling.  The undersigned declines to reach any of the substantive issues raised within the motions for the reasons stated herein.

2.  The hearing date of July 11, 2013, in connection with plaintiff's motions (ECF Nos. 145-46) is vacated.

3.  The parties are directed to continue their meet and confer efforts regarding plaintiff's interrogatories, taking the time to make significant, good faith efforts to attempt to completely resolve (or at least pare down) their disagreements thereon.  This means participating in more than one teleconference or letter/email exchange to further such efforts.

4.  Should the parties find themselves absolutely unable to resolve their discovery disagreement without judicial intervention despite significant efforts to do so, only then may a motion to compel be filed, and only *one* Joint Statement re Discovery Disagreement shall be filed in connection with a given discovery dispute.  The court will not look favorably upon several separate filings and/or several Joint Statements addressing what is essentially the same dispute.

5.  Prior to the filing of any further motions to compel in this case, the parties are required to engage in significant meet and confer efforts regarding the disputed issues.  Both parties are reminded that the court will not look favorably upon discovery motions that waste scarce judicial resources, including discovery motions filed without first exhausting the meet and confer process and without first truly laboring to avoid judicial intervention.  If any party files a premature, needlessly confusing, or otherwise improper discovery motion, that party will be subjected to sanctions.  Likewise, if any

party unnecessarily obstructs the completion of legitimate discovery by raising improper objections or similarly improper conduct, that party will be subjected to sanctions.  Any party not fully cooperating in this process or acting so as to obstruct reasonable discovery may be subject to sanctions, monetary or otherwise.

IT IS SO ORDERED.

**Date:** <u>7/5/2013</u>

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8