UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-02799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, NA, INC., et al., | |
| Defendants. | |

On October 1, 2013, the undersigned's courtroom deputy received an email communication from plaintiff Dennly R. Becker ("plaintiff"), wherein plaintiff asks the court to schedule an informal discovery teleconference with the undersigned pursuant an order issued on September 25, 2013. (ECF No. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings).)  Plaintiff's email also contains a request that, in addition to the requisite joint two-page letter, plaintiff be given leave to file several meet and confer "letters and [an] email string," "three discovery documents provided by [defendant]," and plaintiff's request for production and defendant's responses thereto.  Plaintiff's letter to defendant's counsel was attached to plaintiff's email.

Except for its expression of a request to schedule a telephonic discovery conference with the undersigned, plaintiff's email runs afoul of the requirements stated in the undersigned's order of September 25, 2013 (ECF No. 163 at 4).  That order stated, in pertinent part,

1

> [N]o future written discovery motions will be allowed in this case without leave of court so as to avoid protracted discovery disputes.
>
> The new procedure for discovery disputes in this case will be as follows. The parties must first genuinely attempt to meet and confer to resolve a given discovery dispute. *If good faith meet and confer efforts fail to resolve the dispute, the parties may then contact the undersigned's courtroom deputy to schedule a telephonic conference with the undersigned regarding the dispute.* [Footnote omitted.] *After scheduling the informal telephone conference with the undersigned, the parties shall file a joint letter to the court numbering no more than two pages. Pages exceeding this limit will not be considered.* In the two-page joint letter, the parties shall briefly explain what meet and confer efforts they have undertaken to date. The remainder of *the letter will summarize the dispute at issue.* During the informal telephonic discovery conference, both sides will be heard regarding the dispute. *During the telephonic conference, it may become apparent that traditional written briefing will be necessary to fully address the dispute, in which case the court will order such briefing.* Discovery motions made outside the above-described process will be summarily denied.
>
> The informal telephonic discovery conferences described above will not necessarily be on the record; however, the court will maintain the power to issue monetary and other sanctions during such conferences, including for failures to meet and confer in good faith or abuses of the discovery process. Implementation of these telephonic conferences will under no circumstances give the parties a "free pass" to gain the court's audience on every single minor discovery disagreement that may arise. If the telephonic conferences are abused, sanctions will issue.

(Id. (emphasis added).)  Accordingly, the undersigned did not analyze the substance of the meet and confer letter attached to plaintiff's email of October 1, 2013.  The email and its attachment will not be made part of the record.

The undersigned denies plaintiff's request for permission to file documents in addition to the requisite two-page joint letter prior to the requested teleconference.  The undersigned will expressly order the filing of such documents (and/or further written briefing) only if he believes it necessary following a telephonic conference.

Notwithstanding plaintiff's request, the undersigned will not schedule an informal discovery teleconference at this time.  Plaintiff is directed to communicate with defense counsel regarding his request for the teleconference, and the parties are to agree on several potential dates/times for such conference, which they should provide to the undersigned's courtroom deputy at the time the conference is requested.

The undersigned cautions plaintiff that pursuant to the order of September 25, 2013 (ECF No. 163 at 4), *requests to schedule* informal discovery teleconferences should not make mention of any substantive discovery issues or arguments, lest such requests cross the line into improper substantive *ex parte* communications with the court. Requests for informal discovery teleconferences should state *only* that the parties are requesting such a conference, and should propose several mutually agreed-upon dates/times for such conferences. Following the scheduling of such a conference, the court will give the parties a deadline in which to file their requisite *joint* two-page letter (see id.). Unless the court orders otherwise, such joint letters are the proper — and only — vehicles by which to inform the court of the substance of disputed discovery issue(s). The undersigned will not consider any substantive discovery issues/arguments filed outside the requisite joint two-page letters described in his prior order (see id.).

***Unless they take the form of a joint two-page letter as described in the undersigned's prior order (see id.) future communications with the court or his staff making mention of any substantive discovery issues or arguments will be disregarded, and the sender will be sanctioned***. In short, plaintiff's recent approach of emailing to request a teleconference and simultaneously seeking permission to file additional pages and attaching a substantive communication to the email is improper, and if it occurs again, plaintiff will be sanctioned.

The undersigned further clarifies that, with respect to the requisite joint two-page letters (see id.), the two-page limit *includes* attachments and exhibits. Pages exceeding this two-page limit will not be considered. If the undersigned deems it necessary during or after a given teleconference, he will order the filing of additional pages.

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Notwithstanding plaintiff's request for an informal discovery teleconference, the undersigned will not schedule such a teleconference at this time. Plaintiff is directed to communicate with defense counsel regarding his request for the teleconference, and whether such a teleconference is still needed after good faith meet and confer efforts. The parties are to select several potential dates/times for such a teleconference, which they should provide to the undersigned's courtroom deputy when requesting the

teleconference. When requesting the teleconference, the requesting party shall not include legal arguments or delve into the substance of the discovery disagreement(s), and shall not include copies of meet and confer communications.

2. ***Unless they take the form of a joint two-page letter as described in the undersigned's prior order (see ECF No. 163 at 4) or were filed at the undersigned's direction, communications with the court or court staff making mention of substantive discovery issues or arguments will be disregarded, and the sender will be sanctioned.***

3. The undersigned did not analyze the substance of the meet and confer letter attached to plaintiff's email of October 1, 2013. The email and its attachment will not be made part of the record.

4. The undersigned denies plaintiff's request for permission to file documents in addition to the requisite joint two-page letter prior to any teleconference. The undersigned will expressly order the filing of such documents (and/or further written briefing) only if he believes it necessary following a telephonic conference.

IT IS SO ORDERED.

Dated: October 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4