UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-02799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, NA, INC., et al., | |
| Defendants. | |

On September 25, 2013, the undersigned issued an order partially granting plaintiff's motion to compel further responses to interrogatories from defendant Wells Fargo Bank, NA, Inc. ("defendant").[1] (Order, ECF No. 163.) That order failed to give a precise deadline by which defendant must provide its supplemental responses in accordance with the order. Accordingly, the undersigned clarifies that, to the extent his order of September 25, 2013, required defendant to provide supplemental responses, *such responses are due 30 (thirty) days from the date of the issuance of that order*.

Similarly, the undersigned's order of September 25, 2013, provided that:

> The parties are also ordered to meet and confer to ascertain whether alternate name spellings may reveal the correct identity of the witness plaintiff identified as "Carl Saris." Similarly, defendant is ordered to provide contact information for individuals identified in

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

> defendant's records as having communicated with plaintiff about his requested modification(s) during the time period alleged in the operative pleading, even if such individuals are not specifically identified within Interrogatory No. 1. However, such "contact information" need not include home addresses or other information for defendant's current employees, so long as those employees may be reached through defense counsel.

(ECF NO. 163 at 20.)  The order did not address the "contact information" to be provided in the case of *former* employees who can still be reached through defendant's counsel.  Accordingly, the undersigned clarifies that defendant need not provide individual addresses and phone numbers for defendant's former employees to the extent such former employees can still be reached through defendant's counsel.  If any former employees cannot be reached through defendant's counsel, however, defendant shall provide the former employee's last known telephone number and address.

IT IS SO ORDERED.

Dated:  October 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE