UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-02799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, NA, INC., et al., | |
| Defendants. | |

On October 15, 2013, plaintiff Dennly R. Becker ("plaintiff") contacted the undersigned's courtroom deputy to schedule an informal discovery teleconference pursuant to orders issued on September 25 and October 3, 2013. (ECF Nos. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings); 164 at 3-4 (same).)

Plaintiff informed the undersigned's courtroom deputy that the parties have met and conferred in good faith about their discovery dispute and have been unable to resolve it. Plaintiff also informed the undersigned's courtroom deputy that both parties can be available for a teleconference with the undersigned on Tuesday, October 22, 2013.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Pursuant to the undersigned's prior orders (ECF Nos. 163-64), an informal discovery teleconference will occur at **2:30 p.m. on Tuesday, October 22, 2013**. The undersigned's courtroom deputy will telephone both parties and connect the

1

teleconference at that time.

2. On or before **Friday, October 18, 2013**, the parties shall email the requisite two-page *joint* letter to kjnorders@uscourts.caed.gov.  The two-page *joint* letter shall briefly explain what meet and confer efforts have occurred to date and shall summarize the dispute at issue.  (See ECF No. 163 at 4.)  Pages exceeding the two-page limit will not be considered; however, if it becomes apparent that traditional written briefing will be necessary to fully address the dispute, the undersigned will order such briefing.

3. If the undersigned learns that this particular teleconference was scheduled in bad faith or prior to completion of genuine meet and confer efforts, sanctions will issue.  As prior orders have emphasized,

> [t]he informal telephonic discovery conferences described above will not necessarily be on the record; however, the court will maintain the power to issue monetary and other sanctions during such conferences, including for failures to meet and confer in good faith or abuses of the discovery process. Implementation of these telephonic conferences will under no circumstances give the parties a "free pass" to gain the court's audience on every single minor discovery disagreement that may arise. If the telephonic conferences are abused, sanctions will issue.

(ECF No. 163 at 4.)  Likewise, if the undersigned learns that either party needlessly perpetuated this particular discovery dispute, sanctions will issue.

IT IS SO ORDERED.

Dated: October 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2