UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-02799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, NA, INC., et al., | |
| Defendants. | |

Defendant Wells Fargo Bank, NA, Inc. ("defendant") requested an informal discovery teleconference to allow the court to address issues pertaining to plaintiff's document production.[1] (ECF No. 168.) On November 7, 2013, the undersigned conducted the informal discovery teleconference.[2] (ECF No. 169.) Plaintiff appeared telephonically on his own behalf. Attorney David Newman appeared telephonically on defendant's behalf.

For the reasons discussed on the record during the teleconference, it is HEREBY ORDERED THAT:

1. All future joint two-page letters filed in advance of telephonic discovery conferences

---

[1] (See ECF Nos. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings); 164 at 3-4 (same).)

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

shall be prepared *jointly*, with the parties collaborating to write them rather than separately drafting their own single pages and simply attaching them together.  ***Such collaboration requires the parties to have verbal discussions via telephone, not just written correspondence.***  In general, properly preparing such joint two-page letters will require the moving party (i.e., the party requesting the teleconference) to write a sentence or two describing that party's position on a given disputed issue, and directly beneath that description, the non-moving party shall write a sentence or two conveying the non-moving party's position on that disputed issue.  ***After each party carefully reviewing the other party's proffered sentence(s) on the given issue and reconsidering the party's own position in light of those sentences, the parties are to <u>again</u> communicate by phone to ascertain whether either party's position has changed, and/or whether the previously-written sentences should be amended or clarified so as to even more accurately define the issue(s) the court must address during the teleconference.***  The parties should not have a goal of cramming as much information as possible into the joint two-page letters.

2. In the future, whenever a new set of discovery requests (or a new deposition notice) is propounded, meet and confer efforts pertaining to each newly-propounded set (or notice) ***shall include at least one telephone call***, in addition to written meet and confer correspondence.

3. Within 14 days of issuance of this order, plaintiff shall produce *all documents responsive to* defendant's document requests (as narrowed and refined by the parties' meet and confer efforts to date as well as statements made on the record during the hearing).  Plaintiff shall also confirm in writing that his document production includes *all such responsive documents*, not merely those he subjectively considers relevant.  As discussed on the record during the hearing, should plaintiff wish to withhold responsive documents solely on grounds of a "relevance" objection, he should be prepared to be sanctioned should the court determine that the objection is not well-taken.

4. Within 14 days of issuance of this order, defendant shall return the documents plaintiff has produced to date so that plaintiff can have each page Bates stamped. Plaintiff shall pay the shipping costs, if any, that defendant incurs in returning plaintiff's documents.

   a. Within 14 days of his documents being returned to him, plaintiff shall have each of the returned documents Bates stamped.

   b. Also within 14 days of his documents being returned to him, plaintiff shall serve copies of the Bates-stamped documents upon defendant.

   c. Also within 14 days of his documents being returned to him, plaintiff shall update his "document index" so as to reflect the Bates numbers of the documents indexed therein.

   d. Also within 14 days of his documents being returned to him, plaintiff shall serve the updated "document index" — revised to include the Bates numbers of plaintiff's documents — upon defendant.

5. Within 14 days of issuance of this order, defendant shall produce its "revised" privilege log to plaintiff, as well as its "revised" redactions upon various documents redacted for reasons stated within the privilege log.[3]

6. Within 14 days of issuance of this order, defendant shall provide the names of employees identified by initials or alphanumerics in documents within defendant's production. Defendant shall provide the names of such employees because they helped make decisions regarding his modification requests, regardless of whether they directly communicated with plaintiff.

7. During the hearing, the undersigned considered ordering full written briefing to allow a close examination the parties' relevant meet and confer communications, with the goal of revealing whether either or both parties should be sanctioned for discovery

---

[3] Defense counsel confirmed on the record that while defendant redacts certain documents on the basis of privilege, no documents are being completely withheld.

3

abuses and/or failure to engage in good faith meet and confer efforts. Both parties indicated that such briefing was unnecessary at present, but might perhaps be helpful in the near future. Accordingly, while the undersigned does not require the parties to file briefing to delineate all meet and confer efforts leading up to this particular teleconference, the parties should engage in future meet and confer communications mindful of this potentiality. The undersigned will not hesitate to sanction *either or both parties* should he learn that such party has engaged in improper discovery practices, including but not limited to having requested judicial intervention needlessly or prematurely.

IT IS SO ORDERED.

Dated: November 12, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE