UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, | No. 2:10-cv-2799 TLN KJN PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

    On January 29, 2014, plaintiff Dennly R. Becker ("plaintiff") contacted the undersigned's courtroom deputy to schedule an informal discovery teleconference and provided the undersigned's courtroom deputy with a copy of the parties' joint two-page summary of the issues pursuant to orders issued on September 25, 2013, October 3, 2013, and November 13, 2013. (ECF Nos. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings and to provide the court with a joint two-page letter explaining what meet and confer efforts they have undertaken and summarizing the dispute at issue.); 164 at 3-4 (same); 170 at 1-2 (further clarifying the procedures the parties must undertake prior to seeking a telephonic discovery conference).)

    Plaintiff informed the undersigned's courtroom deputy that the parties have met and conferred in good faith about their discovery dispute and have been unable to resolve it. Plaintiff also informed the undersigned's courtroom deputy that both parties can be available for a

teleconference with the undersigned on Thursday, February 6, 2014.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Pursuant to the undersigned's prior orders (ECF Nos. 163-64, 170), an informal discovery teleconference will occur at 9:30 a.m. on Thursday, February 6, 2014. The undersigned's courtroom deputy will telephone both parties and connect the teleconference at that time.

2. If the undersigned learns that this particular teleconference was scheduled in bad faith or prior to completion of genuine meet and confer efforts, sanctions will issue. As prior orders have emphasized,

> [t]he informal telephonic discovery conferences described above will not necessarily be on the record; however, the court will maintain the power to issue monetary and other sanctions during such conferences, including for failures to meet and confer in good faith or abuses of the discovery process. Implementation of these telephonic conferences will under no circumstances give the parties a "free pass" to gain the court's audience on every single minor discovery disagreement that may arise. If the telephonic conferences are abused, sanctions will issue.

(ECF No. 163 at 4.) Likewise, if the undersigned learns that either party needlessly perpetuated this particular discovery dispute, sanctions will issue.

IT IS SO ORDERED.

Dated: February 3, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE