UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., INC., et al.,<br><br>    Defendants. | No. 2:10-cv-2799 TLN KJN PS<br><br><br>ORDER |

Plaintiff Dennly Becker ("plaintiff") requested an informal discovery teleconference to allow the court to address issues pertaining to defendant Wells Fargo Bank's ("defendant") document production and responses to plaintiff's interrogatory number twenty-one.[1] On February 6, 2014, the undersigned conducted the informal discovery teleconference.[2] Plaintiff appeared telephonically on his own behalf. Attorney David Newman appeared telephonically on defendant's behalf.

////

////

---

[1] (See ECF Nos. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings); 164 at 3-4 (same).)

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

For the reasons discussed on the record during the teleconference, it is HEREBY ORDERED THAT:

1. On or before February 7, 2014, defendant's counsel shall send to plaintiff via email[3] a supplemental response to plaintiff's interrogatory twenty-one that identifies, by their Bates-stamped numbers, all documents responsive to that request.[4]

2. Plaintiff's request to compel discovery is DENIED as both untimely and insufficiently supported. This dismissal is without prejudice to future renewal of such a motion provided that plaintiff is able to articulate that good cause exists as to why a late-filed motion should be entertained. *In addition, plaintiff <u>must</u> include in any such future motion to compel: (1) a description of the specific discovery items he seeks to compel; (2) why those items are relevant to the advancement of his claims; (3) why he could not have sought to compel or otherwise obtain such discovery prior to the January 21, 2014, deadline; and (4) why he cannot now obtain the information sought from these discovery items through means other than a motion to compel. Any future motions to compel by plaintiff that do not include a discussion of these topics will be <u>summarily denied</u> as untimely.*

////

////

////

---

[3] During the teleconference, defendant's counsel offered to send an email to plaintiff later that day that identifies all produced documents responsive to plaintiff's interrogatory twenty-one by their Bates-stamped numbers.

[4] While the undersigned articulated his displeasure with defendant's position regarding the timeliness and accuracy of its previous responses to plaintiff's interrogatory twenty-one during the teleconference, he finds that it bears repeating that he is troubled by defendant's counsel's insistence that defendant has been quick to correct and supplement its responses to plaintiff's discovery requests when the record reflects that defendant has done so only after either a court order directing it to do so (see ECF Nos. 163, 167, 170) or plaintiff has presented it with evidence that its responses are inaccurate and incomplete. Furthermore, even when defendant has supplemented its responses, it has repeatedly failed to provide plaintiff with accurate and complete information. Accordingly, the undersigned admonishes defendant that future arguments that its responses to plaintiff's discovery requests have been accurate, complete, or timely will not be well received.

3. Plaintiff's request for an extension of the discovery period is DENIED without prejudice to later such requests.  Any future motions for an extension of the discovery deadline shall be directed to the undersigned, who will, after assessing the merits of the motion, issue findings and recommendations to the district judge assigned to this case.  Any such future motion must state why good cause exists to further extend the discovery period.  ***Furthermore, plaintiff must specify, in detail: (1) what specific discovery items he will seek to obtain after the close of the current February 24, 2014, discovery deadline; (2) why the specified discovery items are <u>relevant</u> to his claims; (3) why he will suffer undue prejudice if he is unable to obtain those discovery items; (4) why he cannot not obtain the information sought from such discovery items by other means;(5) why he could not have obtained such discovery items at an earlier time; and (6) why he cannot not obtain such discovery items within the current discovery timeframe set by the court.***

4. Plaintiff's request that discovery sanctions be imposed on defendant is denied.[5]

IT IS SO ORDERED.

Dated:  February 7, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Given defendant's repeated failures in providing discovery responses that are accurate, complete, and timely, the undersigned would ordinarily be more open to entertaining a request for discovery sanctions.  However, the undersigned is troubled by plaintiff's insistence on coming to the court to seek sanctions against and to compel discovery from defendant each time it is revealed that defendant's responses to plaintiff's discovery requests were incorrect or incomplete without plaintiff being able to articulate how defendant's missteps have kept him from discovery that is relevant to his claims, how defendant's failings have genuinely prejudiced him, or any other legitimate reason why the relief sought is otherwise warranted.  For these reasons and the reasons expressed during the teleconference, the undersigned declines to grant any of plaintiff's requests at this time.