1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-2799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., INC., et al., | |
| Defendants. | |

Plaintiff Dennly Becker ("plaintiff") and defendant Wells Fargo Bank ("defendant") requested an informal discovery teleconference to allow the court to address the following matters:  (1) defendant's motion to quash plaintiff's deposition subpoenas for Sharon Zuniga ("Zuniga") and Joseph Ortega ("Ortega"); (2) plaintiff's motion to compel discovery related to the identity of the Wells Fargo employee identified by the initials "LVZ" and request to take a deposition of the individual identified as LVZ; and (3) plaintiff's motion to compel defendant to remove redactions from certain produced documents.[1]

////

////

---

[1] (See ECF Nos. 163 at 4 (requiring the parties to request telephonic conferences before completing any further discovery filings); 164 at 3-4 (same).)

1

On February 14, 2014, the undersigned conducted the informal discovery teleconference.[2] Plaintiff appeared telephonically on his own behalf. Attorney David Newman appeared telephonically on defendant's behalf.

For the reasons discussed on the record during the teleconference, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to compel defendant to remove redactions from certain produced documents is DENIED as untimely.

2. Plaintiff's motion to compel discovery related to the identity of the Wells Fargo employee identified by the initials "LVZ" is DENIED as untimely.

3. Plaintiff's request to compel defendant to allow him to inspect ESI and loan files is DENIED as both untimely and improperly noticed.

4. Defendant's motion to quash plaintiff's deposition subpoenas for Zuniga and Ortega is GRANTED without prejudice to a renewed request by plaintiff to take depositions of either or both individuals after plaintiff takes the deposition of defendant's person most knowledgeable ("PMK") on February 21, 2014, provided that plaintiff makes a showing that defendant's PMK was unable to testify as to certain information relevant to plaintiff's claims and that it will be necessary for plaintiff to conduct a deposition of either or both individuals in order to obtain that information. This grant of defendant's motion is also without prejudice to any future requests by plaintiff to take depositions of other individuals provided that plaintiff can make the same above showing with respect to those individuals.

5. Plaintiff's request to conduct a deposition of the person identified by the initials "LVZ" is DENIED without prejudice to a renewed request by plaintiff to take that individual's deposition upon a showing that defendant's PMK was unable to testify as to certain information relevant to plaintiff's claims and that it will be necessary for plaintiff to conduct a deposition of that individual in order to obtain that information.

////

---

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

      6. On or before February 20, 2014, defendant's counsel shall send to plaintiff a letter including the following:

      a. A statement by defendant's counsel articulating his belief that Zuniga lacks personal knowledge of the topics plaintiff seeks to address through his deposition of her and will be unable to offer plaintiff the information he is seeking.

      b. A statement by defendant's counsel articulating his belief that defendant's PMK will be able to provide the best and most complete information regarding the topics plaintiff seeks to address through his depositions.

      c. The name of the person or persons identified by Wells Fargo as "LVZ" throughout the time period relevant to the allegations in plaintiff's Third Amended Complaint.

      d. Information regarding whether a person by the name "Lindsay Vasquez" was employed by Wells Fargo during the time period relevant to the allegations in plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

Dated: February 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3