UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER, et al., | No. 2:10-cv-2799 TLN KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., INC., et al., | |
| Defendants. | |

On February 27, 2014, defendant Wells Fargo ("defendant") filed a Motion for Summary Judgment, which is set for hearing before the undersigned on March 27, 2014. (ECF No. 179.) On March 4, 2014, plaintiff Dennly Becker ("plaintiff") filed an *ex parte* motion requesting the court to continue the hearing on defendant's pending Motion for Summary Judgment and to grant plaintiff leave to file a motion for Rule 37 discovery sanctions against defendant. (ECF No. 180.) On March 6, 2014, defendant filed an opposition to plaintiff's motion. (ECF No. 181.) Plaintiff filed a reply on March 10, 2014. (ECF No. 182.) For the reasons stated below, the court denies plaintiff's motion.

Plaintiff bases his request for a continuance on Federal Rule of Civil Procedure 56(d). Under this Rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the moving party's motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain

1

affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  In order to obtain a continuance under Rule 56(d), the nonmovant must show: (1) the specific facts they hope to elicit from additional discovery; (2) the facts exist; and (3) the facts are essential to counter the summary judgment motion.  State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Mere declarations to a need for additional discovery do not satisfy these requirements.  Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).  Failure by the nonmovant to comply with the requirements of Rule 56(d) constitutes proper grounds for denying the nonmovant's request for a continuance.  See Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("Because Tatum did not satisfy the requirements of Rule 56(f), the district court did not abuse its discretion by denying her request for a continuance."); United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). [1]

Plaintiff advances four arguments in support of his request for a continuance: (1) plaintiff was unable to depose Lindsay Vasquez and Daniel Mazariego due to defendant's non-compliance with the court's previous discovery orders; (2) defendant has not been truthful regarding the ownership history for plaintiff's loans; (3) plaintiff does not have a certified copy of the transcript for the deposition of Michael Dolan, defendant's person most knowledgeable ("PMK"); and (4) the number of citations in defendant's motion for summary judgment makes it difficult for plaintiff to effectively oppose the motion within the deadline for doing so.

Plaintiff first argues that he seeks "an extension of the motion deadline of March 27, 2014, to request two weeks to prepare and serve Rule 37 motions for evidentiary sanctions" regarding his inability to depose Lindsay Vasquez and Daniel Maraziego as a result of defendant's alleged non-compliance with the court's previous orders.  (ECF No. 180 at 3.)  Plaintiff states that he needed to depose Vasquez in order to verify his conclusion that she stated that the computer showed that a loan modification would be acceptable to Wachovia after plaintiff stated that he

---

[1] An amendment to Rule 56 in 2010 placed the provisions of the former subdivision (f) under subdivision (d) without any substantial changes to the standard articulated by those provisions. See Fed. R. Civ. P. 56, Notes of Advisory Comm. on 2010 amendments.

1  could make payments of $1,800 per month for his Shelborne Loan.  (Id. at 6.)  Plaintiff states that
2  he also "needed to depose Mazariego to determine if he would admit that he left out information
3  in his summary and to admit that plaintiff's alleged facts concerning the conversation are
4  accurate."  (Id. at 5.)
5       "A party requesting a continuance pursuant to Rule 56[(d)] must identify by affidavit the
6  specific facts that further discovery would reveal, and explain why those facts would preclude
7  summary judgment."  Tatum, 441 F.3d at 1100.  Plaintiff's declaration in support of his request
8  for a continuance does not identify the specific facts that these depositions would likely have
9  revealed or explain why those facts would preclude summary judgment with respect to any of his
10 claims.  See Tatum, 441 F.3d 1100; State of Cal., 138 F.3d at 779; Gregory v. Nationwide Mut.
11 Ins. Co., 2012 WL 6651342 at *8 (E.D. Cal. Dec. 19, 2012) (unpublished).  Accordingly, plaintiff
12 does not make a showing sufficient for a continuance under Rule 56(d) with regard to these two
13 depositions.
14      Furthermore, plaintiff fails to mention what sanctions he would seek to obtain via his
15 planned Rule 37 motion with regard to establishing facts that would support his opposition to
16 defendant's motion for summary judgment.  Without any knowledge beyond mere speculation as
17 to what facts, if any, plaintiff would seek to have the court establish via his Rule 37 motion, the
18 court cannot determine whether plaintiff will seek sanctions that will result in the establishment
19 of facts that are essential to counter defendant's summary judgment motion.  See Terrell v.
20 Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) ("Denial of a Rule 56[(d)] application is proper
21 where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure
22 speculation."); Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987) ("The burden
23 is on the party seeking to conduct additional discovery to put forth sufficient facts to show that
24 the evidence sought exists."); VISA International Service Association v. Bankcard Holders of
25 America, 784 F.2d 1472, 1475 (9th Cir.1986); State of Cal., 138 F.3d at 779.
26      Second, plaintiff argues that a continuance is warranted because defendant has not
27 provided plaintiff with documents that provide a complete ownership history of his loans and that
28 he will suffer prejudice if he is unable to present facts in connection with this issue for the court's

