1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNLY R. BECKER, et al.,                No.  2:10-cv-2799-TLN-KJN (PS)

12           Plaintiffs,

13        v.                                  ORDER

14   WELLS FARGO BANK, N.A., INC., et
     al.,
15
             Defendants.
16

17        Presently before the court is plaintiff's motion styled as "Motion to Modify the

18   Scheduling Order in Order to Amend the Complaint to Conform to Discovery Evidence."[1]  (ECF

19   No. 188.)  Defendant filed an opposition and plaintiff filed a reply.  (ECF Nos. 191, 192.)  The

20   undersigned has fully considered the parties' briefs and appropriate portions of the record.[2]  For

21   the reasons stated below, plaintiff's motion is denied.

22        Plaintiff's motion requests the court to modify the court's discovery scheduling order

23   pursuant to Federal Rule of Civil Procedure 16(b)(4) so that plaintiff may have an opportunity to

24   file a motion for leave to amend his complaint for a fourth time to conform his allegations to

25   _____

26   [1] This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).
27

28   [2] This motion was submitted on the record and briefs without oral argument pursuant to Local
     Rule 230(g).

                                      1

1   evidence plaintiff has obtained through discovery.  In particular, plaintiff requests that the

2   scheduling order be modified to allow him an additional 30 days in which to amend his

3   complaint.  (ECF No. 188 at 40.)  Plaintiff also seeks to extend any remaining scheduling

4   deadlines and dates by "about 4 months after [plaintiff] files his amended complaint."  (Id. at 40-

5   41.)

6          Rule 16(b)(4) provides that "[a] schedule may be modified only for *good cause* and with

7   the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  To establish "good cause,"

8   parties seeking modification of a scheduling order must generally show that, even with the

9   exercise of due diligence, they could not reasonably meet the timetable set by the court.  Johnson

10  v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or

11  degree of prejudice to the party opposing the modification might supply additional reasons to

12  deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

13  modification."  Id.  If the party seeking the modification "was not diligent, the inquiry should

14  end" and the motion to modify should not be granted.  Id.

15         Here, plaintiff has failed to demonstrate that good cause is present for his belated motion.

16  As an initial matter, plaintiff's motion was filed nearly two months after the close of discovery

17  and nearly a month after the law and motion deadline.  Plaintiff claims that he waited to file his

18  motion because "it would have been premature and a burden on the Court for Plaintiff to seek

19  leave to amend his complaint to incorporate the genuine issues of material facts determined by

20  Plaintiff's expert witness until . . . the Defendant had a chance to argue the relevance of Plaintiff's

21  handwriting expert . . . ."  (ECF No. 188 at 9.)  Plaintiff states that defendant had an opportunity

22  to address this issue in its motion for summary judgment and reply in support of that motion, but

23  failed to do so.  Plaintiff appears to argue that he acted with due diligence because he could not

24  have filed a motion to amend his complaint until after defendant had an opportunity to address the

25  relevance of plaintiff's handwriting expert.  However, plaintiff's assumption that he had to wait

26  until defendant had an opportunity to address this issue is incorrect.  There was nothing

27  procedural or otherwise preventing plaintiff from filing the present motion or a motion for leave

28  to amend prior to defendant addressing the relevance of plaintiff's handwriting expert.

1    Plaintiff also claims that he "exercised due diligence by completing discovery before the

2    revised discovery date of February 24, 2014." (ECF No. 188 at 10.)   However, this in no way

3    shows that plaintiff exercised due diligence in filing the present motion. Moreover, discovery was

4    complete as of February 24, 2014, giving plaintiff over a month before the law and motion

5    deadline to file either the present motion or a motion to amend his complaint based on the

6    discovery he obtained.

7    Nonetheless, plaintiff argues in his reply that he was unable to file his present motion or a

8    motion for leave to amend until after the law and motion deadline because defendant filed its

9    motion for summary judgment on February 27, 2014, three days after the revised discovery

10   deadline, which required plaintiff to work "full time on his opposition through the morning of

11   March 27, 2014," the date of the revised law and motion deadline, so that he could meet the filing

12   deadline for his opposition to defendant's motion for summary judgment.  (ECF No. 192 at 4.)

13   While these circumstances and the fact that plaintiff is proceeding pro se in this matter do lend

14   some credibility to plaintiff's contention that he exercised due diligence in filing the present

15   motion,  plaintiff still fails to show why there is *good cause* to extend the law and motion

16   schedule because plaintiff's claimed purpose behind the requested modification, to obtain more

17   time to file a motion for leave to amend the complaint for a fourth time, is without merit because

18   a grant of leave to amend would be unwarranted under Federal Rule of Civil Procedure 15(a).

19   As an initial matter, plaintiff has yet to file a motion for leave to amend.  While plaintiff

20   requests in his present motion that he be allowed to make amendments to some of his claims, it

21   cannot be properly construed as a motion for leave to amend.  Furthermore, even if it could be so

22   construed, it would be procedurally improper under the local rules because plaintiff does not

23   attach a proposed fourth amended complaint. E.D. Local Rule 134(c).  Nevertheless, plaintiff's

24   representations in the present motion indicate that a motion for leave to amend the complaint for a

25   fourth time would be denied if plaintiff were given the opportunity file it.

26   Rule 15(a)(2) provides that leave to amend should be freely given "when justice so

27   requires," and the Ninth Circuit Court of Appeals has stated that "requests for leave should be

28   granted with 'extreme liberality.'"  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009)

3

1    (citation omitted).  However, the Court of Appeals has also cautioned that "liberality in granting

2    leave to amend is subject to several limitations," which include "undue prejudice to the opposing

3    party, bad faith by the movant, futility, and undue delay."  Cafasso v. Gen. Dynamics C4 Sys.,

4    Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted); accord

5    AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).  It has also

6    advised that a "district court's discretion to deny leave to amend is particularly broad where

7    plaintiff has previously amended the complaint."  Cafasso, 637 F.3d at 1058 (citations and

8    quotation marks omitted).  Ultimately, the issue of whether to grant or deny leave to amend rests

9    in the district court's sound discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).

10          Plaintiff argues that a grant of leave to amend would not unduly prejudice defendant

11    because no further discovery would need to take place because plaintiff would not seek to add

12    additional claims.  Defendant asserts that it will suffer prejudice because it "still would have to

13    conduct further discovery in order to prepare its defense based on the amendments."  (ECF No.

14    191 at 5.)  In particular, defendant stresses the fact that plaintiff includes new facts in his present

15    motion regarding damages that indicate that plaintiff would attempt to include his litigation costs

16    as part of his claim for damages in a proposed fourth amended complaint, which would require

17    defendant to conduct additional discovery because such a claim was never made as part of the

18    third amended complaint.  (Id. at 5-6.)

19          The court agrees with defendant that it would suffer undue prejudice if plaintiff's planned

20    motion to amend were heard and granted.  Based on plaintiff's representations in his present

21    motion, it appears that he would seek to alter several of his claims in such a way as to prejudice

22    defendant if such amendments were permitted and defendant did not have an opportunity to

23    engage in further discovery.  Accordingly, the court finds that there may be undue prejudice to

24    defendant if plaintiff were allowed to proceed with a motion for leave to make the amendments

25    he discusses in the present motion.  Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d

26    980, 986 (9th Cir. 1999) (citing Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139

27    (9th Cir. 1998)) ("A need to reopen discovery and therefore delay the proceedings supports a

28    district court's finding of prejudice from a delayed motion to amend the complaint.").

1    Furthermore, a fully-briefed motion for summary judgment is currently pending and

2  possible disposition of this case would be unduly delayed by granting the motion for leave to

3  amend that plaintiff claims he will file if the present motion were granted.  See Lockheed Martin

4  Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted) (stating

5  that "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant "); M/V

6  Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983).  Moreover,

7  plaintiff would be proceeding on a fourth amended complaint and this case will have been

8  pending for approximately four years by the time plaintiff's proposed motion for leave to amend

9  would be filed, defendant was granted an opportunity to oppose that motion, and the court issued

10  a ruling on that motion.  See Cafasso, 637 F.3d at 1058 (stating that a "district court's discretion

11  to deny leave to amend is particularly broad where plaintiff has previously amended the

12  complaint.")  (citations and quotation marks omitted).

13    Importantly, the current posture of the case and plaintiff's representations in the present

14  motion also indicate that plaintiff's proposed motion for leave to amend appears to be made in

15  bad faith as a means to either further address or unnecessarily delay defendant's pending motion

16  for summary judgment.  Plaintiff devotes the majority of his present motion to argue why further

17  amendment of the complaint would not be futile with respect to many of the claims asserted in the

18  operative third amended complaint.  (ECF No. 188 at 10-38.)  However, plaintiff dedicates most

19  of this discussion to addressing the arguments advanced by defendant in its reply in support of its

20  pending motion for summary judgment.  In essence, these assertions show that much of the

21  discussion surrounding the proposed amendments in the present motion is little more than a

22  procedurally impermissible "surreply" to defendant's reply, acting as a means for plaintiff to

23  further argue the merits of defendant's otherwise fully-briefed motion for summary judgment.

24  See E.D. Local Rule 230.  Furthermore, several of the changes to the allegations plaintiff claims

25  he would seek through a future motion for leave to amend appear to be little more than

26  reactionary attempts to work around the issues highlighted by defendant in its motion for

27  summary judgment.

28  ////

1    When plaintiff's assertions in the present motion are taken in light of defendant's pending

2    motion for summary judgment, it appears that the present motion and plaintiff's proposed motion

3    for leave to amend are little more than an attempt to maneuver around or delay a ruling on

4    defendant's pending motion and indicates that plaintiff's proposed motion for leave to amend

5    would be arguably made in bad faith if plaintiff were granted the opportunity to file it.  See

6    Tungjunyatham, 2011 WL 1363924 at *7 (citing M/V American Queen v. San Diego Marine

7    Construction Corp., 708 F.2d 1483, 1492 (9th Cir. 1983)) ("A motion for leave to amend is not a

8    tool for avoiding summary judgment."); Cowen, 70 F.3d at 944 (noting that "[a] plaintiff who

9    proposes to amend his complaint after the defendant has moved for summary judgment may be

10   maneuvering desperately to stave off the immediate dismissal of the case" and that a district court

11   will not abuse its discretion in denying leave to amend under such circumstances where plaintiff

12   fails to provide "solid enough evidence to warrant keeping the case going after the completion of

13   discovery").

14   Finally, while the court concludes from the above discussion that it would be well within

15   its discretion to deny plaintiff leave to further amend his complaint, the fourth factor—futility of

16   the proposed amendment—also supports the decision to deny plaintiff's proposed motion for

17   leave to amend.  An amended complaint is futile if it merely restates the same facts as the original

18   complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a

19   legal theory or could not withstand a motion to dismiss.  Rumber v. D.C., 598 F. Supp. 2d 97, 102

20   (D.D.C. 2009) aff'd, 595 F.3d 1298 (D.C. Cir. 2010).  Furthermore, "[w]hen the defendant's

21   motion for summary judgment is pending, if the plaintiff has had adequate opportunity for

22   discovery, a court may deny a motion for leave to amend unless the plaintiff can produce

23   'substantial and convincing evidence' supporting the proposed amendment."  Tungjunyatham v.

24   Johanns, 2011 WL 1363924 at *7 (E.D. Cal. Apr. 11, 2011) aff'd, 500 F. App'x 686 (9th Cir.

25   2012) (citing Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir. 1995)).

26   As an initial matter, many of the amendments plaintiff suggests he would seek in a future

27   motion for leave to amend are little more than restatements of the same allegations as those made

28   in the third amended complaint stated in different terms.  For instance, in his present motion,

6

1    plaintiff merely restates the same alleged factual basis for his RICO claim against defendant

2    concerning defendant's alleged misrepresentations with respect to the loan forbearance

3    agreements, albeit with a bit more factual detail.  Plaintiff also makes similar restatements with

4    respect to his claims for fraud.  In essence, it appears from plaintiff's present motion that these

5    proposed amendments would merely restate the same claims based on the same events as those

6    alleged in the third amended complaint, but with more factual detail.  Therefore, these proposed

7    amendments would be futile because they would result in little more than a restatement of the

8    allegations already made in the third amended complaint with respect to these claims.  See

9    Rumber, 598 F. Supp. 2d at 102.

10          Plaintiff also states that he would seek to amend his negligence claims to state claims for

11   negligent misrepresentation in light of defendant's reliance on the recent case Lueras v. BAC

12   Home Loans Servicing, LP, 221 Cal.App.4th 49 (Ct. App. 2013), which was decided by

13   California's Fourth District Court of Appeal on October 31, 2013.  In Lueras, the plaintiff brought

14   a negligence claim arising out of the defendant's handling of his application for a loan

15   modification.  Lueras, 221 Cal.App.4th at 63.  The court held that the plaintiff could not state a

16   negligence claim because the defendant had no "common law duty to offer or approve a loan

17   modification."  However, it also concluded that "a lender does owe a duty to a borrower to not

18   make material misrepresentations about the status of an application for a loan modification or

19   about the date, time, or status of a foreclosure sale."  Id. at 67-68.  Accordingly, the court granted

20   the plaintiff leave to amend "to plead a cause of action for negligent misrepresentation."  Id. at

21   69.

22          Plaintiff argues in his reply that he should be given leave to amend his negligence claims

23   to claims for negligent misrepresentation because "Lueras represents a significant change in

24   California common law that occurred late in discovery" for the present case.  (ECF No. 192 at 3.)

25   Plaintiff further asserts that it would be unjust for the court to allow defendant to rely on the

26   ruling in Lueras in its motion for summary judgment without first allowing plaintiff to make this

27   amendment because plaintiff was preoccupied with various discovery tasks at the time this

28   decision was issued and was preparing his opposition to defendant's motion for summary

7

1  judgment in the time between the close of discovery and the law and motion deadline.  (Id.)

2  Essentially, plaintiff appears to argue that he should be granted leave to make this amendment

3  because he has acted as diligently as possible under the circumstances.  However, plaintiff's

4  arguments are without merit because not only did he wait six and a half months after Lueras was

5  decided to file his instant motion, but plaintiff's sudden insistence that he be granted leave to

6  make this amendment comes only after defendant has filed its motion for summary judgment,

7  indicating that plaintiff is seeking this amendment in bad faith in an effort to further address the

8  fully-briefed arguments already made by the parties in connection with defendant's pending

9  motion.  Finally, while plaintiff claims he wants to amend in order conform his allegations to the

10  evidence obtained through discovery, this proposed amendment only seeks to change the legal

11  theory of plaintiff's negligence claims.  Because plaintiff fails to produce any additional evidence

12  to support this proposed amendment, plaintiff cannot meet the 'substantial and convincing

13  evidence' threshold that must be met when seeking to amend after the close of discovery and

14  while a motion for summary judgment is pending.  See Tungjunyatham, 2011 WL 1363924 at *7

15  (quoting Cowen, 70 F.3d at 944).  Accordingly, this proposed amendment would also be

16  unwarranted.

17       For the reasons stated above, plaintiff fails to show that good cause underlies his present

18  motion because plaintiff's purpose behind his request to modify the scheduling order, i.e. to file a

19  future motion for leave to amend, would not be warranted.  Accordingly, IT IS HEREBY

20  ORDERED THAT plaintiff's motion styled as "Motion to Modify the Scheduling Order in Order

21  to Amend the Complaint to Conform to Discovery Evidence" (ECF No. 188) is DENIED.

22       IT IS SO ORDERED.

23  Dated:  June 6, 2014

24

25  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26

27

28

8