1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNLY R. BECKER, et al.,                    No.  2:10-cv-2799-TLN-KJN-PS

12                    Plaintiffs,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14   WELLS FARGO BANK, NA, INC., et al.,

15                    Defendant.

16

17          Presently pending before the court is defendants Wells Fargo Bank NA, Inc. and

18   Wachovia Mortgage Corporation's (collectively "defendant")[1] Motion for Attorneys' Fees.  (ECF

19   No. 213.)  Plaintiff Dennly Becker ("plaintiff") filed an opposition to this motion and defendant

20   filed a reply.  (ECF Nos. 220, 222.)

21          On the court's own motion, this matter was taken under submission without oral

22   argument.  The undersigned has fully considered the parties' briefs and appropriate portions of

23   the record.  For the reasons that follow, the court recommends that defendant's Motion for

24   Attorneys' Fees be granted, and defendant be awarded attorneys' fees in the amount of

25   $146,493.50.

26   ───────────────────
[1]As noted in previous orders, defendant Wachovia Mortgage Company converted to Wells Fargo
27   Bank Southwest, N.A., which merged into and operates as part of defendant Wells Fargo Bank,
     N.A., Inc.  Because both named defendants are actually a single entity, the court refers to both as
28   a single defendant.

                                                   1

I.        BACKGROUND[2]

Plaintiff initiated this action against defendant in the San Joaquin County Superior court on September 15, 2010, alleging four state law causes of action based on fraud and violations of California's Business and Professions Code against defendant concerning defendant's actions in connection with plaintiff's mortgage loan modifications efforts for three rental properties located at:  865 Shelborne Drive in Tracy, California; 2416 Third Street in Lincoln, California; and 1895 Larkflower Way in Lincoln, California.  (ECF No. 1-1.)  Defendant removed this case to this court on October 15, 2010, on the basis of this court's diversity jurisdiction and subsequently filed a motion to dismiss the complaint.  (ECF Nos. 1, 11.)

Plaintiff subsequently filed his first amended complaint on November 29, 2010.  (ECF No. 19.)  Plaintiff also filed a motion for a preliminary injunction seeking to enjoin defendant from foreclosing on the three properties during the pendency of this litigation, which was granted by the District Judge on December 12, 2010.  (ECF Nos. 14, 21.)  Defendant filed a motion to dismiss the first amended complaint, which was granted by the court.  (ECF Nos. 26, 49.)  When granting defendant's motion to dismiss, the court also granted plaintiff leave to amend with respect to some of his claims.  (ECF No. 49.)  Plaintiff filed a second amended complaint on September 12, 2011, and defendant subsequently filed a motion to dismiss this complaint.  (ECF Nos. 68, 71.)  Plaintiff then sought the court's leave to amend his complaint for a third time. (ECF No. 89.)

Plaintiff alleged the following thirteen claims against defendant in his proposed third amended complaint:  (1) fraud; (2) "promissory estopple [sic]"; (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 et seq.; (4) violations of 12 C.F.R. § 560.101 and California Civil Code § 2923.6; (5) "preempted/unlawful foreclosure"; (6) "improper foreclosure process"; (7) defamation; (8) negligence and negligent infliction of emotional distress; (9) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18

---

[2] Given the voluminous procedural history of this case and parties' familiarity with the facts and proceedings, the court limits its recitation of the background facts and procedural history to a brief outline of the major filings and rulings that were made in this case concerning the merits of plaintiff's claims.

1    U.S.C. §§ 1962 et seq.; (10) intentional infliction of emotional distress; (11) elder abuse; (12)

2    violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and (13) violations of

3    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.  (ECF

4    No. 98.)  On September 19, 2014, the court granted plaintiff's motion for leave to amend in part,

5    and denied it in part.  (ECF Nos. 115, 123.)  Specifically, the court granted plaintiff leave to

6    amend his claims for fraud, promissory estoppel, RESPA violations, defamation, negligence and

7    negligent misrepresentation, RICO violations, intentional infliction of emotional distress, and

8    UCL violations.  (Id.)  The court denied plaintiff leave to amend with respect to all of his other

9    proposed claims.  (Id.)

10        On September 28, 2012, defendant filed a motion to dismiss plaintiff's remaining claims

11   asserted in the third amended complaint.  (ECF No. 125.)  This motion was denied.  (ECF No.

12   137.)  Defendant subsequently filed its answer to the third amended complaint on December 12,

13   2012.  (ECF No. 138.)  The parties initiated discovery in February of 2013.

14        On February 27, 2014, three days after the discovery cutoff, defendant filed a motion for

15   summary judgment with respect to plaintiff's remaining claims.  (ECF No. 179.)  The court

16   granted this motion in full on September 9, 2014, and entered judgment for defendant on that

17   same day.  (ECF Nos. 197, 202, 203.)   Plaintiff subsequently appealed the court's grant of

18   summary judgment.  (ECF No. 205.)  This appeal is currently pending before the Ninth Circuit

19   Court of Appeals.[3]  On October 7, 2014, defendant filed the present motion for attorneys' fees.

20   (ECF No. 213.)

21   ////

22   ////

23

24   _____

     [3] Plaintiff timely appealed the court's order granting summary judgment to defendant, (ECF No.
25   204), and that appeal is currently pending before the Ninth Circuit Court of Appeals.  Although
     the filing of an appeal typically divests a district court of jurisdiction over the action while the
26   appeal is pending, "the Ninth Circuit has made it clear that district courts retain jurisdiction to
     decide issues regarding attorney's fees after an appeal is taken."  United States v. Real Property
27   Located at 475 Martin Lane, 727 F. Supp. 2d 876, 882 (C.D. Cal. 2010) (citing Masalosalo ex rel.
     Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956-57 (9th Cir. 1983)).

28

II.     Defendant's Motion for Attorneys' Fees

As an initial matter, the court addresses plaintiff's argument that defendant's motion for attorneys' fees should be summarily dismissed for failure to file an affidavit in support of the motion that meets the requirements set forth in Local Rule 293.  Local Rule 293 requires that all motions for awards of attorneys' fees filed in this court include an affidavit showing the following:  (1) "that the moving party was a prevailing party"; (2) "that the moving party is eligible to receive an award of attorneys' fees, and the basis of such eligibility"; (3) "the amount of attorneys' fees sought"; (4) "the information pertaining to each of the criteria set forth in [Local Rule 293](c)";[4] and (5) "such other matters as are required under the statute under which the fee award is claimed."  E. Dist. L.R. 293(b).

Defendant has filed two declarations in support of its motion, one made by David Newman, defense counsel in this action, and the other made by Mark Flewelling, the billing attorney assigned to this case by the firm representing defendant.  (ECF Nos. 213-1, 213-2.) Plaintiff claims that neither of these declarations state that defendant was the prevailing party in this action, that defendant is eligible to receive an award of attorneys' fees, the basis for defendant's eligibility for such an award, or information pertaining to each of the criteria set out

---

[4] The criteria set forth in Local Rule 293(c) include the following:

> (1) the time and labor required of the attorney(s);
> (2) the novelty and difficulty of the questions presented;
> (3) the skill required to perform the legal service properly;
> (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;
> (5) the customary fee charged in matters of the type involved;
> (6) whether the fee contracted between the attorney and the client is fixed or contingent;
> (7) any time limitations imposed by the client or the circumstances;
> (8) the amount of money, or the value of the rights involved, and the results obtained;
> (9) the experience, reputation, and ability of the attorney(s);
> (10) the "undesirability" of the action;
> (11) the nature and length of the professional relationship between the attorney and the client;
> (12) awards in similar actions; and
> (13) such other matters as the Court may deem appropriate under the circumstances.

4

1   in Local Rule 293(c).  Plaintiff concedes that these items were included in defendant's motion,

2   but argues that the inclusion of such information in the motion itself does not satisfy the

3   requirements of Local Rule 293 because it was not filed under penalty of perjury.

4        Contrary to plaintiff's contentions, a review of defendant's declarations in support of its

5   motion shows that defendant's motion complies with Local Rule 293.  As defendant notes in its

6   reply, the two declarations clearly demonstrate that defendant was the prevailing party in this

7   action, that defendant is eligible to receive an award of attorneys' fees, and the basis for that

8   award.  Furthermore, the declarations provide information concerning the time and labor required

9   of the attorneys; the novelty and difficulty of the questions presented; the skill required to

10  perform the legal service properly; the customary fee charged in matters of the type involved in

11  this case; whether the contracted fee was contingent or fixed; the amount of money, or the value

12  of the rights involved, and the results obtained; the experience, reputation, and ability of

13  defendant's attorneys; the "undesirability" of the action; and the nature and length of the

14  professional relationship between the attorneys and the client.  Defendant also notes in its reply

15  brief that information regarding the preclusion of other employment by the attorneys and a time

16  limit imposed by defendant or the circumstances was not included in either declaration because

17  these issues were not applicable to the fees as no such limitations were imposed in this case.

18       While defendant admits in its reply brief that neither declaration addresses attorneys' fees

19  that have been awarded in similar cases, such an omission does not warrant the dismissal of

20  defendant's motion on procedural grounds as suggested by plaintiff.  Even though this

21  information is not included in the declarations, defendant devotes an entire section of its motion

22  to this topic.  Plaintiff argues that defendant's failure to present this information under penalty of

23  perjury is prejudicial to plaintiff because "he does not have the experience to challenge the

24  statements made in the motion that were not made under penalty of perjury."  (ECF No. 220 at 4.)

25  However, the case law cited to by defendant in its motion regarding attorneys' fee awards in other

26  similar actions is readily accessible and verifiable.  Accordingly, plaintiff's ability to address

27  defendant's assertion that the case law supports its argument that the requested fees are

28  reasonable has not been prejudiced by the fact that defendant did not address this particular factor

1    through the attached declarations.  Plaintiff's argument is, therefore, unpersuasive.  The court

2    finds that defendant's motion and supporting declarations satisfy the affidavit requirements set

3    forth in Local Rule 293.

4         a.    Legal Standards for an Award of Attorneys' Fees

5         "In a diversity case, the law of the state in which the district court sits determines whether

6    a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is

7    governed by federal law."  Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007).  Generally,

8    "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a

9    reasonable attorneys' fee from the loser.'"  Travelers Casualty & Surety Co. of Am. v. Pacific

10   Gas & Electric Co., 549 U.S. 443, 448 (2007) (quoting Alyeska Pipeline Service Co. v.

11   Wilderness Society, 421 U.S. 240, 247 (1975)).  However, a statute or enforceable contract

12   allocating attorneys' fees can overcome this general rule.  Id. (citing Fleischmann Distilling

13   Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)).  California law permits parties to

14   allocate attorneys' fees by contract.  See Cal. Code Civ. Proc. § 1021 ("Except as attorney's fees

15   are specifically provided for by statute, the measure and mode of compensation of attorneys and

16   counselors at law is left to the agreement, express or implied, of the parties . . . .").

17        California Civil Code Section 1717 governs the recovery of attorneys' fees pursuant to an

18   underlying contract.  Section 1717 authorizes an award of reasonable attorneys' fees "in any

19   action on a contract" where the contract "specifically provides that attorney's fees and costs,

20   which are incurred to enforce that contract, shall be awarded . . . ."  Cal. Civ. Code § 1717(a).  An

21   attorneys' fees provision "shall be construed as applying to the entire contract," even if its

22   language ostensibly permits recovery of attorneys' fees only under more limited circumstances.

23   Id.; see Kangarlou v. Progressive Title Co., 128 Cal. App. 4th 1174, 1178 (2005) (noting that

24   under section 1717(a), "parties may not limit recovery of attorney fees to a particular type of

25   claim").  "Although Section 1717 limits the court's ability to enforce an attorneys' fees clause to

26   'any action on the contract,' California courts liberally construe 'on a contract' to extend to any

27   action '[a]s long as an action 'involves' a contract and one of the parties would be entitled to

28   recover attorney fees under the contract if that party prevails in its lawsuit . . . .'"  In re Baroff,

6

1   105 F.3d 439, 442-43 (9th Cir. 1997) (quoting <u>Milman v. Shukhat</u>, 22 Cal. App. 4th 538, 544-45

2   (1994)); <u>see</u> <u>Barrientos v. 1801-1825 Morton LLC</u>, 583 F.3d 1197, 1216 (9th Cir. 2009)

3   (interpreting the language of Section 1717 liberally to find that an action is "on a contract"

4   whenever "the underlying contract between the parties is not collateral to the proceedings but

5   plays an integral part in defining the rights of the parties"). "California law is settled that an

6   obligation to pay attorneys' fees incurred in the enforcement of a contract includes attorneys' fees

7   incurred in defending against a challenge to the underlying validity of the obligation." <u>Siligo v.</u>

8   <u>Castellucci</u>, 21 Cal. App. 4th 873, 878 (1994).

9            To recover attorneys' fees pursuant to a contractual provision under Section 1717, the

10  moving party must be able to show that:  (1) the underlying contract authorizes such fees, (2) the

11  moving party is the prevailing party, and (3) the attorneys' fees incurred are reasonable.  <u>First</u>

12  <u>Nat. Ins. Co. of Am. v. MBA Const.</u>, 2005 WL 3406336, at *2 (E.D. Cal. Dec. 12, 2005).  "The

13  California Supreme Court has emphasized that a trial court is 'obligated to award attorney fees[ ]

14  whenever the statutory conditions have been satisfied.'"  <u>Hopkins v. Wells Fargo Bank, N.A.</u>,

15  2014 WL 2987753, at *1 (E.D. Cal. July 1, 2014) (quoting <u>Hsu v. Abbara</u>, 9 Cal. 4th 863, 872

16  (1995)).

17            b.       <u>The Underlying Contracts Authorize the Attorneys' Fees Requested by Defendant</u>

18            Defendant argues that the loan instruments concerning each of plaintiff's three properties

19  at issue in this action contain language that entitles defendant to attorneys' fees with respect to all

20  of the claims that were asserted by plaintiff in this action.  The promissory notes for each of the

21  three properties contain the following identical fees provision:

22            The Lender will have the right to be paid back by me for all of its costs and
            expenses in enforcing this Note to the extent not prohibited by applicable law.
23            Those expenses may include, for example, reasonable attorneys' fees and court
            costs.
24

25  (ECF No. 179-4 at 5 [Shelborne property], 29 [Third Street property], 53 [Larkflower property].)

26  Similarly, the deeds of trust for each of the three parcels of property identically provide:

27            If: (A) I do not keep my promises and agreements made in this Security
            Instrument, or (B) someone, including me, begins a legal proceeding that may
28

1
2
3
4

significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property.  Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees . . . .

5
6

(ECF No. 179-4 at 14 [Shelborne property], 38 [Third Street property], 62 [Larkflower property].)[5]

7

Defendant argues that all of the claims plaintiff asserted in this action "challenged

8

[defendant's] rights under the parties' agreements" in a manner that, if meritorious, would have

9

"significantly affected [defendant's] rights in the Propert[ies]."  (ECF No. 213 at 9.)

10

Furthermore, defendant asserts that the attorneys' fees incurred in defending this action were

11

incurred in furtherance of defendant's efforts to "enforc[e] th[e] Note[s]" regarding the three

12

properties at issue.  (Id.)

13

The plain language of the above-quoted provisions in the promissory notes and the deeds

14

of trust entitle defendant to attorneys' fees in this action if defendant was "enforcing th[e] Note"

15

or if this proceeding could "significantly affect [defendant's] rights in the Property."  Both of

16

these prerequisites are met.  In the third amended complaint, plaintiff sought relief in the form of

17

an order enforcing the alleged promise that defendant would modify the terms of plaintiff's loans,

18

which would materially and permanently alter defendant's rights under the loan contracts for each

19

property.  (ECF No. 98 at ¶ 56 ("This injustice can be avoided only through enforcement of the

20

promise to permanently modify plaintiff's Shelborne, Larkflower, and 3rd Street loans to lower

21

each by $500 per month . . . .").)  Furthermore, plaintiff also sought and obtained preliminary

22

injunctive relief in this case that precluded defendant from foreclosing on the three properties

23

during the pendency of this action, and sought additional injunctive relief that would have further

24

25
26
27
28

---

[5] All three promissory notes and deeds of trust were attached to the declaration of Michael Dolan in support of defendant's motion for summary judgment.  (ECF No. 179-4.)  As these documents are matters of public record properly subject to judicial notice pursuant to Federal Rule of Evidence 201, and plaintiff does not dispute that any of these documents are authentic, the court takes judicial notice of such documents.  See Cartmill v. Sea World, Inc., 2010 WL 4569922, at *1 (S.D. Cal. Nov. 5, 2010) (taking judicial notice of documents filed in that case and other court proceedings).

1  restricted defendant's right to non-judicially foreclose on the properties.  (ECF Nos. 21, 126.)

2          Moreover, all of plaintiff's causes of action are either based on the contract, concern

3  alleged actions significantly related to the contract, or seek to substantially modify the terms of

4  the contract with respect to each of the three properties at issue in this case.  Other courts have

5  found claims similar to those asserted by plaintiff to fall squarely within the exact same language

6  provided by the above fee-shifting provisions.  E.g., Hopkins v. Wells Fargo Bank, N.A., 2014

7  WL 2987753, at *2 (E.D. Cal. July 1, 2014)  (holding that the above attorneys' fees provisions at

8  issue here entitled the "prevailing defendant in a foreclosure action to attorney's fees under

9  section 1717," and citing other cases finding the same); Smith v. World Sav. & Loan Ass'n,

10  2011 WL 1833088, at *2 (E.D. Cal. May 12, 2011) (finding that defendant was entitled to

11  attorneys' fees under the contractual provisions at issue in the current action "[b]ecause Plaintiff's

12  lawsuit attacked the mechanics of Defendant's ownership of the [Promissory Note], the non-

13  judicial foreclosure, and the mechanism by which Defendant became the beneficiary under the

14  [Deed of Trust]," which required defendant "to protect its interests in the Property."); Nguyen v.

15  Wells Fargo Bank, N.A., 2011 WL 9322, at *3 (N.D.Cal. Jan. 3, 2011) (construing the same

16  attorneys' fees provisions at issue here, and holding that all of the plaintiff's claims, including his

17  fraud and other non-contract claims, were "inextricably intertwined with the contract claim and

18  fees need not be apportioned claim by claim" because all of the plaintiff's claims directly related

19  to Wells Fargo's enforcement of the note through foreclosure); see also Bonner v. Redwood

20  Mortgage Corp., 2010 WL 2528962, at *3 (N.D. Cal. June 18, 2010) (holding that the defendant

21  was entitled to attorneys' fees with respect to the plaintiff's fraudulent misrepresentation, UCL,

22  RESPA, TILA, Civil RICO, and emotional distress claims because of "their significant relation to

23  the parties' mortgage contract," which contained a fee-shifting provision similar to the ones at

24  issue in this case).

25          Here, all of plaintiff's claims relate either to defendant's servicing of the three loans or to

26  defendant's attempts to non-judicially foreclose on those loans.   Thus, plaintiff's causes of

27  actions are intertwined with the contracts at issue such that they could not be separated out and

28  defendant mounted its defense of this case in order to protect its interest in the properties at issue.

9

1   Accordingly, defendant is entitled to attorneys' fees for its defense of this case under the above

2   fee-shifting provisions.

3           Plaintiff does not contest defendant's argument that the claims asserted in this action

4   would significantly affect defendant's interest in the three properties or that plaintiff's claims

5   were intertwined with the contracts containing the above fee-shifting provisions.[6]  Instead,

6   plaintiff argues that defendant's attempts at foreclosing on the three properties subject to this

7   action have been pursuant to the non-judicial foreclosure procedure set forth in California Civil

8   Code Section 2924, which plaintiff asserts is preempted by the federal Home Owners Lending

9   Act ("HOLA").  Plaintiff further asserts that because of this preemption, the attorneys' fees for

10  which defendant seeks to recover do not fall within the language of the above contractual

11  provisions because defendant's fees have been incurred in pursuit of a foreclosure "process that is

12  prohibited by applicable law." (ECF No. 220 at 7.)  Plaintiff's arguments are unpersuasive.

13          As defendant notes in its reply, plaintiff asserted similar arguments regarding HOLA

14  preemption of the non-judicial foreclosure procedure set forth in California Civil Code Section

15  2924 at previous points during this litigation and the court found those arguments unavailing.

16  (See ECF No. 129 at 3-5; ECF No.130 at 7.)  Plaintiff's preemption argument is equally

17  unpersuasive in the present context.  The case law plaintiff cites to in his opposition in support of

18  this contention does not stand for plaintiff's suggested proposition that California's entire non-

19  judicial foreclosure scheme under Section 2924 is preempted by HOLA.  Rather, those cases

20  generally hold that claims based on alleged violations of Section 2924 brought against federal

21  savings banks operating under HOLA are preempted to the extent that the plaintiff seeks to hold

22  the defendant bank liable for activities relating to the "processing, origination, servicing [or] sale

23  of mortgages" when the alleged violations are with respect to standards that differ from those

24  provided by HOLA.  Nguyen, 749 F. Supp. 2d at 1032; see DeLeon v. Wells Fargo Bank, N.A.,

25  2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011).  Furthermore, plaintiff's preemption argument

26

27  ────────────────
    [6] Plaintiff twice states the following in his opposition to defendant's motion: "Plaintiff agrees
    with [defendant] that, in the instant case, all of plaintiff's claims directly relate to [defendant's]
28  enforcement of the note through non-judicial foreclosure."  (ECF No. 220 at 6-7.)

1   has no bearing on the issue of whether plaintiff's claims asserted in the third amended complaint

2   are on the contract or otherwise intertwined with the contracts at issue.  In sum, the fee-shifting

3   provisions in the promissory notes and deeds of trust provide a proper contractual basis for

4   defendant to seek the requested attorneys' fees.

5            c.       Defendant is the Prevailing Party in this Action

6            Defendant is indisputably the prevailing party.  When "the results of the litigation are

7   mixed," the court may decline to award fees to either party.  Hsu v. Abbara, 9 Cal. 4th 863, 876

8   (1995).  Here, however, defendant achieved a "simple, unqualified win."  Id.  The court granted

9   summary judgment in defendant's favor with respect to all of plaintiff's remaining claims

10  asserted in the third amended complaint. (See ECF Nos. 115, 123, 197, 202.)  Accordingly, it is

11  clear that defendant is the prevailing party in this action.

12           Because defendant is the prevailing party, and the promissory notes and deeds of trust for

13  each property entitle it to reasonable attorneys' fees, plaintiff is obligated to pay reasonable

14  attorneys' fees to defendant.

15           d.       The Fees Sought by Defendant are Reasonable

16           After the court determines that an award of fees is warranted, it must then determine

17  whether the amount requested is reasonable.  Fees awarded under section 1717(a)are "fixed by

18  the court," Cal. Civ. Code § 1717(a), which "has broad authority to determine the amount of a

19  reasonable fee," PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000).  The starting point for

20  determining reasonable attorneys' fees under Section 1717 is the "lodestar," which is calculated

21  by multiplying the number of hours reasonably expended on litigation by a reasonable hourly

22  rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); PLCM Grp., 22 Cal. 4th at 1095 ("[T]he

23  fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours

24  reasonably expended multiplied by the reasonable hourly rate.").  Furthermore, "[i]n calculating

25  reasonable attorney fees the court must [also] consider the following factors:  (1) the time and

26  labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to

27  perform the legal services properly, (4) the preclusion of other employment by the attorney due to

28  acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

1    limitations imposed by the client or circumstances, (8) the amount involved and the results

2    obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of

3    the case, (11) the nature and length of the professional relations with the client, and (12) awards

4    in similar cases." LaFarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d

5    1334, 1341-42 (9th Cir. 1986) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th

6    Cir. 1975)).  Based on a consideration of these factors, the court may then adjust the lodestar

7    figure.  Hopkins, 2014 WL 2987753, at *3 (quoting PLCM Grp., 22 Cal. 4th at 1096).  A

8    complete failure to consider these factors is an abuse of discretion, but a court may properly deem

9    that some factors are not relevant to the present case.  LaFarge Conseils Et Etudes, S.A., 791 F.2d

10   at 1342.

11                    1.    The Number of Hours Expended is Reasonable

12         Under California law, a court determining the number of hours reasonably expended on a

13   case "must carefully review attorney documentation of hours expended."  Ketchum v. Moses, 24

14   Cal.4th 1122, 1132 (2001) (quoting Serrano v. Priest, 20 Cal.3d 25, 48 (1977)).  The court must

15   exclude hours that "were not reasonably expended in pursuit of successful claims," Harman v.

16   City & County of San Francisco, 158 Cal.App.4th 407, 417 (2007), "[a]ttorney time spent on

17   services which produce no tangible benefit for the client," Meister v. Regents of Univ. of Cal., 67

18   Cal. App. 4th 637, 652 (1998), or any otherwise "duplicative or excessive" hours.  Graciano v.

19   Robinson Ford Sales, Inc., 144 Cal.App.4th 140, 161 (2006).  "[T]he party seeking attorneys' fees

20   bears the burden of submitting detailed time records which justify the hours spent working on the

21   claims."  Phillips v. IMS Loans, Inc., 2010 WL 3958653, at *3 (E.D. Cal. Oct. 8, 2010) (citing

22   Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

23         Here, defendant has attached to the declaration of Mark Flewelling copies of the billing

24   statements sent to defendant by Anglin, Flewelling, Rasmussen, Campbell, & Trytten LLP

25   ("AFRCT") detailing the hours billed, the nature of the professional services rendered, and the

26   customary hourly rate of each attorney.  (See Flewelling Decl. Exhibit A.)  The Flewelling and

27   Newman declarations state that defendant only seeks to recover attorneys' fees incurred by

28   attorneys David Newman, Robert Little, and Christopher Carr, the three attorneys who had

1    primary responsibility over this case at AFRCT at various points throughout this action.

2    (Flewelling Decl. ¶ 3; Newman Decl. ¶ 3.)  Defendant does not seek to recover any fees incurred

3    for the time other attorneys, paralegals, or other staff at AFRCT spent on this case.  (Flewelling

4    Decl. ¶ 7; Newman Decl. ¶ 3.)  Furthermore, Mark Flewelling states in his declaration that

5    defendant has declined to recover $5,000 in fees incurred in January 2011 and $1,007 in fees

6    incurred in August and September 2013 in connection with an unsuccessful discovery motion

7    filed by defendant.  (Newman Decl. ¶ 7.)

8        Plaintiff has not objected to any of the time entries listed in the attached billing statements

9    as unreasonable.  Furthermore, a review of these records shows that hours for which defendant

10   seeks recovery are not excessive in light of the circumstances presented by this case.  As noted

11   above, defendant only seeks to recover fees for three of the attorneys who worked on this case

12   even though other attorneys and paralegals at AFRCT also billed defendant for time spent

13   working on this case.  Furthermore, defendant has also omitted certain attorneys' fees associated

14   with unsuccessful motions filed by defendant over the course of this litigation.  In sum, the billing

15   statements submitted by defendant show that defendant seeks to recover only fees incurred for

16   work performed by Carr, Newman, and Little in connection with the extensive law and motion

17   practice that occurred at the pleading stages of this case, discovery and discovery-related motions,

18   and the preparation of its motion for summary judgment.  Based on a careful review of the billing

19   records attached to the Flewelling declaration, the court determines that Carr reasonably billed

20   51.7 hours, Newman reasonably billed 457.9 hours, and Little reasonably billed 22.3 hours for

21   services rendered to defendant in connection with these actions in litigating this case.

22       David Newman also states in his declaration that he will have spent "at least six hours in

23   connection with [the present] fee motion" beyond those hours accounted for in the billing

24   statements.  (Newman Decl. ¶ 7.)  Specifically, he states that he spent three hours of billable time

25   preparing the current motion, two hours reviewing and responding to plaintiff's opposition

26   briefing, and "expect[s] to spend an additional hour preparing for and attending a hearing on this

27   motion."  (Id.)  Because the present motion was taken under submission without oral argument,

28   no hearing was held.  Therefore, the court will not take into account the additional hour of billable

13

1    time that Newman anticipates he would have spent preparing for such a hearing.  Nevertheless,

2    the court finds that the other five hours of additional time spent in connection with the present

3    motion constitute a reasonable amount of time to draft the present motion, review the plaintiff's

4    opposition to the motion, and draft a reply brief.  Accordingly, these hours will be computed into

5    the lodestar.

6                              2.      Counsels' Hourly Rates are Reasonable

7             In order to determine what rate is "reasonable," courts look at "prevailing market rates in

8    the relevant community."  Blum v. Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San

9    Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined

10   "by reference to the fees that private attorneys of an ability and reputation comparable to that of

11   prevailing counsel charge their paying clients for legal work of similar complexity").  Generally,

12   the relevant community is the forum in which the district court sits.  Davis v. Mason County, 927

13   F.2d 1473, 1488 (9th Cir. 1991).

14            Here, defendant requests the court's approval of rates ranging from $265 to $330 per

15   hour and represents that those rates are reasonable in light of the nature of the services rendered.[7]

16   In support of this position, the Flewelling and Newman declarations detail the qualifications and

17   rates for each of the three attorneys at AFRCT who worked on the case, as well as the detailed

18   billing records for the case showing the fees and costs incurred by defendant.  Plaintiff submitted

19   no evidence to contest these rates.

20   ////

---

21   [7] Specifically, defendant seeks the court's approval of the following rates: $330 per hour for
     Christopher Carr, an attorney with 38 years' experience in commercial and real estate litigation;
22   $275 per hour for David Newman, an attorney with eight years' litigation experience; and $320
     per hour for Robert Little, an attorney with 15 years' experience in civil litigation and appellate
23   matters.  (Flewelling Decl. at ¶ 3.)  While defendant requests a rate of $275 per hour with respect
     to all hours spent by David Newman, the billing records submitted by defendant show that
24   Newman billed at only $265 for all of the hours outside of the five associated with the present
     motion.  Accordingly, the court uses the $265 for purposes of determining the loadstar for the
25   work performed by Newman for all but the five hours associated with the present motion.
     Similarly, defendant requests a rate of $330 per hour for all of the hours worked by Christopher
26   Carr.  However, the billing records show that he billed at variable rates during the course of this
     litigation.  Specifically, he billed 13.9 hours at $300 per hour, 37.3 hours at $330 per hour, and
27   0.5 hours at $320 per hour.  Therefore, the court will calculate the fees for Carr's services in this
     manner in determining the lodestar rather than the $330 per hour rate for all hours that is
28   suggested by defendant.

                                              14

1         The hourly rates defendant charged by Carr, Newman, and Little are consistent with those

2   awarded in similar cases within this district for the work of attorneys of similar skill levels.  See

3   e.g., Hopkins, 2014 WL 2987753 (finding defense attorneys' hourly rates ranging between $240

4   and $496 per hour to be reasonable in a foreclosure action brought against Wells Fargo Bank,

5   N.A.); Coppes v. Wachovia Mortgage Corp., 2011 WL 4852259, at *3 (E.D. Cal. Oct. 12, 2011)

6   (collecting cases holding hourly rates between $250 and $320 for attorneys to be reasonable when

7   defending against causes of action similar to those asserted by plaintiff in the present case);

8   Phillips, 2010 WL 3958653, at *3 (holding that the hourly rates of  $320 per hour for . . . an

9   attorney with 29 years of litigation experience; $300 per hour for . . . an attorney who graduated

10  24 years ago; [and] $250 per hour for . . . an attorney with 8 years of litigation experience . . .

11  reflect[ed] the prevailing rate[s] for similar work in the relevant legal community of Sacramento

12  in the Eastern District of California" in 2010).  Accordingly, the court finds these rates to be

13  reasonable.

14        In sum, the court finds that the billing records and declarations provided by defendant in

15  support of its motion show that Carr reasonably billed 13.9 hours at $300 per hour, 37.3 hours at

16  $330 per hour, and 0.5 hours at $320 per hour; that Newman reasonably billed 547.9 hours at

17  $265 per hour and 5 hours at $275 per hour; and that Little reasonably billed 22.3 hours at $320

18  per hour.  Overall, these billings result in a lodestar of $146,493.50, calculated as follows:

19  Carr:        13.9 x $300 = $4,170.00

20             37.3 x $330 = $12,309.00

21             0.5 x $320 = $160.00

22  Newman:   457.9 x $265 = $121,343.50

23             5 x $275 = $1,375

24  Little:      22.3 x $320 = $7,136.00

25  Total:           $146,493.50[8]

26  _____

27  [8] Defendant states in its motion that it seeks to recover $144,349 in fees, but Mark Flewelling states in his declaration that the total fees requested by defendant is $144,250.  (compare ECF No. 213 at 25 with Flewelling Decl. ¶ 8.)  In addition to this incongruity, a close review of the billing

28  records attached to Flewelling's declaration shows that those records do not correspond with the

1

3.      Other Factors Demonstrate that the Amount Requested is Reasonable

2      "After calculating the lodestar, the court must 'consider whether the total fee award so

3    calculated under all of the circumstances is more than a reasonable amount'; if so, it must 'reduce

4    the . . . award so that it is a reasonable figure.'"  Hopkins, 2014 WL 2987753, at *4 (quoting

5    PLCM Grp., 22 Cal. 4th at 1095-96).  The court may then adjust the lodestar figure after a

6    consideration of the above-listed LaFarge factors.  "While the court may rely on any of these

7    factors to increase or decrease the lodestar figure, there is a 'strong presumption' that the lodestar

8    is the reasonable fee.'"  Hopkins, 2014 WL 2987753, at *4 (quoting Crawford v. Astrue, 586 F.3d

9    1142, 1149 (9th Cir. 2009)); accord Harman v. City & County of San Francisco, 158 Cal.App.4th

10   407, 416 (2007).

11      Here, defendant asserts that the LaFarge factors do not warrant an adjustment to the

12   requested fees.  The court agrees.

13      While the legal questions posed in this action were not particularly novel or difficult, the

14   number of claims at issue in the case and amount of time and labor required to defend this action

15   was unusually great.  The law and motion practice at the pleading stage in this case was

16   remarkably extensive, lasting over two years and including, among other filings, several

17   successful motions to dismiss filed by defendant and numerous motions to amend the complaint

18   and motions for reconsideration filed by plaintiff.  Furthermore, the docket in this case generally

19   indicates that defendant did not litigate this case in an inefficient or artificially expensive manner.

20   Generally, defendant limited its own filings in this case to dispositive motions and spent much of

21   its time and effort opposing plaintiff's many filings.  Defendant filed its successful motion for

22   summary judgment with respect to all of plaintiff's remaining claims immediately after the close

23

24   amounts listed for each billing period in Flewelling's declaration.  Nor does the sum total of the
     fees stated in the billing records correspond to the total requested in the motion.  Nevertheless, a
25   close review of the billing records shows that the three attorneys billed for the number of hours
     and at the hourly rates noted in the above lodestar computation.  Because there is a "strong
26   presumption" that the lodestar amount based on reasonable hours and hourly fees is the
     reasonable fee,  Hopkins, 2014 WL 2987753, at *5 (citing Crawford, 586 F.3d at 1149), the court
27   uses the above lodestar figure totaling $146,493.50 as the base fees total rather than either of the
     conflicting amounts requested by defendant.
28

16

1  of discovery.  Furthermore, the billing records submitted by defendant demonstrate that the fees

2  defendant seeks to recover are primarily attributable to the hours spent by its attorneys drafting its

3  dispositive motions, engaging in reasonable discovery efforts, and responding to plaintiff's

4  various motions and other filings.

5  Defendant's potential liability in this action was rather large for a case of this nature.  This

6  action involved mortgage loans concerning three separate parcels of residential real property to

7  which defendant was the mortgagee.  Had plaintiff succeeded in this action and received his

8  requested relief, defendant would have been enjoined from foreclosing on all three loans.

9  Plaintiff also sought compensatory, statutory, and punitive damages that, by plaintiff's own

10 calculations, would have amounted to a recovery of many millions of dollars.[9]  Defendant

11 successfully defended against this potential liability when it obtained summary judgment in its

12 favor.

13 While other courts have awarded smaller sums in other foreclosure cases presenting

14 claims and issues similar to those present here, those cases were resolved at the pleading stages,

15 involved fewer claims than were at issue in this case, and were ultimately far less protracted in

16 nature.  See, e.g., Hopkins, 2014 WL 2987753 (awarding the defendant $49,410 in attorneys' fees

17 in foreclosure case involving some complex issues concerning bankruptcy law that was resolved

18 on defendant's motion for judgment on the pleadings); Coppes, 2011 WL 4852259 (awarding

19 $13,071.50 in attorneys' fees after defendant's successful motion to dismiss the first amended

20 complaint); Nguyen, 2011 WL 9322 (awarding $19,302.50 in costs and fees to defendant after

21 successful motion to dismiss and opposition to plaintiff's motion for remand); Rivera v.

22 Wachovia Bank, 2009 WL 3423743 (S.D. Cal. Oct. 23, 2009) (awarding $19,055 in attorneys'

23

24 ---
[9] Defendant attaches a copy of a portion plaintiff's initial disclosures to the declaration of David
25 Newman detailing plaintiff's calculations of the damages sought with respect to each of his
claims.  (Newman Decl. ¶ 8, Exhibit A.)  These calculations indicate that plaintiff sought over
26 $200,000,000 in damages, with the majority of the total consisting of punitive damages.  While
the court notes that the potential monetary liability defendant realistically faced in this action was
27 far less than this amount, it also notes that the potential liability for a case of this nature was still
abnormally great given that it involved three residential mortgage loans and a large number of
28 claims.

1    fees to defendant after dismissal of the first amended complaint).  Furthermore, the present case

2    required defendant to respond to the many motions filed by plaintiff and to engage in unusually

3    extensive discovery efforts for a case of this nature.  When these additional efforts defendant had

4    to undertake in order to obtain a favorable judgment in this case are taken into account, the

5    lodestar amount is reasonable in light of the awards granted in similar cases.

6         The court also finds that the fees are reasonable in light of the experience, reputation and

7    ability of the attorneys given that their hourly rates appear to be in line with the rates of other

8    attorneys of similar experience and skill that have been approved by other courts in this district

9    with regard to similar actions.  See, e.g., Hopkins, 2014 WL 2987753; Coppes, 2011 WL

10   4852259; Phillips, 2010 WL 3958653.  Finally, the court finds that the other LaFarge factors

11   concerning whether this case precluded defendant's counsel from handling other matters, the

12   undesirability of this action, time limitations imposed on counsel by defendant, and the nature and

13   length of the professional relationship between defendant and its counsel also do not warrant an

14   adjustment to the lodestar amount because they were largely irrelevant to the fees incurred in this

15   case.

16        In light of these factors and the strong presumption that the lodestar is the reasonable fee,

17   the court need not adjust the lodestar figure.  Accordingly, the court recommends that defendant

18   be awarded $146,493.50 in attorneys' fees.

19        e.    A Deferred Ruling on Defendant's Motion is Not Warranted

20        Plaintiff asserts that if the court does not deny defendant's motion on the merits, the court

21   should deny defendant's motion without prejudice in light of plaintiff's appeal of the court's grant

22   of summary judgment in defendant's favor, which is currently pending before the Ninth Circuit

23   Court of Appeals.  Plaintiff argues that the court should decline to hear this motion at this time

24   because there is uncertainty as to who will prevail on appeal.  Plaintiff cites to the Advisory

25   Committee Notes to the 1993 Amendments to Federal Rule of Civil Procedure 54 in support of

26   this argument, which provides that subdivision (d)(2)(B) of Rule 54 permits a district court to

27   defer its ruling on a motion for attorneys' fees or deny the motion without prejudice and direct the

28   moving party to refile the motion after the resolution of the appeal.  The court finds plaintiff's

18

1    reasoning unpersuasive.

2          While it is true that the Federal Rules of Civil Procedure permit a district court to delay

3    ruling on a motion for attorneys' fees during the pendency of an appeal on the merits, nothing

4    requires the court to do so.  In this case, the more prudent course of action would be to address

5    defendant's motion at this juncture rather than at some later time.  As defendant highlights, the

6    Advisory Committee Notes to Federal Rule 58 provide that:

> If the claim for fees involves substantial issues or is likely to be affected by the
> appellate decision, the district court may prefer to defer consideration of the claim
> for fees until after the appeal is resolved. However, in many cases it may be more
> efficient to decide fee questions before an appeal is taken so that appeals relating
> to the fee award can be heard at the same time as appeals relating to the merits of
> the case.

11         This case clearly falls into the latter category.  Plaintiff in no way demonstrates how the

12   court's decision on this motion will likely be affected by the Court of Appeals' decision on

13   plaintiff's appeal of summary judgment, or even why there is a plausible uncertainty as to which

14   party will prevail on that appeal.  Therefore, plaintiff has not provided a compelling reason for the

15   court to withhold judgment on defendant's  motion for attorneys' fees until after plaintiff's appeal

16   of summary judgment has been fully adjudicated.  Accordingly, defendant's motion should be

17   ruled on at this juncture instead of after plaintiff's merits appeal has concluded.

18         Based on the foregoing, IT IS HEREBY RECOMMENDED that:

19         1.      Defendant's motion for attorneys' fees (ECF No. 213) be GRANTED.

20         2.      Defendant be awarded $146,493.50 in attorneys' fees.

21         These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

23   days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   shall be served on all parties and filed with the court within fourteen (14) days after service of the

27   objections.  The parties are advised that failure to file objections within the specified time may

28

1  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

2  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3          IT IS SO RECOMMENDED.

4  Dated:  December 29, 2014

5

6                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28