# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY BECKER, et al., | No. 2:10-cv-2799-TLN-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

Currently before the court are two motions filed by plaintiff. Through one of the motions, plaintiff requests that the court issue an order denying defendant's request for issuance of an abstract of judgment with respect to the judgment issued on defendant's attorneys' fees motion. (ECF No. 231.) Through the other motion, plaintiff requests the court to approve plaintiff's proposal to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d) with regard to the judgment awarding defendant attorneys' fees and costs in order to obtain an automatic stay of this judgment pending plaintiff's appeal. (ECF No. 237.)[1] Defendant filed an opposition and plaintiff filed a reply with respect to each motion. (ECF Nos. 234, 238, 241, 242.)

////

---

[1] Plaintiff proceeds on an amended motion. On March 10, 2015, plaintiff filed a document styled as a withdrawal of his original motion for approval to post a supersedeas bond that he had filed on February 20, 2015. (ECF No. 237.) The court subsequently construed this motion as an amended motion for approval to post a supersedeas bond. (ECF No. 240.)

1  Plaintiff's motion to deny the issuance of an abstract of judgment was submitted on the
2  papers without oral argument. (ECF No. 239.) Plaintiff's other motion is currently scheduled for
3  a hearing before the undersigned on April 9, 2015. (ECF 240.) However, upon reviewing the
4  parties' briefing with respect to this motion, the court concludes that oral argument would not be
5  of material assistance in resolving this motion. Accordingly, this motion is submitted on the
6  record and briefing pursuant to Local Rule 230(g) and the April 9, 2015 hearing is vacated. After
7  considering the parties' filings and supporting documentation, the court rules on plaintiff's
8  motions as follows.

9      I.    <u>Motion for Order Denying Defendant's Request for Issuance of an Abstract of
10         Judgment</u>

11  First, the court addresses plaintiff's motion to deny defendant's request for the Clerk of
12  Court to issue an abstract of judgment. Through this motion, plaintiff argues that issuance of an
13  abstract of judgment would prejudice him because he did not receive notice of defendant's
14  request until the day the 14-day automatic stay pursuant to Federal Rule of Civil Procedure 62(a)
15  expired. (ECF No. 231 at 3.) Plaintiff asserts that defendant misrepresented in the certificate of
16  service for its request that the filing was served to plaintiff via overnight mail, when it had in fact
17  been sent by first class mail. Plaintiff argues that this misrepresentation prejudiced him because it
18  misrepresented to the court that plaintiff had received notice of defendant's request several days
19  prior to the date that he actually did receive it, and that plaintiff received the notice several days
20  prior to the end of the initial 14-day stay, which he did not. Plaintiff appears to argue that
21  defendant's request violated the requirement under Federal Rule of Civil Procedure 62(a) that "no
22  execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days
23  have passed after its entry." Plaintiff also appears to claim that the timing of defendant's notice
24  of its request prejudiced him because he was unable to file an opposition to this request or a
25  motion to stay this case pursuant to Federal Rule of Civil Procedure 62(d) prior to the end of the
26  14-day stay.

27  Plaintiff fails to show how defendant's request was in violation of Federal Rule of Civil
28  Procedure 62(a) or in any way prejudicial. As an initial matter, it appears that plaintiff confuses

defendant's request for issuance of an abstract of judgment as a request for execution of the judgment. Issuance of an abstract of judgment, and even recordation of an abstract of judgment, "is not a step in the process of execution upon the judgment." Indus. Indem. Co. v. Levine, 49 Cal. App. 3d 698, 699 (Ct. App. 1975).[2] Rather, an abstract of judgment is a written summary of the judgment that has been entered and merely reflects the amount that is owed to the prevailing party and any other terms of the judgment. Accordingly, to the extent that plaintiff argues that he was prejudiced because defendant's request was an attempt at executing on the judgment awarding attorneys' fees and costs prior to the end of the initial 14-day stay pursuant to Federal Rule of Civil Procedure 62(a), the argument is without merit.

Furthermore, to date, no abstract of judgment has been issued regarding the judgment awarding defendant attorneys' fees and costs. Plaintiff fails to show how defendant's request somehow prevented or hindered him in filing a motion seeking a stay pursuant to Federal Rule of Civil Procedure 62(d) or prematurely sought execution on the judgment. Therefore, plaintiff's assertion that defendant's request was prejudicial is not well taken.

Nothing prevents defendant from being issued the requested abstract of judgment. The automatic 14-day stay pursuant to Rule 62(d) did not prevent defendant from obtaining, or even recording, an abstract during that time period. See Yusov v. Yusuf, 892 F.2d 784, 785, n.1 (9th Cir. 1989) ("The court's refusal to stay execution of the judgment, or to expunge the abstract of judgment from the county records, was not an abuse of discretion. Recording a judgment is generally not held to be prohibited by Fed. R. Civ. P. 62(a)."). Similarly, plaintiff's pending motion for a stay pursuant to Rule 62(d) does not prevent the abstract from being issued to defendant. Accordingly, the court denies plaintiff's motion and directs the Clerk of Court to issue an abstract of judgment to defendant.

////

////

////

---

[2] Pursuant to 28 USC § 1962, enforcement of federal judgments and the establishment of liens pursuant to such judgments are based on the law of the state under which the judgment is entered.

3

II. <u>Motion for Approval to Post a Supersedeas Bond</u>

With regard to the motion for approval to post a supersedeas bond, plaintiff requests that the court approve his proposed bond instrument, which proposes a cash bond in lieu of a surety bond, and issue a stay on the execution of judgment with regard to the attorneys' fees and costs awarded to defendant.

Pursuant to Federal Rule of Civil Procedure 62(d), a party may obtain a stay of execution of a judgment as a matter of right upon the court's approval of a supersedeas bond. Even though Rule 62(d) provides only that a party may post a supersedeas bond in order to obtain such a stay, district courts have discretion to "allow other forms of judgment guarantee" in lieu of a bond. <u>International Telemeter, Corp. v. Hamlin International Corp.</u>, 754 F.2d 1492, 1495 (9th Cir. 1985).

In this District, Local Rule 151(e) generally requires that proposed bonds take the form of a surety bond that is acknowledged by both the party offering it and that party's surety. However, Local Rule 151(d), which specifically concerns supersedeas bonds, grants the court wide equitable discretion to depart from the normal bond requirement.[3] Furthermore, Local Rule 151(h) gives the court discretion to permit a party to post cash in lieu of a surety bond in order to satisfy the supersedeas bond requirement in Rule 62(d). Such a deposit must be "accompanied by a written instrument, to be approved by the Court, executed and acknowledged by the party, setting forth the conditions upon which the deposit is made, and the fact that the Clerk may collect or sell the obligations and apply the proceeds, or the cash deposited, in the case of default as provided in the bond." Local Rule 151(h).

Here, plaintiff attached a proposed cash bond instrument to his declaration filed in support of his motion. (ECF No. 237-2 at 9.) Plaintiff proposes to post a bond of $188,706.43 in cash with the Clerk of Court, which amounts to 125 percent of the judgment amount entered against him with respect to defendant's attorneys' fees and costs award and satisfies this District's amount requirement pursuant to Local Rule 151(d). However, as defendant notes in its

---

[3] Local Rule 151(d) provides: "When required, a supersedeas bond shall be 125 percent of the amount of the judgment *unless the Court otherwise orders*." (emphasis added.)

4

opposition, plaintiff's proposed instrument does not satisfy the requirements of Local Rule 151(h) because it does not adequately set forth the conditions upon which the deposit will be made or specify the terms of default. With respect to the conditions upon which the deposit is made, the instrument should state that the deposit is made upon condition of the court's order granting the proposed instrument and is to be held by the Clerk of Court during the pendency of the appeal of the court's award of attorney's fees. Regarding the terms of default, the instrument should provide language that the deposited funds shall be released to defendant Wells Fargo Bank, N.A. in the event that plaintiff's appeal with respect to the award of attorneys' fees and costs is dismissed or the court's order is affirmed by the Ninth Circuit Court of Appeals.

Because the proposed instrument does not comply with Local Rule 151(h), the court denies plaintiff's motion without prejudice. Nevertheless, defendant notes that if plaintiff's proposed bond instrument were amended to include the clarifications described above, then defendant would have no objections to the court granting plaintiff's request to post the proposed cash bond. Plaintiff indicates in his reply brief that he is willing to amend his proposed bond instrument to provide such clarifications. Accordingly, the court directs plaintiff to file an amended proposed bond instrument that provides the clarifications detailed above within 10 days of this order. Upon filing, the court will review plaintiff's proposed amended instrument to determine whether it complies with the requirements of Local Rule 151(h). If the amended instrument is approved by the court, plaintiff shall deposit with the Clerk of Court a money bond in the amount of $188,706.43 accompanied by the approved instrument. Once plaintiff deposits this bond, execution of the judgment awarding defendant attorneys' fees and costs shall be stayed pending plaintiff's appeal of that judgment before the Ninth Circuit Court of Appeals.

III.   Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for approval to post a supersedeas bond currently scheduled for April 9, 2015, at 10:00 A.M., is VACATED.

2. Plaintiff's motion for an order denying defendant's request for issuance of an abstract of judgment (ECF No. 231) is DENIED.

3. The Clerk of Court shall forthwith send defendant Wells Fargo Bank, N.A. an abstract of judgment.

4. Plaintiff's motion for approval to post a supersedeas bond (ECF No. 237) is DENIED without prejudice.

5. Within 10 days of the date of this order, plaintiff shall file an amended proposed cash bond instrument that includes the clarifications detailed above. Once filed, the court will review the amended instrument. If approved, the court will issue an order directing plaintiff to deposit with the Clerk of Court a cash bond in the amount of $188,706.43 accompanied by the approved instrument. Once deposited, execution of the judgment awarding defendant attorneys' fees and costs shall be stayed pending plaintiff's appeal of that judgment before the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: April 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE