1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DENNLY R. BECKER, et al.,                    No. 2:10-cv-2799-TLN-KJN (PS)

12                   Plaintiffs,

13         v.                                      ORDER

14    WELLS FARGO BANK, N.A., Inc., et al.,

15                   Defendants.

16

17          Presently before the court is plaintiff Dennly Becker's ("plaintiff") motion for an order

18    directing defendant Wells Fargo Bank, N.A., Inc. ("defendant") to show cause why it should not

19    be ordered to rescind copies of the abstract of judgment it recorded in San Joaquin County and

20    Placer County and to identify and rescind any copies of the abstract of judgment it may have

21    recorded in other counties.  (ECF No. 268.)  Defendant filed an opposition to plaintiff's motion

22    and plaintiff filed a reply.  (ECF Nos. 269, 270.)  The undersigned has fully considered the

23    parties' briefs and appropriate portions of the record.[1]  For the reasons that follow, plaintiff's

24    motion is denied.

25    ////

26    ////

27    _____

28    [1] This motion was submitted on the record and briefs without oral argument pursuant to Local
      Rule 230(g).  (ECF No. 271.)

                                                1

Plaintiff asserts in his motion that the abstract of judgment issued in this action concerning the court's award of attorneys' fees to defendant contains a false statement that a stay of enforcement of that judgment has not been put in place in this action even though a stay of enforcement was ordered pursuant to Federal Rule of Civil Procedure 62(d) that went into effect after plaintiff posted a supersedeas bond on April 20, 2015, and remains in effect pending his appeal of the court's award of attorneys' fees to defendant.  Accordingly, plaintiff argues, defendant's recording of this document with the county recorders' offices is in violation of Federal Rule of Civil Procedure 62(d) and Local Rule 180(e) because it contains a material misrepresentation that no stay on the judgment has been implemented in this action.  Plaintiff appears to assert that defendant's recording of the false abstract of judgment places an unjustified cloud on the title of plaintiff's properties and that the recording will effectively permit defendant to improperly pursue enforcement of the stayed judgment.  Plaintiff's arguments are not well taken.

Numerous courts, including the Ninth Circuit Court of Appeals, have determined that the recording of an abstract of judgment while a stay of execution under Federal Rule of Civil Procedure 62 is in place is not prohibited under that Rule.  See, e.g., Yusov v. Yusuf, 892 F.2d 784, 785, n.1 (9th Cir. 1989) (holding that the district court's refusal "to expunge the abstract of judgment from the county records[ ] was not an abuse of discretion" when the recording occurred while a stay of execution under Rule 62 was in place because "[r]ecording a judgment is generally not held to be prohibited by Fed. R. Civ. P. 62(a)"); In re Vanden Bossche, 125 B.R. 571, 573 (N.D. Cal. 1991) ("The view that Rule 62(a) does not prohibit the recordation of an abstract of judgment during [the time the automatic stay required by that rule is in place] has received both judicial and academic acceptance."); Anastos v. M.J.D.M. Truck Rentals, Inc., 521 F.2d 1301 (7th Cir. 1975) (noting that Rule 62(a) does not prevent recording of the judgment); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 62.03 n.6 (2d ed. 1987) (collecting cases). While those decisions have focused on the automatic stay imposed by Federal Rule of Civil Procedure 62(a) and not the automatic stay imposed by the court's approval of a supersedeas bond under Rule 62(d), as is the case here, the reasoning provided by those courts is equally

applicable to the stay at issue here.  The general function of both Rule 62(a) and Rule 62(d) is to prevent a victorious party from executing the judgment on property owned by the loser before the loser has an opportunity to prepare an appeal of that judgment.  See In re Vanden Bossche, 125 B.R. at 573 ("The purpose of the stay provision is to give a party time to prepare for an appeal or to determine what other course of action to take, while at the same time prohibiting the victorious party from racing out and executing the judgment on property owned by the loser."); J. Perez & Cia., Inc. v. United States, 578 F. Supp. 1318, 1320 (D.P.R.) aff'd, 747 F.2d 813 (1st Cir. 1984) ("This matter-of-right stay [under Rule 26(d)] as its name indicates supersedes the right of enforcement of the previous judgment. . . . The bond operates to [the] appellant's advantage and deprives the appellee of the immediate benefits of his judgment.").  Accordingly, the act of recording an abstract of judgment is consistent with this purpose as it does not constitute an execution of the judgment nor otherwise undermine the stay.  See In re Vanden Bossche, 125 B.R. at 573 ("[B]ecause the act of recording a judgment does not have the effect of transferring any interest in property, allowing a party to record an abstract would be consistent with the purpose of Rule 62(a).").  Therefore, defendant's mere recording of the abstract does not violate Rule 62(d) as plaintiff seems to suggest.

Moreover, because a stay on execution of the judgment awarding defendant attorneys' fees is in place during the pendency of plaintiff's appeal of that judgment due to the court's approval of plaintiff's supersedeas bond, defendant is prevented from seeking execution of that judgment unless and until that stay is lifted.  While the recording of the abstract does create a valid judgment lien under applicable California law,[2] see In re Vanden Bossche, 125 B.R. at 575 ("[T]he Court finds that recording an abstract of a judgment obtained in federal court, even if recorded during the [Rule 62(a)] automatic stay period, does create a valid judgment lien under applicable California law."), it does not permit defendant to execute on that judgment while the stay is in place, even though the abstract incorrectly states that a stay has not been ordered.  The mere fact that the copies of the abstract of judgment recorded by defendant erroneously state that

---

[2] Under California Code of Civil Procedure § 697.040(b), unless a court orders otherwise, a stay of enforcement does not prevent the creation of a judgment lien.

1    no stay of enforcement has been put in place does not nullify the fact that a stay pursuant to Rule

2    62(d) is still in place during the pendency of plaintiff's appeal of the court's award of attorneys'

3    fees.  Therefore, plaintiff's assertion that the recording of the abstract of judgment in this action

4    permits defendant to collect on the stayed judgment awarding attorneys' fees while plaintiff

5    appeals that judgment is without merit.  Furthermore, because the abstract of judgment as

6    recorded creates a valid judgment lien, albeit one that cannot yet be enforced as a result of the

7    stay pending plaintiff's appeal, the title of plaintiff's properties to which copies of the abstract

8    have been recorded against have not been unduly burdened as plaintiff appears to contend.[3]

9          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an order to show

10   cause (ECF No. 268) is DENIED.

11   Dated:  December 3, 2015

12

13   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24   [3] Plaintiff also asserts that his motion is made pursuant to Local Rule 180(e), which concerns the
     standards of professional conduct by which attorneys admitted to practice in this court are to
25   adhere.  This provision in no way provides the relief plaintiff seeks through his motion.
     Furthermore, while it appears that plaintiff invokes this local rule in order to insinuate that
26   counsel for defendant acted unethically by recording copies of the abstract of judgment
     containing the erroneous statement that no stay has been placed on the execution of that
27   judgment, this argument is frivolous as defendant merely recorded the abstract as it had been
     issued by the Clerk of Court pursuant to the court's direction.  (See ECF No. 244.)
28

4