1  consideration in ruling on defendant's motion for summary judgment.  However, this argument is
2  unavailing.  As plaintiff has been reminded on a number of occasions, the issue of note ownership
3  is not material to any of plaintiff's remaining claims.  For this same reason, this issue is irrelevant
4  to defendant's motion for summary judgment.  Plaintiff's claims concerning loan ownership and
5  defendant's right to foreclose were dismissed with prejudice by a prior order years ago.  (See ECF
6  Nos. 49, 58.)

7       Plaintiff argues in his motion that he will use the time provided by the requested
8  continuance to file a Rule 37 motion for discovery sanctions requesting a ruling that establishes
9  that defendant has not provided documents that provide a complete loan ownership history and
10 that this information is related to his claims for fraud, defamation, negligence, intentional
11 infliction of emotional distress, civil RICO violations, and UCL violations.  However, plaintiff in
12 no way articulates how the establishment of this fact is material to these claims or will assist him
13 in preparing his opposition to defendant's motion for summary judgment.  See State of Cal., 138
14 F.3d at 779 (holding that, to obtain a continuance under Rule 56(d), a party must show that the
15 facts sought to be established must be essential to counter the summary judgment motion).
16 Accordingly, plaintiff does not make the showing required for a continuance under Rule 56(d)
17 because he in no way shows how the establishment of facts in connection with this issue will raise
18 a material issue of fact for purposes of defendant's motion of summary judgment.  See Hancock
19 v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986) (citing
20 Taylor v. Sentry Life Insurance Co., 729 F.2d 652, 656 (9th Cir. 1984) (per curiam) ("An
21 opposing party has the burden under Rule 56[(d)] to show what facts she hopes to discover to
22 raise an issue of material fact.").

23      Plaintiff next contends that a continuance of the hearing is warranted because he needs
24 additional time to "find and review the 90 federal and 41 state case citations in defendant's
25 motion for summary judgment."  (ECF No. 180 at 11.)  Plaintiff argues that "[t]he sheer volume
26 of citations make it impossible for plaintiff to find, review, and understand them and still have
27 time to effectively oppose the motion for summary judgment."  (Id.)  Plaintiff's argument is not
28 well taken.  While the court realizes that plaintiff is proceeding pro se, it does not mean that this

1  fact excuses him from meeting all deadlines and other obligations imposed upon him in furthering
2  this litigation.  L.R. 183(a) ("All obligations placed on 'counsel' by these Rules apply to
3  individuals appearing *in propria persona*."); <u>Velez v. Awning Windows, Inc.</u>, 375 F.3d 35, 40
4  (1st Cir. 2004) ("[T]he fact that counsel may have bitten off more than he could chew does not
5  exempt him from meeting court-appointed deadlines.").  Furthermore, the fact that plaintiff has
6  made numerous filings in this case, including an opposition to a motion to dismiss and plaintiff's
7  present motion, which is 125 pages long when exhibits are taken into account, indicates that
8  plaintiff is capable of preparing an opposition to defendant's motion within the deadline for doing
9  so.
10         Finally, plaintiff argues that he cannot timely prepare an opposition to defendant's motion
11 for summary judgment because he is still waiting for a certified copy of the deposition testimony
12 of Michael Dolan, defendant's PMK.  However, this contention appears to now be moot.
13 Defendant's counsel states in his declaration in support of defendant's opposition that the PMK
14 deposition transcript has been made available to the parties and that he was able to obtain a copy
15 on March 4, 2014.  (Decl. of David Newman, ECF No. 181-1 at ¶3.)  Furthermore, plaintiff states
16 in his reply that he received a certified copy of the PMK deposition in the mail on March 6, 2014.
17 (ECF No. 182 at 3.)  Plaintiff also asserts in his reply, however, that a continuance should still be
18 granted because he is proceeding pro se in this action and the deposition is over one hundred
19 pages in length, which makes it difficult for him develop an opposition that is based, at least in
20 part, on this deposition.  (<u>Id.</u>)  However, for the reasons stated above with respect to plaintiff's
21 argument regarding the number of citations in defendant's motion for summary judgment, the
22 court finds this argument unpersuasive.  It would appear that plaintiff now has the ability to
23 review this transcript and still has sufficient time to prepare and file his opposition to defendant's
24 motion to dismiss.
25         For the above reasons, plaintiff fails to show that a continuance of the hearing on
26 defendant's motion for summary judgment is warranted under Rule 56(d).  Nevertheless, in light
27 of plaintiff's pro se status, the fact that defendant's motion has been filed and set for hearing
28 within the shortest period of time permitted under the Local Rules, and the proximity of

plaintiff's filing of the present motion to his opposition filing deadline of March 13, 2014, the undersigned will grant plaintiff a reprieve in the form of allowing him an additional fourteen days, until March 27, 2014, to file an opposition to defendant's motion for summary judgment. Furthermore, on the court's own motion and pursuant to Local Rule 230(g), it will take defendant's motion for summary judgment under submission without oral argument. Accordingly, the hearing date of March 27, 2014 is vacated. If the court determines that oral argument is needed, it will be scheduled at a later date.[2] Plaintiff is cautioned that failure to timely file his opposition within the new deadline may result in the imposition of sanctions, including the court treating plaintiff's inaction as a statement of non-opposition to defendant's motion for summary judgment. Plaintiff is further instructed that the grant of additional time is for him to file his opposition to defendant's motion only, and not for him to make any additional filings, including the motion for Rule 37 sanctions plaintiff identifies in his present motion. Accordingly, plaintiff is warned that the filing of any additional motions requesting discovery sanctions against defendant will likely not be well received by the court. Defendant may file a reply, if any, within seven days of plaintiff filing an opposition.

    For the foregoing reasons, IT IS HEREBY ORDERED THAT:

    1. Plaintiff's motion to continue the March 27, 2014 hearing on defendant's motion for summary judgment and to grant plaintiff leave to file a motion for Rule 37 sanctions (ECF No. 180) is DENIED.

    2. On the court's own motion and pursuant to Local Rule 230(g), it will take defendant's motion for summary judgment under submission without oral argument. The hearing date of March 27, 2014 is VACATED. If the court determines that oral argument is needed, it will be

---

[2] The undersigned is cognizant of defendant's argument that it will be prejudiced if the court's determination of its motion for summary judgment is delayed too long because it would have to prepare for the Final Status Conference currently set for June 10, 2014, and would needlessly expend additional time and money if its motion were to be ultimately granted. If the court were to later decide after all of the briefing has been filed that a hearing on defendant's motion is necessary or that it will take an inordinate amount of time for the court to issue a ruling, then the court would be amenable to any future requests to have the final scheduling conference continued to a later date so that defendant's motion could be ruled on before the parties needed to engage in extensive preparations for the final scheduling conference.

scheduled at a later date.

3. Plaintiff is granted an additional fourteen days, until March 27, 2014, to file an opposition to defendant's motion for summary judgment that meets the requirements of Federal Rule of Civil Procedure 56 and Eastern District Local Rule 260(b), including but not limited to the filing of a Separate Statement of Disputed Facts.  Plaintiff is strongly cautioned that failure to file an opposition in a timely manner may result in the court treating plaintiff's inaction as a statement of non-opposition to defendant's motion for summary judgment.  ***Plaintiff is further reminded that this grant of additional time is for him to file his opposition to defendant's motion only, and not for him to make any additional filings, including the motion for Rule 37 sanctions plaintiff identifies in his present motion.  No further extensions of time will be granted.***

IT IS SO ORDERED.

Dated:  March 12, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE